LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Hang D. Le, Esq. (SBN 293450)
hlee@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEZSANEE JONES,<br><br>        Plaintiff,<br><br>  vs.<br><br>CITY OF RIVERSIDE; and DOES 1-10, inclusive,<br><br>        Defendants. | Case No. 5:22-cv-1764<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)<br>2. Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)<br>3. Municipal Liability – Ratification (42 U.S.C. § 1983)<br>4. Municipal Liability – Inadequate Training (42 U.S.C. § 1983)<br>5. Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)<br>6. Battery<br>7. Negligence<br>8. Bane Act (Cal. Civil Code 52.1)<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR DAMAGES

DEZSANEE JONES brings this Complaint against Defendants CITY OF RIVERSIDE and DOES 1-10, inclusive, and hereby alleges as follows:

## INTRODUCTION

1. This civil rights and state tort action seeks compensatory and punitive damages for serious physical injuries sustained by Plaintiff DEZSANEE JONES ("JONES" or "Plaintiff") as a result of force used against her by a City of Riverside police officers. The shooting was excessive and unreasonable because JONES posed no immediate threat of death or serious bodily injury to any person and was unarmed at the time of the officer's use of deadly force against her. As a result of the officer's use of deadly force, JONES endured pain and suffering and sustained serious physical injuries. JONES also experienced and continues to experience emotional distress from the physical injuries. Also, as a result of the shooting, JONES has incurred medical expenses, has lost earnings, has suffered a reduced earning capacity, and expects to incur future medical expenses and lose future earnings.

## JURISDICTION AND VENUE

2. This case arises under 42 U.S.C. § 1983 and 1988 as well as California law. This court has subject matter jurisdiction over Plaintiff's federal question and civil rights claims pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has jurisdiction over Plaintiff's supplemental state law claims under 28 U.S.C. § 1367 as those claims arise out of the same transactions and occurrences as Plaintiff's federal question claims.

3. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b)(2) because all incidents, events, and occurrences giving rise to this action occurred in the City and the County of Riverside, California.

# PARTIES

4. At all relevant times, Plaintiff DEZSANEE JONES was and is an individual residing in the City of Riverside, California.

5. At all relevant times, Defendant CITY of Riverisde ("CITY") is and was a duly organized public entity, form unknown, existing under the laws of the State of California. CITY is a chartered subdivision of the State of California with the capacity to be sued. CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Fontana Police Department and its agents and employees. At all relevant times, Defendant CITY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the Riverside Police Department ("RPD") and its employees and agents complied with the laws of the United States and of the State of California. At all relevant times, the CITY was the employer of Defendants DOE OFFICERS and SUPERVISORY DOES.

6. Defendants DOES 1 – 5 ("DOE OFFICERS") are police officers working for the Riverside Police Department at the time of this incident. DOE OFFICERS were acting under color of law within the course and scope of their employment with the Riverside Police Department at all relevant times. DOE OFFICERS were acting with the complete authority and ratification of their principal, Defendant CITY at all relevant times.

7. Defendants DOES 6 – 10 ("SUPERVISORY DOES") are managerial, supervisorial, and policymaking employees of the Riverside Police Department, who at all relevant times were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the Riverside Police Department. SUPERVISORY DOES were acting with the complete authority and ratification of their principal, Defendant CITY.

8. On information and belief, at all relevant times DOES 1-10 were residents of the City of Riverside, County of Riverside, California.

9. In doing the acts and failing and omitting to act as hereinafter described, DOE OFFICERS were acting on the implied and actual permission and consent of SUPERVISORY DOES and the CITY.

10. In doing the acts and failing and omitting to act as hereinafter described, Defendants SUPERVISORY DOES were acting on the implied and actual permission and consent of the CITY.

11. The true names and capacities, whether individual, corporate, association, or otherwise of Defendants DOES 1-10, inclusive, are unknown to Plaintiff, who otherwise sues these Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show the true names and capacity of these Defendants when they have been ascertained. Each of the fictitiously-named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

12. At all times mentioned herein, each and every Defendant was the agent of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every Defendant.

13. All of the acts complained of herein by Plaintiff against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity. Moreover, Defendants and their agents ratified all of the acts complained of herein.

14. All Defendants who are natural persons, including DOES 1-10, are sued individually and in their official capacities as officers, sergeants, captains, commanders, supervisors, and/or civilian employees, agents, policy makers, and representatives for the Riverside Police Department.

-4-
COMPLAINT FOR DAMAGES

15. Plaintiff suffered injuries as a direct and proximate result of the actions of DOE OFFICERS. DOE OFFICERS are directly liable for Plaintiff's injuries and damages under federal law pursuant to 42 U.S.C. § 1983.

16. Defendants CITY and SUPERVISORY DOES are liable for Plaintiff's injuries under California law and under the doctrine of *respondeat superior*. Liability under California law for public entities and public employees is based upon California Government Code §§ 815.2, 820, and 820.8.

17. On March 7, 2022, Plaintiff filed comprehensive and timely claims for damages with the City of Riverside pursuant to applicable sections of the California Government Code.

18. On April 18, 2022, the City of Riverside denied said claim.

## **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

19. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 18 of this Complaint with the same force and effect as if fully set forth herein.

20. On September 20, 2021 at approximately 2:17 p.m., DOE OFFICERS from the Riverside Police Department responded to an apartment complex located along the 800 block of Blaine Street in Riverside, California, regarding a call from a woman regarding a man wearing a white shirt and black shorts inside her apartment.

21. When DOE OFFICERS arrived at the scene, they walked up to the woman's apartment and knocked on the door, announcing themselves as law enforcement. DOE OFFICER 1 and DOE OFFICER 2 had their firearm drawn at this time. DOE OFFICERS failed discuss a tactical plan for what would occur after DOE OFFICER 1 kicked the door open.

22. DOE OFFICER 1 then kicked the door open. Immediately after the door was kicked open, DOE OFFICER 1, without warning, shot JONES who was standing near the doorway. JONES was wearing a dark top and green pants and was

unarmed. At all relevant times, JONES did not pose an immediate threat of death or serious bodily injury to the officers or anyone else.

23. The shooting was excessive and objectively unreasonable and contrary to basic police officer training because JONES posed no immediate threat of death or serious bodily injury to any person at the time of the shooting. JONES was unarmed at the time of the shooting. DOE OFFICER 1 did not exhaust all reasonable alternative measures prior to shooting. DOE OFFICER 1 failed to give a warning that deadly force was going to be used prior to shooting, despite it being feasible to do so.

24. Despite having knowledge that JONES was seriously injured by DOE OFFICER 1's use of deadly force, DOE OFFICERS failed to timely summon medical care or permit medical personnel to treat JONES. The delay of medical care to JONES contributed to JONES's harm, injury, and pain and suffering.

25. As a result of the shooting, Plaintiff sustained serious physical injuries and has incurred financial loss and expenses in the form of past and future loss of earnings, decreased earning capacity, and past and future medical expenses. Also as a result of this incident, Plaintiff has endured pain and suffering and emotional and mental distress stemming from the physical injuries.

## FIRST CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

(Plaintiff against Defendants DOE OFFICERS)

26. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 25 of this Complaint with the same force and effect as if fully set forth herein.

27. DOE OFFICER 1 used excessive and unreasonable force when he shot JONES when there was no immediate defense of life situation. DOE OFFICER 1's unjustified shooting deprived Plaintiff of her right to be secure in her person against

-6-

unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

28. The shooting was excessive and objectively unreasonable and contrary to basic police officer training because JONES posed no immediate threat of death or serious bodily injury to any person at the time of the shooting. JONES was unarmed at the time of the shooting. Further, DOE OFFICER 1's shooting and use of force violated his training and standard police officer training.

29. DOE OFFICERS integrally participated in DOE OFFICER 1's use of excessive force and failed to intervene to prevent these violations.

30. Plaintiff suffered great physical pain, serious physical injuries, emotional distress, and loss of earning capacity as a result of the shooting.

31. As a result of their misconduct, Defendants DOE OFFICERS and DOE DEPUTIES are liable for DECEDENT'S injuries, either because they were integral participants in the use of excessive force, and/or because they failed to intervene to prevent these violations.

32. The conduct of DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to DOE OFFICERS.

33. Plaintiff seeks compensatory damages for the violations of her rights, including damages for past and future medical expenses, past and future loss of earnings and decreased earning capacity, physical injuries, past and future pain and suffering, emotional and mental distress stemming from the physical injuries, humiliation, and disfigurement. Plaintiff also seeks punitive damages, costs, and attorney's fees under this claim.

## SECOND CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**

(Plaintiff against Defendants DOE OFFICERS)

34. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 33 of this Complaint with the same force and effect as if fully set forth herein.

35. After the shooting, JONES was denied prompt medical attention despite being physically injured by the shooting. The delay of medical care to Plaintiff caused her physical and emotional pain and suffering and contributed to her damages.

36. The denial of medical care by DOE OFFICERS deprived Plaintiff of her right to be secure in her person against unreasonable searches and seizures as guaranteed to her under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

37. The delay in medical attention contributed to JONES's pain and suffering and was a contributing cause of JONES's injuries and her mental and emotional distress.

38. DOE OFFICERS knew that failure to provide timely medical treatment to Plaintiff could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing Plaintiff great bodily harm.

39. The conduct of DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to DOE OFFICERS.

40. As a result of their misconduct, Defendants DOE OFFICERS and DOE DEPUTIES are liable for DECEDENT'S injuries, either because they were integral participants in the denial of medical care, and/or because they failed to intervene to prevent these violations.

41. Plaintiff seeks compensatory damages for the violations of her rights, including damages for past and future medical expenses, past and future loss of earnings and decreased earning capacity, physical injuries, past and future pain and suffering, emotional and mental distress stemming from the physical injuries, humiliation, and disfigurement. Plaintiff also seeks punitive damages, costs, and attorney's fees under this claim.

## THIRD CLAIM FOR RELIEF
### Municipal Liability – Ratification (42 U.S.C. § 1983)
(Plaintiff against Defendants CITY and SUPERVISORY DOES)

42. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 41 of this Complaint with the same force and effect as if fully set forth herein.

43. At all relevant times, DOE OFFICERS were acting under color of state law.

44. The acts of DOE OFFICERS as described above, including shooting Plaintiff, deprived Plaintiff of her rights under the United States Constitution.

45. Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of DOE OFFICERS, ratified (or will ratify) DOE OFFICERS's acts and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of (or will specifically approve of) DOE OFFICERS's acts, which include use of excessive force against Plaintiff as well as the denial of medical care.

46. Upon information and belief, a final policymaker has determined (or will determine) that the acts of DOE OFFICERS were "within policy."

47. Plaintiff seeks compensatory damages for the violations of her rights, including damages for past and future medical expenses, past and future loss of earnings and decreased earning capacity, physical injuries, past and future pain and

suffering, emotional and mental distress stemming from the physical injuries, humiliation, and disfigurement. Plaintiff also seeks costs and attorney's fees under this claim.

## FOURTH CLAIM FOR RELIEF

### Municipal Liability – Failure to Train (42 U.S.C. § 1983)

(Plaintiff against Defendants CITY and SUPERVISORY DOES)

48. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 47 of this Complaint with the same force and effect as if fully set forth herein.

49. At all relevant times, DOE OFFICERS were acting under color of state law.

50. The acts of DOE OFFICERS deprived Plaintiff of her rights under the United States Constitution.

51. The training policies of Defendant CITY were not adequate to train its officers to handle the usual and recurring situations with which they must deal.

52. Defendant CITY was deliberately indifferent to the obvious consequences of its failure to train its police officers adequately. Specifically, the CITY failed to adequately train DOE OFFICERS with respect to detentions and arrests, tactics, use of less-lethal options, and the use of deadly force, including determining whether the use of deadly force is reasonable and appropriate under the circumstances.

53. The failure of Defendant CITY to provide adequate training caused the deprivation of the Plaintiff's rights by DOE OFFICERS; that is, the CITY's failure to train is so closely related to the deprivation of Plaintiff's rights as to be the moving force that caused the ultimate injury.

54. By reason of the aforementioned acts and omissions, Plaintiff suffered serious bodily injury, humiliation, pain and suffering, disfigurement, and past and

future emotional and mental distress, and financial loss. Accordingly, Defendants CITY and SUPERVISORY DOES each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

55. Plaintiff seeks compensatory damages for the violations of her rights, including damages for past and future medical expenses, past and future loss of earnings and decreased earning capacity, physical injuries, past and future pain and suffering, emotional and mental distress stemming from the physical injuries, humiliation, and disfigurement. Plaintiff also seeks punitive damages, costs, and attorney's fees under this claim.

## FIFTH CLAIM FOR RELIEF

**Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(By Plaintiff against Defendants CITY and SUPERVISORY DOES)

56. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 55 of this Complaint with the same force and effect as if fully set forth herein.

57. At all relevant times, DOE OFFICERS were acting under color of state law.

58. When DOE OFFICERS shot/integrally participating in the shooting/failed to intervene in the shooting of Plaintiff, and then denied her timely medical attention, they acted pursuant to an expressly adopted official policy/ies or a longstanding practice(s) or custom of the Defendant CITY.

59. On information and belief, DOE OFFICERS were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the detention, arrest and shooting of Plaintiff.

60. Defendants CITY and SUPERVISORY DOES, together with other CITY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

(a) Using excessive force, including excessive deadly force;

(b) Providing inadequate training regarding the use of deadly force;

(c) Employing and retaining as officers individuals such as DOE OFFICERS, whom Defendant CITY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

(d) Inadequately supervising, training, controlling, assigning, and disciplining CITY police officers, and other personnel, including DOE OFFICERS, whom Defendant CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(e) Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by CITY officers, including DOE OFFICERS;

(f) Failing to adequately discipline CITY officers for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(g) Announcing that unjustified shootings are "within policy," including shootings that were later determined in court to be unconstitutional;

(h) Even where shootings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

  (i) Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which police officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing;

  (j) Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police shootings, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in shootings of unarmed people.

61. By reason of the aforementioned acts and omissions, Plaintiff suffered serious bodily injury, humiliation, pain and suffering, disfigurement, and past and future emotional and mental distress, and financial loss.

62. Defendants CITY and SUPERVISORY DOES, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff and other individuals similarly situated.

63. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, CITY and SUPERVISORY DOES acted with intentional, reckless, and callous disregard for the life and constitutional rights of Plaintiff. Furthermore, the policies, practices, and customs implemented,

maintained, and still tolerated by Defendants CITY and SUPERVISORY DOES were affirmatively linked to and were a significantly influential force behind the injuries of Plaintiff.

64. The aforementioned unconstitutional customs, practices, and polices, in addition to the ratification of the deficient customs, practices, and policies, are evidenced by the number of prior shootings, which constituted excessive force, involving police officers working for the Riverside Police Department. The following cases, without limitation, are examples of continued misconduct by police officers working for the Fontana Police Department:

65. Accordingly, Defendants CITY and SUPERVISORY DOES each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

66. Plaintiff seeks compensatory damages for the violations of her rights, including damages for past and future medical expenses, past and future loss of earnings and decreased earning capacity, physical injuries, past and future pain and suffering, emotional and mental distress stemming from the physical injuries, humiliation, and disfigurement. Plaintiff also seeks punitive damages, costs, and attorney's fees under this claim.

### SIXTH CLAIM FOR RELIEF
**Battery (Cal. Govt. Code § 820 and California Common Law)**
(Plaintiff against Defendants CITY and DOE OFFICERS)

67. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 66 of this Complaint with the same force and effect as if fully set forth herein.

68. Defendants DOE OFFICERS, while working as officers RPD, and acting within the course and scope of their duties, intentionally shot JONES and used unreasonable and excessive force against her. Defendants DOE OFFICERS had no legal justification for using force against JONES, and their use of force while

carrying out their duties as police officers was an unreasonable and non-privileged use of force.

69. CITY is vicariously liable for the wrongful acts of Defendants DOE OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

70. The conduct of DOE OFFICERS was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff, entitling Plaintiff to an award of exemplary and punitive damages, which Plaintiff seeks under this claim.

71. Plaintiff seeks compensatory damages for the violations of her rights, including damages for past and future medical expenses, past and future loss of earnings and decreased earning capacity, physical injuries, past and future pain and suffering, emotional and mental distress stemming from the physical injuries, humiliation, and disfigurement.

### SEVENTH CLAIM FOR RELIEF
**Negligence (Cal. Govt. Code § 820 and California Common Law)**
(Plaintiff against all Defendants)

72. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 71 of this Complaint with the same force and effect as if fully set forth herein.

73. The actions and inactions of Defendants were negligent and reckless, including but not limited to:

    (a) failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against Plaintiff;

     (b)    negligent tactics and handling of the situation with Plaintiff, including pre-shooting negligence;

     (c)    negligent detention, arrest, and use of force, including deadly force, against Plaintiff;

     (d)    failure to provide prompt medical care to Plaintiff,

     (e)    the CITY's failure to properly train and supervise employees, both professional and non-professional, including DOE OFFICERS;

     (f)    the CITY's failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of Plaintiff.

74. As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, Plaintiff suffered past and future financial loss, serious and permanent physical injuries, and past and future emotional and mental distress.

75. The CITY is vicariously liable for the wrongful acts of Defendants DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

76. Plaintiff brings this claim in her individual capacity and seeks compensatory damages for the violations of her rights, including damages for past and future medical expenses, past and future loss of earnings and decreased earning capacity, physical injuries, past and future pain and suffering, emotional and mental distress stemming from the physical injuries, and disfigurement.

//
//
//

## EIGHTH CLAIM FOR RELIEF

**(Violation of Cal. Civil Code § 52.1)**

(Plaintiff against CITY and DOE OFFICERS)

77. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 76 of this Complaint with the same force and effect as if fully set forth herein.

78. California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights. An intent to violate a person's civil rights can be inferred by a reckless disregard for the person's civil rights.

79. DOE OFFICERS, while working for the CITY and acting within the course and scope of their duties as police officers, intentionally committed and attempted to commit acts of violence against Plaintiff and also acted with a reckless disregard for Plaintiff's civil rights, including by shooting her without justification or excuse, and by denying her timely medical care.

80. When DOE OFFICERS shot Plaintiff, they interfered with her civil rights to be free from unreasonable searches and seizures, to equal protection of the laws, to timely and adequate medical care, to be free from state actions that shock the conscience, and to life, liberty, and property.

81. On information and belief, DOE OFFICERS intentionally and spitefully committed the above acts to discourage Plaintiff from exercising her civil rights, to retaliate against her for invoking such rights, or to prevent her from exercising such rights, which she was and is fully entitled to enjoy.

82. On information and belief, Plaintiff reasonably believed and understood that the violent acts committed by DOE OFFICERS were intended to discourage her from exercising the above civil rights, to retaliate against her for invoking such rights, or to prevent her from exercising such rights.

83. DOE OFFICERS interfered with the above civil rights of Plaintiff, including her right to be free from excessive force, and acted with a reckless disregard for these rights when they shot her while she was unarmed.

84. The conduct of Defendants was a substantial factor in causing Plaintiff's harms, losses, injuries, and damages.

85. The CITY is vicariously liable for the wrongful acts of DOE OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

86. Defendants SUPERVISORY DOES are vicariously liable under California law and the doctrine of *respondeat superior*.

87. DOE OFFICERS's conduct was malicious, wanton, oppressive, and accomplished with a conscious disregard for Plaintiff's rights, justifying an award of exemplary and punitive damages as to DOE OFFICERS.

88. Plaintiff seeks compensatory damages for the violations of her rights, including damages for past and future medical expenses, past and future loss of earnings and decreased earning capacity, physical injuries, past and future pain and suffering, emotional and mental distress stemming from the physical injuries, humiliation, and disfigurement. Plaintiff also seeks punitive damages, costs, and attorney's fees under California Civil Code section 52 as to this claim.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff DEZSANEE JONES, requests entry of judgment in her favor and against Defendants the City of Riverside and Does 1-10, inclusive, as follows:

A. For compensatory damages in an amount to be proven at trial, including damages for her serious physical injuries, for her pain and suffering, for past and future medical expenses, for past and future financial loss, and past and future mental and emotional distress;

B. For punitive damages in an amount to be proven at trial;

C. For interest;

D. For reasonable costs of this suit and attorneys' fees; and

E. For such further other relief as the Court may deem just, proper, and appropriate.

DATED: October 7, 2022              LAW OFFICES OF DALE K. GALIPO


                                    By          */s/ Dale K. Galipo*
                                       Dale K. Galipo
                                       Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED: October 7, 2022           LAW OFFICES OF DALE K. GALIPO

                                 By  */s/ Dale K. Galipo*
                                     Dale K. Galipo
                                     Attorneys for Plaintiff