1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEZSANEE JONES, | Case No. 5:22-cv-01764-SSS-SP |
| Plaintiff, | *Honorable Sunshine S. Sykes* |
| vs. | *Hon. Mag. Judge Sheri Pym* |
| CITY OF RIVERSIDE; TAYLOR LAPOINT; MIKE SMITH; and DOES 3-10, inclusive, | **[PROPOSED] ORDER RE: STIPULATION FOR PHYSICAL EXAMINATION OF PLAINTIFF BY DEFENSE EXPERT** |
| Defendants. | |

# [PROPOSED] ORDER

Having reviewed the parties' Stipulation for Physical Examination of Plaintiff by Defense Expert, **IT IS HEREBY ORDERED** that:

Pursuant to the provisions of the Federal Rules of Civil Procedure, Rule 35, Plaintiff DEZSANEE JONES shall undergo a physical examination by a defense-retained examiner under the following terms and conditions:

1. <u>Party</u>: Plaintiff, Dezsanee Jones
   <u>Date</u>: November 30, 2023
   <u>Time</u>: 12:30 p.m.
   <u>Doctor</u>: Scott Forman, M.D.
   <u>Location</u>: California Orthopaedic Specialists, 360 San Miguel Suite 701, Newport Beach, CA 92660

2. The examination shall be performed by defense-retained Dr. Scott Forman and shall include a physical examination, oral questions, and such other necessary and/or related procedures, none of which will be painful, protracted, or intrusive. The examination will be conducted as Dr. Forman deems necessary to evaluate Plaintiff's physical condition as presented on the day of the examination and for the purposes of determining injuries alleged to have been sustained by the Plaintiff in the September 20, 2021 officer-involved shooting which is the subject of this lawsuit.

3. The total time for examination shall not exceed one and a half (1.5) hours.

4. The defense examiner, Dr. Forman, shall be made aware of these agreements, conditions, terms, objections and modifications and will comply therewith. The examining physician will be provided a copy of these terms and conditions prior to the examination, and by proceeding with the examination, agrees to its terms and conditions.

5. Plaintiff shall not submit to a medical examination but shall submit to a physical examination. A physical examination is defined as an "examination of the body auscultation [the process of listening for internal body sounds, especially in the chest and abdomen], palpation, percussion, inspection and smelling." Tabares Cyclopedic Medical Dictionary (F.A. Davis). *See Loder v. City of Glendale*, 14 Cal. 4th 846, 884 (1997) (citing *Krupp Physicians Handbook* (18th Ed. 1976)) (a medical examination ordinarily requires the individual to provide a medical history and to undergo a physical examination).

6. Plaintiff reserves the right to have an observer present at the exam, as permitted by law, and to make an audio recording of the physical examination. The physical examination shall be conducted only by the named examiner. No part of this examination shall be conducted by another doctor or other para-professional persons. Only the named doctor may attend on behalf of the defense. No other medical personnel, no defense counsel, or representative thereof, or adjusters may attend. No observers other than Plaintiff's attorney (or the duly authorized agent thereof), and the medical examiner will be permitted to attend or observe the medical examination. Plaintiff reserves the right to request identification of any person(s), including regular staff members, seeking to attend any portion of the exam and/or to exclude any inappropriate party from the examination room during the physical examination. Plaintiff reserves the right to exclude the results or product of any work done by someone other than the defense examiner.

7. The physical examination, oral questions, and other such necessary and/or related procedures shall be limited to the physical injuries Plaintiff has identified in her response to discovery and alleged in the pleadings as being caused by the September 20, 2021 officer-involved shooting. The physical examination shall be strictly limited to those parts of the body which Plaintiff has placed at issue.

8. Defendants shall, within 30 days of the examination or by the deadline for initial expert disclosures, whichever is earlier, provide Plaintiff's counsel a copy of a detailed written report setting out the examinations, findings, including the

results of all tests performed, diagnoses, prognoses, and conclusions of the examiner.

9. No questions regarding Plaintiff's medical, accident, occupational, relationship or other history shall be asked in written form or orally. No questions regarding the September 20, 2021 incident, including how Plaintiff sustained her injuries, shall be asked in written form or orally. The examiner's questions shall be restricted to Plaintiff's then immediate physical sensations and/or complaints of pain or discomfort, or lack thereof, which are elicited by the exam itself. Defendants may provide the examiner with any records, depositions, discovery, or other things which Defendants deem necessary to provide the examiner with a history of Plaintiff's claims of injury. Plaintiff shall provide the following information only: Full name, Date of birth, Current residence address, and/or Current driver's license. No photocopying of the driver's license shall be permitted. Plaintiff will not provide the defense examiner with additional information including, but not limited to, the following: Residence telephone number, Medical insurance information or other insurance information, Employment history, Social Security Number. The basis of this limitation is that the request of the above-listed information would invade Plaintiff's right to privacy, is impermissibly overbroad and therefore oppressive, burdensome, and irrelevant to the subject matter of this action. *See Britt v. Superior Court*, 20 Cal.3d 844 (1978). Plaintiff also reserves the right to provide the examiner, if requested, with basic information to verify Plaintiff's identity or other statistical information (such as weight or height) without waiving any objections.

10. Neither Plaintiff nor any other person acting on Plaintiff's behalf shall be required or requested to answer any written questions or prepare or sign any writing other than a document to confirm that the person appearing for the exam is, in fact, the Plaintiff.

11. Any information acquired or learned in violation of the terms contained in this Stipulation for Physical Examination will not be admissible as evidence for any reason, and testimony by the physician shall be barred at trial or arbitration.

12. In the event Plaintiff requires a continuance or cancellation of the examination, notification must be made 48 hours business working days to Dr. Forman prior to the scheduled appointment. Plaintiff does not agree to pay any fee to the defense doctor if the exam has to be cancelled for any reasonable reason or extenuating or unforeseen circumstances, regardless of when a cancellation may occur in relation to the date of the exam. The defense physician has been hired by Defendant as an expert witness to testify against the Plaintiff in an adversarial proceeding. Neither Plaintiff, nor Plaintiff's counsel or Plaintiff's representative, are parties to any agreement or contract for any unilateral or arbitrary cancellation fee imposed by the defense physician.

**IT IS SO ORDERED**.

DATED: _____, 2023

_____
HONORABLE SUNSHINE S. SYKES
UNITED STATES DISTRICT JUDGE