# Exhibit "C"

# Tentative Rulings for September 15, 2023
# Department 7

## To request oral argument, you must notify Judicial Secretary Vanessa Siojo at (760) 904-5722 and inform all other counsel no later than 4:30 p.m.

This court follows California Rules of Court, Rule 3.1308 (a) (1) for tentative rulings (see Riverside Superior Court Local Rule 3316). Tentative Rulings for each law & motion matter are posted on the Internet by 3:00 p.m. on the court day immediately before the hearing at https://www.riverside.courts.ca.gov/OnlineServices/TentativeRulings/tentative-rulings.php. If you do not have Internet access, you may obtain the tentative ruling by telephone at (760) 904-5722.

To request oral argument, no later than 4:30 p.m. on the court day before the hearing you must (1) notify the judicial secretary for Department 7 at (760) 904-5722 and (2) inform all other parties of the request and of their need to appear remotely, as stated below. If no request for oral argument is made by 4:30 p.m., the tentative ruling **will become the final ruling** on the matter effective the date of the hearing. **UNLESS OTHERWISE NOTED, THE PREVAILING PARTY IS TO GIVE NOTICE OF THE RULING.**

For information and instructions on remote appearances via **ZOOM**, visit the court's website at https://www.riverside.courts.ca.gov/PublicNotices/remote-appearances.php

You may also make a Telephonic Appearance: On the day of the hearing, call into one of the below listed phone numbers, and input the meeting number (followed by #):

- Call-in Numbers:  1-833-568-8864 (Toll Free), 1-669-254-5252, 1-669-216-1590, 1-551-285-1373 or 1-646-828-7666
- Meeting Number:   161 766 6465

Please **MUTE** your phone until your case is called and it is your turn to speak. It is important to note that you must call fifteen (15) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

**Riverside Superior Court provides official court reporters for hearings on law and motion matters only for litigants who have been granted fee waivers and only upon their timely request. (See General Administrative Order No. 2021-19-1) Other parties desiring a record of the hearing must retain a reporter pro tempore.**

1.

| RIC1822011 | PLATT VS THE CITY OF RIVERSIDE | MOTION FOR JUDGMENT ON THE PLEADINGS ON 3RD AMENDED COMPLAINT OF TONY PLATT BY THE CITY OF RIVERSIDE |
|---|---|---|

**Tentative Ruling:** Defendant's Motion for Judgment on the Pleadings is denied. Trial is set 10/13/2023.

A defendant's motion for judgment on the pleadings may be made on the grounds that the court lacks jurisdiction, or that the complaint does not state facts sufficient. (CCP §438(c)(1)(B).) A motion for judgment on the pleadings involves the same type of procedures that apply to a general demurrer. (*Richardson-Tunnell v. School Ins. Program for Employees* (2007) 157 Cal.App.4th 1056, 1061.) The grounds for a motion for judgment on the pleadings must appear on the face of the complaint or from a matter of which the court may take judicial notice. (*Id.*)

As to the Government Claims Act, a plaintiff must file a claim against a local public entity before a plaintiff may file an action for money or damages against the entity. (Gov. C. §§905, 905.2, 945.4.) The claim must be filed within 6 months of the accrual of the cause of action, or with leave to file a late claim, no later than one year. (Gov. C. §§911.2, 911.4.) The public entity has 45 days to either accept or reject the claim; the failure to act is deemed rejected by operation of law. (Gov. C. §912.4.) The public entity must give written notice of a rejection which comports with the required language in Government Code §913. If written notice is in accord with section 913, the plaintiff has six months from the date of notice to file an action. (Gov. C. §945.6(a)(1).) If written notice is not given in accord with section 913, the plaintiff has two years from the accrual of the cause of action to file an action. (Gov. C. §945.6(a)(2).) If the claim against the public entity is barred, any claims against a public employee for injuries caused within the scope of employment are also barred. (Gov. C. §950.2.) Failure to plead compliance with the claims statute subjects the complaint to a demurrer. (*State of California v. Superior Court* (2004) 32 Cal.4th 1234, 1239.)

Here, Plaintiff filed his claim on 1/29/19. (RJN, Ex. I.) City did not deny the claim but asserted that the claim was untimely. (RJN, Ex. J.) If a plaintiff fails to file a government claim within the 6 month period, he or she may apply to the public entity for permission to file a late claim. (Govt. Code §911.4.) Such an application must be presented within a reasonable time, and not later than one year after the accrual of the cause of action. (Govt. Code §911.4(b).) Failure to present the application within a year prohibits a court from granting any relief. (*Santee v. Santa Clara County Office of Education* (1990) 220 Cal.App.3d 702, 713.) If the public entity denies the application for permission to file a late claim, the plaintiff may file a civil petition for relief from section 945.4's requirement of timely claim presentation prior to suit. (Govt. Code §946.6.) The petition must be filed within six months after the application to the public entity is denied or deemed to be denied. (Govt. Code §946.6(b).) Here, Plaintiff did not file an application,

The first question is whether Plaintiff was required to file such an application. As noted in dictum by one court:

> [W]e make the following observation about the notices that a public entity is statutorily required to send to a claimant whose claim is denied as untimely, or who is denied leave to submit an untimely claim. These notices are correct if the public entity is correct that no timely claim was submitted. But they are simply inaccurate for claimants who actually submitted a timely claim. In such a situation, an application for leave to present a late claim is not such a claimant's "only recourse." (See § 911.3, subd. (a).) If the initial claim was in fact timely, it is not required that such a claimant "first petition the appropriate court" for relief from the claim's presentation requirement before bringing suit. (See § 911.8, subd. (b).) Rather, the

claimant could also (or instead) file a complaint alleging that a claim was timely presented to the public entity.

(*Simms v. Bear Valley Community Healthcare District* (2022) 80 Cal.App.5th 391, 398.) Thus, Plaintiff was not required to file an application—as long as his original claim was in fact timely.

A claim must be made within 6 months of the accrual of the cause of action. (Gov. C. §911.2.) "[T]he date of the accrual of a cause of action to which a claim relates is the date upon which the cause of action would be deemed to have accrued within the meaning of the statute of limitations which would be applicable thereto if there were no requirement that a claim be presented to and be acted upon by the public entity before an action could be commenced thereon." (Gov. C. §901.)

"It is elementary that a statute of limitations does not begin to run until the cause of action accrues. [Citations.] Equally basic is that a cause of action does not accrue 'until the party owning it is entitled to begin and prosecute an action thereon' [citations] that is, not until 'the last element essential to the cause of action' occurs." (*Spear v. California State Auto. Assn.* (1992) 2 Cal.4th 1035, 1040.) In *Spears*, the Court held that the statute of limitations for breach of contract accrued on the date of breach. (*Id.* at 1042 (finding the statute of limitations to compel arbitration did not accrue until the insurer refuses to arbitrate).) However, contract claims do not accrue until knowledge of the breach was made clear. For example, in *Eleanor Licensing, LLC v. Classic Recreations, LLC* (2018) 21 Cal.App.5th 599, 603, a plaintiff entered into a licensing agreement with the defendant where the defendant would manufacture and sell restored vehicles under the plaintiff's trademark. In 2009, the defendant sent an e-mail terminating the license agreement. (*Id.* at 605.) The plaintiff did not file suit until 2014 to seek recovery of the vehicle. (*Id.* at 606.) The court found that the claim accrued in 2009 when the defendant made clear that it would not transfer the vehicles. (*Id.* at 611.)

Additionally, contract claims also do not accrue until damages are presented. In *Bennett v. Ohio National Life Assurance Corporation* (2023) 92 Cal.App.5th 723, 726-727, the plaintiff was thrown from a horse, resulting in serious injuries, which required him to stop working in 2014. The plaintiff made a claim with his disability insurer, and the insurer initially made payments. (*Id.* at 727.) In October 2015, the insurer found that the plaintiff had not suffered a disability but was suffering a condition due to sickness, resulting in payments until September 2018 rather than the rest of his life. (*Id.*) In August 2019, the plaintiff filed suit. (*Id.*) The court found that the plaintiff's claim did not accrue until he suffered damages, which in this case was when the defendant stopped his monthly payments. (*Id.* at 730.)

The claim, as pled, is a breach of the temporary written lease by failing to enter into a long-term ground lease. (TAC ¶63-67.) The actual breach is by sending notice on 9/27/18 that City was reneging on the agreement. (TAC ¶33-34, 68.) The fact that Plaintiff completed his conditions in 2015 (TAC ¶25-26) does not demonstrate the date of breach by City for purposes of this motion. It is not until City made clear of its intent that it would not enter into the long-term lease, and when Plaintiff suffered damages as a result, is the issue. That is not clear on this motion. As it is not clear that Plaintiff did not comply with the Government Claims Act, the motion is denied.