PHAEDRA A. NORTON (SBN 200271)
*City Attorney*
REBECCA MCKEE-REIMBOLD (SBN 279485)
*Assistant City Attorney,*
DEBRA K. COOK (SBN 250114)
*Senior Deputy City Attorney*
CECILIA ROJAS (SBN 340468)
*Deputy City Attorney*
**OFFICE OF THE CITY ATTORNEY**
3750 University Avenue, Suite 250
Riverside, California 92501
Telephone (951) 826-5567

Attorneys for Defendants,
CITY OF RIVERSIDE, a California charter city and municipal corporation,
TAYLOR LAPOINT and MIKE SMITH

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEZSANEE JONES,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF RIVERSIDE; TAYLOR LAPOINT; MIKE SMITH; and DOES 3-10, inclusive,<br><br>Defendants. | CASE NO.: 5:22-cv-1764-SSS-SP<br>*[Honorable Sunshine S. Sykes*<br>*Hon. Mag. Judge Sheri Pym]*<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO MODIFY THE COURT'S SCHEDULING ORDER**<br><br>Hearing Date: December 22, 2023<br>Time: 2:00 p.m.<br>Courtroom 580<br><br>**Trial Date:   June 24, 2024** |

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL PLEASE TAKE NOTICE:**

**PLEASE TAKE NOTICE** that under the rules of the courtroom of the

-1-

Honorable Sunshine Suzanne Sykes, on December 22, 2023, at 2:00 p.m., or as soon as the matter may be heard before Honorable Sunshine S. Sykes in Courtroom 2, United States District Court – Central District of California, located at 3470 Twelfth Street, Riverside, California 92501, Defendants City of Riverside ("City") and Taylor Lapoint ("Officer Lapoint") (collectively "Defendants") will move this Court for an order modifying the Court's Case Management Scheduling Order under FED. RULES OF CIV. PROC. 16(b) to continuing certain pretrial dates by thirty to forty-five (30-45) days, or as soon as the Court deems reasonable. Defendants are _**only**_ requesting the following dates in the Scheduling Order be modified:

| Deadline | Scheduling Order | Amended Order | Proposed |
|---|---|---|---|
| Fact Discovery | 10/2/23 | 12/1/23 | 1/5/24 |
| Expert Initial Disclosure | 10/13/23 | 12/13/23 | 1/26/24 |
| Expert Rebuttal | 10/27/23 | 1/12/24 | 2/23/24 |
| Expert Discovery | 11/11/23 | 1/26/24 | 3/8/24 |
| Motion Hearing | 1/26/24 | 2/23/24 | 3/29/24 |

Defendants bring this motion pursuant to Federal Rules of Civil Procedure, Rule 16(b) and Local Rule 7 based on a showing of good cause, diligent efforts to complete discovery, no fault delay in obtaining the necessary discovery by the moving party, and narrowly crafted relief with no prejudice to Plaintiff. Defendants will suffer irreparable harm unless the requested limited relief is granted. This motion is based on the following grounds:

1. Defendants require more time to complete critical and necessary discovery that is currently scheduled that cannot be completed prior to the discovery cut-off on December 1, 2023. The failure to engage in this discovery will result in an inability to effectively prepare for trial and for defense experts to analyze significant and relevant information that cannot be obtained

-2-

CASE NO. 2:20-cv-02081-CAS-PD
DEFENDANTS' NOTICE OF MOTION
AND MOTION TO MODIFY THE
COURT'S SCHEDULING ORDER

otherwise.

2. The delay in completing the discovery before the deadline was not the Defendants' fault.

3. Defendants have been diligent in requesting and completing discovery.

4. Defendants' experts require more time to obtain and analyze the pending discovery prior to the expert designation on December 13, 2023.

5. Events and circumstances outside Defendants' or their counsels' control have caused delays in completing discovery by the deadline. These events include an unexpectedly lengthy jury trial in August and September 2023, an unexpected medical procedure in September 2023, an unexpected trial scheduling for October 2023 (now November and December 2023) in Riverside Superior Court, and the coalescence of multiple federal and state court trials at the same time.

6. Defendants will suffer substantial prejudice if this motion is denied, as they will be denied the opportunity to fully complete fact discovery. Plaintiff DEZSANEE JONES ("Plaintiff"), an out-of-state resident, has not been deposed. Her deposition may result in the need for more depositions. Further, a key percipient witness, Resan Bingham, has not been deposed because he is incarcerated. While the Defendants have been diligent in working with the prison to set up a videotaped deposition, that process is lengthy and complex and a date has been tentatively confirmed with the prison for December 20, 2023. Without a brief extension, Defendants will be prejudiced because they will not be able to fully participate in expert discovery based on the incomplete nature of current fact discovery. On the other hand, Plaintiff will suffer little to no prejudice if Defendants' motion (and did not indicate any specific prejudice during the meet and confer process). A short, thirty to forty-five (30-45) day continuance of limited

-3-

CASE NO. 2:20-cv-02081-CAS-PD
DEFENDANTS' NOTICE OF MOTION
AND MOTION TO MODIFY THE
COURT'S SCHEDULING ORDER

dates in the Scheduling Order will not and cannot appreciably impact Plaintiff or cause her prejudice.

7. All remaining discovery needed by Defendants have been noticed and scheduled to conclude before the end of December, 2023 with sufficient time to bring discovery disputes, if any, before the Magistrate Judge before the deadline in the proposed modification to the Scheduling Order.

This is Defendants' second request to amend the Scheduling Order. The parties previously stipulated to a sixty-day continuance which was granted by the Court (Dkt. 39.) In support of this motion, Defendants present the accompanying Memorandum of Points and Authorities, the Declaration of Debra K. Cook *("Cook Decl.")*, and exhibits, the pleadings and records on file with the Court, oral argument (if required by the Court), and any other matters that the parties may submit or the Court may deem appropriate.

Defendants will also lodge a proposed order pursuant to Local Rules.

This motion is made following the extensive meet and confer efforts of the parties through email correspondence between Defendants' counsels and Plaintiff's counsel pursuant to Local Rules 7-3 and 7-19.1, which took place at various times between August, 2023 and November 19, 2023 via email. (*Cook Decl.,* ¶¶ 34-38.)

DATED: November 20, 2023          OFFICE OF THE CITY ATTORNEY

By: ___*/s/ Debra K. Cook*___
DEBRA K. COOK
ATTORNEY FOR POLICE
OFFICERS EVAN WRIGHT, ABEL
SORIA

-4-

CASE NO. 2:20-cv-02081-CAS-PD
DEFENDANTS' NOTICE OF MOTION
AND MOTION TO MODIFY THE
COURT'S SCHEDULING ORDER

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    RELIEF, ELEMENTS, AND EVIDENCE SUMMARIZED

### a.  Underlying Action

This civil right action arises from an officer involved shooting. On September 20, 2021, Plaintiff called 911 to report that an unknown male armed with a gun was inside her apartment. Riverside Police Department dispatched Officer Lapoint to respond to Plaintiff's emergency call. As he attempted to locate Plaintiff's apartment, he discovered a backpack in the bushes under Plaintiff's second-story balcony that contained a firearm. Officer Lapoint then rushed to Plaintiff's unit on the second floor, which was located at the end of a narrow corridor. Officer Lapoint quickly entered the dangerous corridor alone and knocked on Plaintiff's door, announcing he was the police. During 54 seconds of knocking, Officer Lapoint could hear suspicious sounds in the unit. Officer Lapoint continued to knock and announced he was going to kick in the door was not opened immediately. Officer Lapoint determined the door needed to be breached to ensure the safety of Plaintiff. As Officer Lapoint was kicking in the door, he was confronted with a large, unexpected figure in the doorway facing him in a manner that presented what he believed was an immediate threat to his life. Officer Lapoint immediately fired his duty weapon one time to protect himself from the unexpected threat. Plaintiff was injured by his shot. The entire law enforcement encounter was recorded on body worn camera and an audio recording. Plaintiff claims Officer Lapoint violated the law by entering her property without a warrant and that he used excessive force on her. Plaintiff also brings causes of action for negligence, battery, and violation of the Bane Act.

### b.  Request For Continuance Of Certain Scheduling Order Dates

Defendants move for an order modifying the Scheduling Order to continue certain pre-trial deadlines for thirty to forty-five (30-45) days. Defendants are

CASE NO. 2:20-cv-02081-CAS-PD
DEFENDANTS' NOTICE OF MOTION
AND MOTION TO MODIFY THE
COURT'S SCHEDULING ORDER

unable, through no fault of their own, to meet the December 1, 2023 fact discovery cut off, the December 13, 2023, January 12, 2024, and January 26, 2025 expert deadlines, or the February 23, 2024 deadline to hear motions. Defendants request a brief continuance of only these pretrial dates. Defendants are not requesting a trial continuance. (*Cook Decl.* ¶2.)

### c. *Irreparable Prejudice and Good Cause*

Discovery cannot be completed by the deadlines set by the Court. (*Cook Decl.* ¶¶2-3.) Plaintiff has not been deposed. Plaintiff has not completed a defense medical examination. *(Id.)* An important percipient witness, Resan Bingham, cannot be deposed because of restrictions in scheduling a deposition in prison. *(Id.)* This discovery is necessary for the Defendants to prepare for trial and for its expert witnesses to complete their reports. *(Id.)* This discovery had been tentatively scheduled to conclude by the end of December. Discovery cut-off is December 1, 2023. *(Id.)* Initial expert disclosures are December 13, 2023. *(Id.)* The delays in scheduling this discovery occurred through no fault of Defendants or their counsels. *(Id.)* Because Defendants do not seek to continue dates prior to motion *in limine* deadlines, Plaintiff cannot be shown to suffer any prejudice. *(Id.)*

## II.   LEGAL AUTHORITY

Pursuant to Federal Rule of Civil Procedure 16(b) "a schedule may be modified only for good cause and with the judge's consent." Fed. R Civ. P. 16(b). Moreover, as noted in the Court's Civil Trial Order, request for continuances of pretrial dates "must be supported by a declaration setting for the reasons for the request. The declaration must include a detailed factual showing of good cause and due diligence demonstrating the need for the continuance, dating back to the filing of the complaint, stating the steps the parties have taken to advance the litigation, demonstrating why the remaining steps could not have been performed within the applicable deadlines, and stating whether any previous requests for continuances

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE., STE. 250
RIVERSIDE, CA 92501
(951) 826-5567

CASE NO. 2:20-cv-02081-CAS-PD
DEFENDANTS' NOTICE OF MOTION
AND MOTION TO MODIFY THE
COURT'S SCHEDULING ORDER

have been made and whether these requests were granted or denied by the Court."
When determining whether to reopen discovery, courts consider various factors,
including: (1) whether the trial is imminent, (2) whether the request is opposed, (3)
whether the non-moving party would be prejudiced, (4) whether the moving party
was diligent in obtaiing discovery within the guidelines established by the court,
(5) the foreseeability of the need for additional discovery in light of the time
allowed for discovery by the district court, and (6) the likelihood that the discovery
will lead to relevant evidence. *U.S. ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.
3d 1512, 1526 (9th Cir. 1995), vacated on other grounds, 520 U.S. 939 (1997)
(citations omitted). The focus of the "good cause" inquiry, however, is the fourth
factor, the "diligence of the party seeking the amendment" of the trial schedule.
*Johnson v. Mammoth Recreations, Inc.* 975 F.2d 604, 609 (9th Cir. 1992).

### III.   EVIDENTIARY SUPPORT FOR MOTION

#### a. *Defendants' Diligent Discovery Efforts*

Plaintiff's initial complaint was filed on October 18, 2022. (*Cook Decl.* ¶5.)
After a productive meet and confer process to avoid law and motion, Plaintiff filed
a first amended complaint on December 8, 2022. (*Cook Decl.* ¶6.)  Plaintiff
immediately and unilaterally served deposition notices for the defendant officers.
(*Cook Decl.* ¶7.)  Those depositions went forward as noticed on January 6, 2023.
(*Cook Decl.* ¶8.) After the depositions of all the relevant defendants, the City met
and conferred with Plaintiff's counsel to narrow the claims and allegations of the
operative complaint. (*Cook Decl.* ¶9.) This meet and confer was similarly
productive with a stipulation to dismiss certain claims and striking certain
allegations that was signed by the Court on January 13, 2023. *(Id.)* The parties
completed all relevant Rule 26 disclosures and the Scheduling Conference
concluded with an order dated March 24, 2023. (*Cook Decl.* ¶10.)  Defendants
filed a motion for leave to file a cross complaint on April 14, 2023. *(Id.)* The Court

-7-

CASE NO. 2:20-cv-02081-CAS-PD
DEFENDANTS' NOTICE OF MOTION
AND MOTION TO MODIFY THE
COURT'S SCHEDULING ORDER

denied Defendants' motion for leave on June 12, 2023. (*Cook Decl.*¶11.) Afterwards, the parties engaged in robust written discovery that included necessary disclosures so the Plaintiff's deposition could be set alongside the deposition of third-party Resan Bingham in the late summer and early fall of 2023. (*Cook Decl.* ¶¶12-13.) After locating the incarceration facility for Resan Bingham, Defendants began the process of obtaining clearance for the deposition. *(Id.)*

While Defendants anticipated completing these depositions in late August, circumstances outside the Defendants' control created unforeseen scheduling issues. *(Id.)*

### b. Unexpected Circumstances Outside Defendants' Control

A series of unexpected scheduling events occurred that could not have been anticipated by Defendants beginning in August, 2023 that caused a ripple effect resulting in an inability to complete pretrial discovery in this matter. (*Cook Decl.* ¶16.) Defendants' lead counsel had five matters with critical pretrial deadlines occurring between August and November. (*Cook Decl.* ¶16.) All of the deadlines were initially anticipated, and efforts were made to complete the outstanding discovery timely. *(Id.)* However, three events not reasonably foreseeable occurred that made it impossible to complete the necessary discovery within the cutoff. *(Id.)*

First, an estimated two-week trial in the matter of *Shawn Casteel v. City of Riverside*, Riverside Superior Court case no. RSC 1906046 (*"Casteel"*) became a five-week trial. Defendants' lead counsel in this matter was the lead trial counsel in the *Casteel* matter. (*Cook Decl.* ¶17.)

Second, immediately after the *Casteel* verdict on September 7, 2023, Defendants' lead counsel required a medical procedure within two-weeks (in September) that could not be rescheduled and required a two-week recovery period. (*Cook Decl.* ¶18.)

Third, on September 15, 2023, in the matter of *Tony Platt v. City of*

CASE NO. 2:20-cv-02081-CAS-PD
DEFENDANTS' NOTICE OF MOTION
AND MOTION TO MODIFY THE
COURT'S SCHEDULING ORDER

*Riverside*, Riverside Superior Court no. RIC 1822011 (*"Platt"*), the Court, surprisingly, set a trial date of October 13, 2023 in a case that had no pending trial date. (*Cook Decl* ¶19.)  The trial scheduling came in an unusual fashion. The City filed a Motion for Judgment on the Pleadings and set it for hearing on September 15, 2023. (*Cook Decl.* ¶20.)  In the tentative ruling denying the motion, the Court announced the currently unscheduled trial would be set on October 13, 2023. *(Id.)* Because of Defendants' counsel's medical procedure, the Court continued the trial to November 17, 2023. (*Cook Decl.* ¶21.) The *Platt* trial started on Friday November 17, 2023 and is expected to continue through the second or third week of December 2023, with the week of Thanksgiving being dark. (*Cook Decl.* ¶22.)

In response to these unexpected events, Defendants' counsels, beginning as early as mid-August, reached out to opposing counsels in the following matters as events unfolded in real time to request stipulations to modify federal court scheduling orders:

> *Xavier Lopez v. City of Riverside*, 5:21-cv-02140-PSG *("Lopez")*
>
> *Eric H. Saldivar v. Evan Wright, et al*, 2:20-cv-02081-CAS *("Saldivar")*
>
> *Dezsanee Jones v. City of Riverside*, 5:22-cv-01764-SSS

(*Cook Decl.* ¶¶14,15,16,23.)

Plaintiff's counsels in *Lopez* and *Saldivar* refused to stipulate to any continuances. (*Cook Decl.* ¶24.)  Plaintiff's counsel in the instant matter stipulated to a sixty (60) day continuance and a stipulation was filed and signed by the Court. (Dkt. 41.) Defendants considered this continuance overly optimistic and suggested a ninety (90) day continuance, but agreed to Plaintiff's shortened continuance to avoid law and motion. (*Cook Decl.* ¶14.) Plaintiff was agreeable to a continuance so long as the trial date was unimpacted, which the Defendants are accommodating in this application. *(Id.)*

City Attorney's Office
3750 University Ave., Ste. 250
Riverside, CA 92501
(951) 826-5567

Judge Gutierrez denied the continuance request in *Lopez*, and Magistrate Judge Donahue granted the continuance request in *Saldivar*.  (*Cook Decl.* ¶24.)

The Defendants tried to schedule the remaining discovery in this matter during September and October, but was unable because the pending discovery in the *Lopez* and *Saldivar* matters required eight depositions (some multiple sessions), responding to over 1,000 collective discovery requests, and Plaintiff's inability (in this matter) to be deposed at any other time than Mondays in October. (*Cook Decl.* ¶¶ 25-27.)

On August 29, 2023, Defendants attempted to schedule the in-person deposition of Plaintiff for September 28, 2023. (*Id.*) On September 15, 2023, Plaintiff advised she was (1) unavailable September 28, 2023, (2) requested her deposition be noticed for a Monday in October 2023, (3) currently resides in Arizona, and (4) requested her deposition be conducted virtually. (*Cook Decl.* ¶26). Defendants were willing to accommodate to Plaintiff's schedule and availability. (*Id*). However, with firm, court-ordered deadlines approaching in *Lopez,* Defendants' counsel was forced to finish percipient witness discovery in October and including taking the depositions of eight (8) percipient witnesses before the November 3, 2023 discovery cut off. (*Cook Decl.* ¶27.) It was impossible to find an available Monday in the month of October to take Plaintiff's deposition due to the exigent and urgent circumstances to complete discovery in the *Lopez* matter timely. (*Id.*)

While the parties acted diligently to pursue the remaining discovery, the parties have come to an impasse on the deposition of Resan Bingham ("Bingham"). Bingham is a key percipient witness in this case as his actions and criminal threats precipitated the law enforcement encounter at issue in this action. (*Cook Decl.* ¶28.) He possesses critical factual information necessary to the Defendants in concluding its discovery and expert analysis. Bingham is currently

-10-

CASE NO. 2:20-cv-02081-CAS-PD
DEFENDANTS' NOTICE OF MOTION
AND MOTION TO MODIFY THE
COURT'S SCHEDULING ORDER

in custody at the California State Prison, Corcoran ("COR"). (*Cook Decl.* ¶29.) On August 16, 2023, Defense counsel began the clearance process in order to enter COR. (*Id.*) On September 19, 2023, Defense counsel received confirmation that her clearance forms had been approved. (*Id.*)

On November 9, 2023, Defense Counsel attempted to set the deposition of Bingham for the week of November 27, 2023. (*Cook Decl.* ¶29.)  However, Plaintiff's counsel informed Defendants that she submitted her clearance forms but has not heard back from the prison coordinator. (*Cook Decl.* ¶30.) It is unclear at this time when Plaintiff's counsel will be cleared. (*Id.*) In the meantime, the deposition has been scheduled on December 20, 2023 with tentative confirmation from the prison.

On Thursday, November 16, 2023, Plaintiff's counsel in *Lopez* designated nearly thirty (30) expert witnesses that must be deposed before the end of December. (*Cook Decl.* ¶27.)  Plaintiff's counsel in the *Lopez* matter is the same Plaintiff's counsel as this matter. Plaintiff's counsel has been apprised of the good cause in support of this application, been provided an advance copy of the application to be able to reconsider their opposition and to have additional time to prepare an opposition brief.  After considering the moving paper, Plaintiff opposes the modification believing that there is no good cause and Defendants have been dilatory. (*Cook Decl.* ¶36, 39.)

### c.  Irreparable Prejudice

Defendants are being denied the ability to complete discovery. Currently the deposition of Plaintiff is scheduled for December 1, 2023 and a defense medical exam for November 30, 2023. A court order is pending to complete the November 30, 2023 medical exam before the cut off.  The deposition of Resan Bingham, a material third-party witness, has been tentatively confirmed for December 20, 2023 by his incarceration facility. Efforts to set this deposition have been underway

-11-

since August, 2023.  It is anticipated the Plaintiff's deposition and medical exam are likely to move forward prior to the cut-off.  However, Defendants' lead counsel is in trial, and Plaintiff's deposition may need to be rescheduled if the trial court does not permit Defendant's counsel to leave trial for the deposition. Without this discovery, the defense will be deprived of key, material discovery necessary for trial preparation and expert analysis. The denial of this discovery is a denial of a defense.

### d.  Outstanding Discovery Noticed and Pending

Plaintiff's deposition has been scheduled for December 1, 2023.  Plaintiff's counsel has confirmed Plaintiff will appear as noticed. (*Cook Decl.* ¶34.) While this is within the current discovery cut-off, to the extent there is any percipient witness identified in the deposition, there would be no time to take further depositions without reopening discovery. The proposed modification to the Scheduling Order would accommodate any lingering discovery uncovered in the deposition.

Plaintiff's counsel has, in concept, agreed to a defense medical examination. (*Cook Decl.* ¶35.)  The examination has been scheduled for November 30, 2023 at the offices of Dr. Scott Forman in Newport Beach, California. (*Id.*) However, Plaintiff's counsel did not sign the stipulation for the examination until she received an advance copy of the related *Ex Parte* Application on Monday, November 20, 2023. (*Id.*) With the examination scheduled for next week and the Plaintiff residing in another state, the discovery cutoff does not allow for rescheduling of this examination should court intervention be needed due to a delay in receiving the court order.

Finally, the deposition of Bingham has been noticed for December 20, 2023. COR has confirmed receipt of the notice and scheduled the deposition pending clearance of the videographer from their required service. (*Cook Decl.* ¶33.)

-12-

CASE NO. 2:20-cv-02081-CAS-PD
DEFENDANTS' NOTICE OF MOTION
AND MOTION TO MODIFY THE
COURT'S SCHEDULING ORDER

Plaintiff immediately objected to the deposition because it was past the discovery cut-off. (*Id.*)  Defendants require this remaining discovery that has been scheduled.

### e.  Diligent Meet and Confer Process

The parties have attempted to meet and confer to complete the outstanding depositions; however, the parties are unable to complete this process in the timeframes set by the Court in its current Scheduling Order. *(Cook Decl. ¶37).*

On <u>August 18, 2023</u>, <u>August 22, 2023</u>, <u>August 24, 2023</u>, <u>November 9, 2023</u>, <u>November 14, 2023</u>, and <u>November 20, 2023</u>, Defense counsel met and conferred with Plaintiff's counsel to obtain a stipulation for modification of the Scheduling Order. *(Cook Decl. ¶38).* Despite Plaintiff's stipulation to a brief continuance, the parties were not able to stipulate to the additional 30-day continuance of the pre-trial dates even though Plaintiff was agreeable to modify these pretrial deadlines provided the trial date remained. (*Id.*) Defendants accommodated this requirement. Plaintiff is unwilling to stipulate to an additional thirty (30) days when there is no prejudice to Plaintiff. Therefore, Defendants applied for *ex parte* relief with an alternate request for an order shortening time to hear this motion prior to the December 1, 2023 discovery cut off.

## IV.   NO PREJUDICE TO PLAINTIFF

It is a proper exercise of the court's discretion to continue the trial where, under the particular facts of the case, doing so will not prejudice the rights of any party. *Larsen v. Solbakken* (1963) 221 Cal. App. 2d 410. Here, Plaintiff will not be prejudiced because she is being deprived of nothing. She is not entitled to prevent Defendants' reasonable and necessary discovery, she has not been required to expend additional resources because of the modification, and the trial date is unimpacted. *(Cook Decl. ¶38).*  In stark contrast, there is considerable prejudice to Defendants if this brief continuance of certain pre-trial deadlines is denied. *(Id).* As a practical matter, the brief extension will allow the parties to work through

pending discovery disputes and take a trial preservation videotaped deposition of a critical eyewitness (Bingham) that will make trial more efficient and streamlined. Without impugning my colleagues motives, the opposition seeks to prevent the deposition of Bingham. But, Bingham's testimony is critical to the defense; and, particular their experts' analyses. Without this critical percipient witness, the factfinder is being denied a complete factual account and the Defendants complete access to relevant material factual information that establish a complete defense.

## V.   CONCLUSION

Based on the forgoing exigent and unforeseen circumstances, Defendants respectfully requests that the Court modify the Scheduling Order so that remaining schedule percipient discovery can be obtained and expert cutoffs to realign to permit the experts to incorporate the discovery into their reports

DATED:  November 20, 2023          OFFICE OF THE CITY ATTORNEY

By:   _/s/ Debra K. Cook_____
DEBRA K. COOK
Attorneys for Defendants,
CITY OF RIVERSIDE, TAYLOR
LAPOINT and MIKE SMITH

-14-

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE., STE. 250
RIVERSIDE, CA 92501
(951) 826-5567

CASE NO. 2:20-cv-02081-CAS-PD
DEFENDANTS' NOTICE OF MOTION
AND MOTION TO MODIFY THE
COURT'S SCHEDULING ORDER

# DECLARATION OF DEBRA K. COOK

I, Debra K. Cook, declare as follows:

1.      I am an attorney law duly licensed to practice law before all of the courts of the State of California and am admitted to practice before the United States District Court, Central District of California.  I am a Senior Deputy City Attorney for the City of Riverside and I am the attorney handling this matter representing the City of Riverside and Taylor Lapoint.  The matters stated herein are within my personal knowledge.  If called as a witness, I could and would competently testify to the following facts.

2.      Defendants are **_only_** requesting the following dates in the Scheduling Order be modified:

| Deadline | Scheduling Order | Amended Order | Proposed |
|---|---|---|---|
| *Fact Discovery* | *10/2/23* | *12/1/23* | *1/5/24* |
| *Expert Initial Disclosure* | *10/13/23* | *12/13/23* | *1/26/24* |
| *Expert Rebuttal* | *10/27/23* | *1/12/24* | *2/23/24* |
| *Expert Discovery* | *11/11/23* | *1/26/24* | *3/8/24* |
| *Motion Hearing* | *1/26/24* | *2/23/24* | *3/9/24* |

3.      Defendants move for an order modifying the Scheduling Order to continue certain pre-trial deadlines for thirty to forty-five (30-45) days. Defendants are unable, through no fault of their own, to meet the December 1, 2023 fact discovery cut off, the December 13, 2023, January 12, 2024, and January 26, 2025 expert deadlines, or the February 23, 2024 deadline to hear motions. Defendants request a brief continuance of only these pretrial dates. Defendants are not requesting a trial continuance.

## IRREPARABLE PREJUDICE

4.      Defendants are being denied the ability to complete discovery. The

-15-

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE., STE. 250
RIVERSIDE, CA 92501
(951) 826-5567

CASE NO. 2:20-cv-02081-CAS-PD
DEFENDANTS' NOTICE OF MOTION
AND MOTION TO MODIFY THE
COURT'S SCHEDULING ORDER

discovery deadline of December 1, 2023 will not permit the Defendants to complete the deposition of Plaintiff, obtain a medical examination of the Plaintiff, and complete the deposition of Resan Bingham, a material third-party witness. Without this discovery, the defense will be deprived of key, material discovery necessary for trial preparation and expert analysis.  The denial of this discovery is a denial of a defense.

## DEFENDANTS' DILIGENT DISCOVERY EFFORTS

5.      Plaintiff's initial complaint was filed on October 18, 2022.

6.      After a productive meet and confer process to avoid law and motion, Plaintiff filed a first amended complaint on December 8, 2022.

7.      Plaintiff immediately and unilaterally served deposition notices for the defendant officers.

8.      Those depositions went forward as noticed on January 6, 2023.

9.      After the depositions of all the relevant defendants, the City met and conferred with Plaintiff to narrow the operative complaint.  This meet and confer was similarly productive with a stipulation to dismiss certain claims and striking certain allegations that was signed by the Court on January 13 2023.

10.     The parties completed all relevant Rule 26 disclosures and the Scheduling Conference concluded with an order dated March 24, 2023. Defendants filed a motion for leave to file a cross complaint on April 14, 2023.

11.     The Court denied Defendants' motion for leave on June 12, 2023.

12.     Afterwards, the parties engaged in robust written discovery that included necessary disclosures so the Plaintiff's deposition could be set alongside the deposition of third-party Resan Bingham. After locating the incarceration facility for Resan Bingham, Defendants began the process of obtaining clearance for the deposition.

13.     I anticipated completing these depositions in late August. However,

-16-

CASE NO. 2:20-cv-02081-CAS-PD
DEFENDANTS' NOTICE OF MOTION
AND MOTION TO MODIFY THE
COURT'S SCHEDULING ORDER

circumstances outside my control created scheduling issues. I was lead counsel in a trial that was estimated to last two weeks, but instead lasted nearly five-weeks.

14.    My supervising attorney attempted to negotiate a stipulation from Plaintiff's counsel to modify certain pretrial deadlines in the Scheduling Order, and was successful in obtaining that after explaining the circumstances to opposing counsel. While the continuance was shorter than what we suggested, and frankly unrealistic, we agreed to continue certain dates in the Scheduling Order to the ones Plaintiff would stipulate to and worked diligently to make them work. The stipulation was filed with the Court and an order was signed by the Court modifying the Scheduling Order on August 30, 2023, prior to the end of my trial. Attached as **Exhibit "A"** are the emails between August 18, 2023 and August 29, 2023 to meet and confer to address the unusual scheduling issues.

15.    However, further unexpected circumstances arose outside my control as described in context below.

**UNEXPECTED CIRCUMSTANCES**

16.    A series of unexpected scheduling events occurred that could not have been anticipated by Defendants beginning in August, 2023 that caused a ripple effect resulting in an inability to complete pretrial discovery in this matter. I had five matters with critical pretrial deadlines occurring between August and November. I was aware of all the deadlines and my trial team made efforts to complete the outstanding discovery timely.  However, three events occurred that could not be anticipated.

17.    First, an estimated two-week trial in the matter of *Shawn Casteel v. City of Riverside*, Riverside Superior Court case no. RSC 1906046 (*"Casteel"*) became a five-week trial. I was the lead trial counsel in the *Casteel* matter.

18.    Second, immediately after the *Casteel* verdict on September 7, 2023, I required a medical procedure within two-weeks (in September) that could not be

City Attorney's Office
3750 University Ave., Ste. 250
Riverside, CA 92501
(951) 826-5567

CASE NO. 2:20-cv-02081-CAS-PD
DEFENDANTS' NOTICE OF MOTION
AND MOTION TO MODIFY THE
COURT'S SCHEDULING ORDER

rescheduled and required a two-week recovery period.

19.    Third, on September 15, 2023, in the matter of *Tony Platt v. City of Riverside*, Riverside Superior Court no. RIC 1822011 (*"Platt"*), the Court, surprisingly, set a trial date of October 13, 2023 in a case that had no pending trial date.

20.    In the *Platt* matter, I filed a Motion for Judgment on the Pleadings set for hearing on September 15, 2023. In the tentative ruling denying the motion, the Court announced the current unscheduled trial would be October 13, 2023.  This was my first notice that the trial would occur in 2023.  Attached as **Exhibit "C"** is a true and correct copy of the tentative ruling notifying the parties that trial would be set in less than 30 days.

21.    I notified the Court of a necessary medical procedure that was scheduled for the following week that required two-weeks of recuperation, and the Court continued the trial to November 17, 2023.

22.    The *Platt* trial started on Friday November 17, 2023 and is expected to continue through the second or third week of December 2023, with the week of Thanksgiving being dark.

23.    In response to these unexpected events as they unfolded, I began, with the help of my supervising attorney, as early as mid-August reached out to opposing counsels in the following matters to request stipulations to modify federal court scheduling orders:

*Xavier Lopez v. City of Riverside*, 5:21-cv-02140-PSG (*"Lopez"*)

*Eric H. Saldivar v. Evan Wright, et al*, 2:20-cv-02081-CAS (*"Saldivar"*)

*Dezsanee Jones v. City of Riverside*, 5:22-cv-01764-SSS

24.    Plaintiff's counsels in *Lopez* and *Saldivar* refused to stipulate to any continuances. Judge Gutierrez denied the continuance request in *Lopez*, and Magistrate Judge Donahue granted the continuance request in *Saldivar*.

-18-

CASE NO. 2:20-cv-02081-CAS-PD
DEFENDANTS' NOTICE OF MOTION
AND MOTION TO MODIFY THE
COURT'S SCHEDULING ORDER

25.     I tried to schedule the remaining discovery in this matter during September and October, but was unable because the pending discovery in the *Lopez* and *Saldivar* matter required eight depositions (some multiple sessions), responding to over 1,000 discovery requests, and Plaintiff's inability to be deposed at any other time that Mondays in October. Attached as **Exhibit "B"** are true and correct copies of my email efforts to schedule Plaintiff's deposition and the inability of Plaintiff to appear for deposition because she is out-of-state. I offered to travel to Arizona where she lives to take the deposition, but her preference was to come to Riverside.  However, she was only available on Mondays in October.

26.     On August 29, 2023, I attempted to schedule the in-person deposition of Plaintiff in the instant case for September 28, 2023.  On September 15, 2023, Plaintiff advised she is (1) unavailable September 28, 2023, (2) requests her deposition be noticed for a Monday in October 2023, (3) resides in the State of Arizona, and (4) requests her deposition be conducted over zoom. I indicated that we were willing to accommodate Plaintiff's schedule and availability. Attached as **Exhibit "B"** are true and correct copies of my email correspondence.

27.     However, with firm court-ordered deadlines approaching in *Lopez* I was forced to finish percipient witness discovery, including taking the depositions of 8 percipient witnesses before the November 3, 2023 discovery cut off.  It was impossible to find an available Monday in the month of October to take Plaintiff's deposition. On Thursday, November 16, 2023, Plaintiff's counsel in *Lopez* designated nearly thirty (30) expert witnesses that must be deposed before the end of December.

28.     While the parties acted diligently to schedule and conduct the necessary depositions, the parties came to an impasse with the noticing the deposition of Resan Bingham ("Bingham"). Bingham is a key percipient witness in

-19-

CASE NO. 2:20-cv-02081-CAS-PD
DEFENDANTS' NOTICE OF MOTION
AND MOTION TO MODIFY THE
COURT'S SCHEDULING ORDER

this case as his actions and criminal threats that precipitated the law enforcement encounter at issue in this action.

29.     Bingham is currently in custody at the California State Prison, Corcoran ("COR"). On August 16, 2023, Defense counsel began the clearance process in order to enter COR. On September 19, 2023, Defense counsel received confirmation that her clearance forms had been approved. Attached as **<u>Exhibit "D"</u>** is a true and correct copy of the September 19, 2023 confirming my clearance.

30.     On November 9, 2023, I attempted to set the deposition of Bingham for the week of November 27, 2023. Attached as **<u>Exhibit "E"</u>** is a true and correct copy of the November 9, 2023 email. However, Plaintiff's counsel informed us that she submitted her clearance forms but has not heard back from the prison coordinator. It is unclear at this time when Plaintiff's counsel will be cleared or when the parties are able to move forward with this deposition. As a precaution, I set the deposition of Bingham for December 20, 2023 and understand that the prison has confirmed this date.

## OUTSTANDING DISCOVERY NOTICED

31.     On November 15, 2023, I noticed the deposition of Resan Bingham at the Corcoran State Prison for December 20, 2023, and provided notice to the prison and cleared the date with the prison-required court reporter and videographer.  Attached as **<u>Exhibit "E"</u>** is a true and correct copy of the notice of deposition.

32.     On November 16, 2023, Plaintiff's counsel in *Lopez* designated nearly thirty (30) expert witnesses that must be deposed before the end of December. Plaintiff's counsel in the *Lopez* matter is the same Plaintiff's counsel as this matter.

33.     On Friday, November 17, 2023, Plaintiff's counsel served an objection to my notice of the deposition of Bingham based on it being scheduled

-20-

CASE NO. 2:20-cv-02081-CAS-PD
DEFENDANTS' NOTICE OF MOTION
AND MOTION TO MODIFY THE
COURT'S SCHEDULING ORDER

after discovery cutoff.  Attached as **Exhibit "H"** is a true and correct copy of Plaintiff's objection.

34.     I noticed the deposition of Plaintiff for December 1, 2023, a day that is dark during my trial.  Plaintiff's attorney has confirmed her client will appear for the deposition as noticed.

35.     I requested a stipulation for a defense medical examination while Plaintiff is physically present in California.  The defense medical examination will be conducted by Dr. Scott Forman in Newport Beach, California. However, Plaintiff's counsel did not sign the stipulation for the examination until she received an advance copy of the related *Ex Parte* Application early this morning. With the examination scheduled for next week and the Plaintiff residing in another state, the discovery cutoff does not allow for rescheduling of this examination should court intervention be needed due to a delay in receiving the court order.  It is possible there will be a dispute concerning the examination and there will be insufficient time to resolve the dispute prior to discovery cutoff.  Attached as **Exhibit "G"** is a true and correct copy of the email correspondence on the stipulation and efforts to complete this discovery timely.  Plaintiff previous had not responded to the attempts to finalize the stipulation, but urgently finished and filed the stipulation upon receipt of a courtesy advance copy of the related *Ex Parte* Application.

36.     Plaintiff's counsel has been apprised of the good cause in support of this application, but continues to refuses any stipulation for any extension to any deadline in the current Scheduling Order claiming there is no good cause.

**DILIGENT MEET AND CONFER PROCESS**

37.     The parties have attempted to meet and confer at length to schedule the remaining discovery; however, the parties are unable to complete this process in the timeframes set by the Court in its current Scheduling Order.

-21-

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE., STE. 250
RIVERSIDE, CA 92501
(951) 826-5567

CASE NO. 2:20-cv-02081-CAS-PD
DEFENDANTS' NOTICE OF MOTION
AND MOTION TO MODIFY THE
COURT'S SCHEDULING ORDER

38.     On <u>August 18, 2023,</u> <u>August 22, 2023,</u> <u>August 24, 2023,</u> <u>November 9,</u> <u>2023,</u> <u>November 14, 2023,</u> and <u>November 20, 2023</u>. Defense counsel met and conferred pursuant to Local Rules 7-3 and 7- 19.1with Plaintiff's counsel to obtain a stipulation for modification of the Scheduling Order. Despite Plaintiff's stipulation to a brief continuance, the parties were not able to stipulate to an additional 30-day continuance of the pre-trial dates to complete remaining discovery and allow time for Defendants' experts to complete their analysis for their reports. Attached as **Exhibits "A" and "D"** are a true and correct copies of these meet and confer efforts.

## NO PREJUDICE TO PLAINTIFF

39.     Plaintiff will not be prejudiced because she is being deprived of nothing. She is not entitled to prevent Defendants' reasonable and necessary discovery, she has not been required to expend additional resources because of the modification, and the trial date is unimpacted.  In stark contrast, there is considerable prejudice to Defendants if this brief continuance of certain pre-trial deadlines is denied. They would be denied a fair trial through no fault of their own.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 20th day of November, 2023 in Riverside, California.


\_\_/s/ Debra K. Cook_____

DEBRA K. COOK, Declarant

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE., STE. 250
RIVERSIDE, CA 92501
(951) 826-5567

CASE NO. 2:20-cv-02081-CAS-PD
DEFENDANTS' NOTICE OF MOTION
AND MOTION TO MODIFY THE
COURT'S SCHEDULING ORDER