**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
Hang D. Le, Esq. (Bar No. 293450)
hlee@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Attorneys for Plaintiff
DEZSANEE JONES

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEZSANEE JONES, | Case No. 5:22-cv-01764-SSS-SP |
| Plaintiff, | *Honorable Sunshine S. Sykes* |
| vs. | *Hon. Mag. Judge Sheri Pym* |
| CITY OF RIVERSIDE; TAYLOR LAPOINT; MIKE SMITH; and DOES 3-10, inclusive, | **DECLARATION OF HANG D. LE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION TO MODIFY SCHEDULING ORDER** |
| Defendants. | |

## DECLARATION OF HANG D. LE

I, Hang D. Le, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California, and the Central District of California. I make this declaration in support of Plaintiff's Opposition to Defendants' Ex Parte Application to Modify Scheduling Order. I have personal knowledge of the facts contained herein and could testify competently thereto if called.

2. Plaintiff filed this instant lawsuit on October 7, 2022. On November 23, 2022, defense counsel sent an e-mail to Plaintiff's counsel requesting meet and confer to discuss the City's responsive pleadings and a potential Rule 12(b) motion to dismiss or Rule 56 motion for summary judgment. On November 29, 2023, Plaintiff's counsel replied to defense counsel's email to set up a date and time and suggested that they use the meeting as an opportunity to also conduct their Rule 26 early meeting of counsel. The parties held their meet and confer on the City' responsive pleadings and contemplated motions as well as their Rule 26 early meeting of counsel on December 2, 2022. Attached hereto as "**Exhibit 1**" is a true and correct copy of the e-mail chain regarding the meet and confer of Defendant's responsive pleadings and contemplated motions and the parties' Rule 26 early meeting of counsel. During the meeting, the parties agreed to exchange initial disclosures on December 16, 2022. Plaintiff subsequently sent her initial disclosures on the agreed-upon date and granted Defendant City an extension until January 6, 2023 for its initial disclosures.

3. On December 8, 2022, Plaintiff sent out deposition notices for the deposition of Defendant Taylor Lapoint and Officer Mike Smith, set for January 6, 2023. Attached hereto as "**Exhibit 2**" is a true and correct copy of the deposition notices. The noticed depositions were taken on January 6, 2023.

4. On December 15, 2022, Plaintiff propounded written discovery in the form of Requests for Production of Documents and Requests for Admissions to the

City of Riverside. Attached hereto as "**Exhibit 3**" is a true and correct copy of the e-mail to defense counsel with the written discovery attached.

5. On June 21, 2023, Defendant City of Riverside propounded Request for Production of Documents (Set One) on Plaintiff. This was the first time any defendant in this case sent a discovery request or notice. Attached hereto as "**Exhibit 4**" is a true and correct copy of the e-mail from defense counsel serving Plaintiff with the City's RFPs. Plaintiff timely served responses to these Requests 30-day timeframe as required by Rule 34.

6. On August 29, 2023, Defendants unilaterally noticed Plaintiff's deposition for September 28, 2023, and also served a set of Requests for Admissions on Plaintiff. On September 15, 2023, Plaintiff's counsel informed defense counsel that Plaintiff was not available on the day that Defendants noticed her deposition for and offered alternative dates. Plaintiff's counsel was subsequently informed that lead defense counsel would be unavailable until October 10, 2023, and that Defendants would provide a date for Plaintiff's deposition upon her return. Attached hereto as "**Exhibit 5**" is a true and correct copy of the e-mail chain regarding Plaintiff's deposition.

7. On August 30, 2023, Defendants served on Plaintiff their first set of Interrogatories, putting the response deadline at September 29, 2023 pursuant to Rule 34. Attached hereto as "**Exhibit 6**" is a true and correct copy of the e-mail to Plaintiff's counsel with the propounded Interrogatories attached. Plaintiff timely served responses to Defendants' Interrogatories within the 30-day time limit as required by Rule 34.

8. On September 18, 2023, Defendants informed Plaintiff's counsel for the first time that they intended to take the deposition of Resan Bingham and requested that Plaintiff's counsel submit clearance forms to CDCR in order for Defendants to take the deposition of Mr. Bingham at Corcoran State Prison. Attached hereto as "**Exhibit 7**" is a true and correct copy of the e-mail regarding

Mr. Bingham's deposition. Plaintiff's counsel subsequently complied with Defendant's request and submitted clearance forms to the CDCR coordinator.

9. On October 11, 2923, defense counsel sent an e-mail to Plaintiff's counsel, requesting that Plaintiff hold the date of October 30, 2023. Defense counsel never followed up on this request and never sent out a notice for Plaintiff's deposition for October 30, 2023. Attached hereto as "**Exhibit 8**" is a true and correct copy of the e-mail requesting Plaintiff hold October 30, 2023 for her deposition.

10. On November 8, 2023, defense counsel's office sent Plaintiff's counsel an e-mail, requesting availability for the week of November 27, 2023 (11/27-12/1) for the depositions of Plaintiff and Mr. Bingham. Attached hereto as "**Exhibit 9**" is a true and correct copy of the e-mail.

11. On November 9, 2023, defense counsel sent Plaintiff's counsel an e-mail to meet and confer on the remaining discovery and Defendant Lapoint's intent to file a Motion for Summary Judgment based on qualified immunity. Defense counsel informed Plaintiff's counsel that she was expected to start trial on November 17, 2023 and that the trial was anticipated to last for two weeks. Defense counsel proposed continuing all pretrial dates by 30 days to complete the remaining discovery. Plaintiff's counsel replied to defense counsel and informed her that Ms. Jones was available December 1, 2023 for her deposition and that Plaintiff's counsel was available November 28, 29, and 30 for the deposition of Mr. Bingham. With those deposition dates secured, Plaintiff's counsel did not believe there was a need to extend the case management dates and therefore declined to enter into such a stipulation. Defense counsel then informed Plaintiff's counsel that they were not available December 1, that they had not cleared dates for the deposition of Mr. Bingham, and for the first time since the inception of the case, informed Plaintiff's counsel that they wanted to have Plaintiff submit to an Independent Medical Examination and needed Plaintiff's medical records for that purpose.

1    Plaintiff had already produced responsive medical records for the treatment of
2    her injurie sustained from the incident in her responses to Defendant City's Request
3    for Production (Set One) back in July 2023. Moreover, Defendants had subpoenaed
4    additional medical records of Plaintiff's with a production date set for November 10,
5    2023. Plaintiff's counsel informed defense counsel of such and reiterated that
6    Plaintiff was willing to work with defense counsel's availability for the last week of
7    November to complete her deposition and Mr. Bingham's deposition.

8    12.   On November 13, 2023, defense counsel informed Plaintiff's counsel
9    that she had received her trial schedule, that the court conducting her trial was dark
10   on Fridays, requested that Plaintiff submit to a DME on November 30, 2023 and be
11   deposed on December 1, 2023. Plaintiff's counsel replied, indicating that Plaintiff,
12   in the spirit of cooperation and good faith, was willing to submit to a DME on
13   November 30, 2023, subject to the parties entering into and filing a proposed
14   stipulation with the Court regarding the manner, conditions, and scope of the
15   examination pursuant to Rule 35. Plaintiff further confirmed December 1, 2023 for
16   Plaintiff's deposition. Plaintiff's counsel declined agreeing to stipulate the extending
17   all dates on the belief that there is no good cause for the extensions.

18   13.   Attached hereto as "**Exhibit 10**" is a true and correct copy of the e-mail
19   chain of the parties' communications regarding setting the depositions of Plaintiff
20   and Mr. Bingham, Defendants' request to continue the case management dates,
21   Plaintiff's medical records, and Defendants' desire for Plaintiff to submit to an
22   Independent/Defense Medical Examination.

23   14.   On November 15, 2023, Defendants unilaterally noticed the deposition
24   of Resan Bingham for December 20, 2023. Attached hereto as "**Exhibit 11**" is a true
25   and correct copy of the email with the deposition notice of Resan Bingham attached.
26   Plaintiff served her objection to Defendants' deposition notice on November 17,
27   2023.

28

1   15.   Attached hereto as "**Exhibit 12**" is a true and correct copy of the October 4, 2023 Order Denying Defendants' Motion for Trial Continuance (Dkt. # 64) and Defendant City of Riverside's Motion for Leave to File Second Motion for Summary Judgment re *Monell* Claim (Dkt. # 65) in *Xavier Lopez v. City of Riverside, et al.*, case no. 5:21-cv-02140-PSG-JEM.

16.   Attached hereto as "**Exhibit 13**" is a true and correct copy of the relevant portions of the January 6, 2023 Deposition of Taylor Lapoint.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed this 21st day of November 2023, in Woodland Hills, California.

_____
Hang D. Le