# Exhibit 12

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 21-02140-PSG-JEM | Date | October 4, 2023 |
|---|---|---|---|
| Title | Xavier Lopez v. City of Riverside | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Damon Berry | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):** **Order DENYING Defendants' motion for trial continuance (Dkt. # 64) and Defendant City of Riverside's motion to for leave to file second motion for summary judgment re *Monell* Claim (Dkt. # 65).**

Before the Court are two motions. City of Riverside and Officer Evan Wright (collectively "Defendants") filed a motion for trial continuance. *See* Dkt. # 64 ("*Trial Mot.*"). Xavier Lopez ("Plaintiff") opposed, *see* Dkt. # 67 ("*Trial Opp.*"), and Defendants replied, *see* Dkt. # 69 ("*Trial Reply*"). Defendant City of Riverside also filed a motion for leave to file a second motion for summary judgment re *Monell* claim. *See* Dkt. # 65 ("*Leave Mot.*"). Plaintiff opposed, *see* Dkt. # 68 ("*Leave Opp.*"), and Defendant City of Riverside replied, *see* Dkt. # 70 ("*Leave Reply*"). The Court finds the matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the papers, the Court **DENIES** both motions.

I. Background

In December 2021, Plaintiff filed this excessive force action against Defendants, alleging that Defendant Officer Wright used unreasonable deadly force when he fired multiple shots at Plaintiff while trying to arrest him. *See generally* Dkt. # 1. Defendants answered in February 2022. *See generally* Dkt. # 11. The parties conducted their Rule 26 conference in early April the same year. Dkts. # 16, 17.

In May 2022, Defendants moved for summary judgment on all of Plaintiff's causes of action. *See generally Notice of Motion and Motion for Summary Judgment*, Dkt. # 19 ("*Defendants' Mot. for Summ. J.*"). The Court denied Defendants' motion in July 2022, finding that genuine disputes of material fact existed as to whether Defendant Officer Wright was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 21-02140-PSG-JEM | Date | October 4, 2023 |
|---|---|---|---|
| Title | Xavier Lopez v. City of Riverside | | |

entitled to qualified immunity. *See Order Denying Defendants' Motion for Summary Judgment*, Dkt. # 38 ("*Summ. J. Order*"), 7:4–15:13. Based on that finding, the Court denied Defendants' motion for summary judgment for Plaintiff's claims under *Monell v. Department of Social Services*, 436 U.S. 658 (1978) asserted against Defendant City of Riverside. *Id.* 15:14–25.

Shortly thereafter, Defendants filed an interlocutory appeal. *See* Dkt. # 39. Plaintiff then moved for the Court to certify the appeal as frivolous and retain jurisdiction, Dkt. # 41, while Defendants moved to stay the case pending the appeal, Dkt. # 47. In October 2022, the Court certified the appeal as frivolous and denied Defendants' motion to stay the proceedings. *See* Dkt. # 54 ("*Appeal Order*").

Later that month, Defendants moved to dismiss Plaintiff's state law claims and stay the proceedings as to Plaintiff's federal claims pending resolution of Plaintiff's state criminal action. Dkt. # 55. The Court granted the motion and ordered the parties to file a status report by February 6, 2023. Dkt. # 58.

On February 6, 2023, the parties submitted a joint status report informing the Court that Plaintiff's state criminal action was concluded. Dkt. # 59. In the report, Defendants requested that the Court reconsider its denial of Defendants' request for a stay until the pending appeal is decided, and Plaintiff requested the Court to lift the stay, reinstate Plaintiff's state law claims, and modify the scheduling order by extending all dates by six months. *Id.*

The next day, February 7, 2023, the Court granted Plaintiff's request to reinstate his state law claims and lifted the stay. *Order re Joint Status Report*, Dkt. # 60. The Court also set the following schedule:

> Discovery cut-off: 10/26/2023;
> Opening expert witness disclosure: 11/2/2023;
> Last day to file motions: 11/9/2023;
> Rebuttal expert witness disclosure: 11/30/2023;
> Expert discovery cut-off: 12/21/2023;
> Pre-Trial Conference: 1/19/2024 at 2:00 p.m.;
> Jury Trial: 2/1/2024 at 9:00 a.m. (estimated length: 5 days).

*Id.*

Defendants now move to continue the trial date from 02/01/2024 to 05/16/2024, *Trial Mot.* 9:14, or in the alternative to 11/07/2024, *Trial Reply* 5:24–25, and modify the scheduling order to reflect the new trial date. In addition, Defendant City of Riverside seeks leave to file a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 21-02140-PSG-JEM | Date | October 4, 2023 |
|---|---|---|---|
| Title | Xavier Lopez v. City of Riverside | | |

second motion for summary judgment re *Monell* claim. *See generally* Leave Mot.

II.  Discussion

   A.  Local Rule 7-3

Defendants failed to comply with Local Rule 7-3 before bringing both their motion for trial continuance and their motion for leave to file a second motion for summary judgment re *Monell* claim.

Under Local Rule 7-3, "counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." "The conference must take place at least 7 days prior to the filing of the motion." L.R. 7-3. "[C]ounsel for the moving party is to indicate, in its papers, the date on which the requisite conference of counsel took place." *Easton v. Wells Fargo & Co.*, No. 20-cv-06070-AB-RAO, 2023 WL 3431276, at *1 (C.D. Cal. Mar. 9, 2023) (citation omitted).

"Parties must strictly adhere" to the Local Rules, and "a district court has the discretion to strike any motion that fails to comply with the Local Rules." *Miglani v. Edwards Lifesciences, LLC*, No. SACV 17-00418 JLS (DFMx), 2017 WL 11662659, at *1 (C.D. Cal. Nov. 14, 2017); L.R. 7-4 ("The Court may decline to consider a motion unless it meets the requirements of L.R. 7-3 . . . ."); *see Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) (explaining that a "district court has considerable latitude in managing the parties' motion practice and enforcing local rules").

In their motion for trial continuance, Defendants provide email correspondences between the parties from August 18 and August 29, 2023 to show that they complied with Local Rule 7-3. *Declaration of Debra Cook*, Dkt. # 64-1 ("*Cook Decl.*"), ¶ 17, Ex. B ("August 18, 2023, and August 29, 2023, correspondences"). In the email chain, Defendants reached out to counsel regarding a trial continuance. *Id.* 2–3. Plaintiff responded stating that "while [Plaintiff] would consider a short continuance of fact discovery and the expert discovery deadlines, [Plaintiff is] not agreeable to continuing the trial." *Id.* 1.

Although Plaintiff stated that it would not stipulate to a trial continuance, the email correspondence does not show that Defendants mentioned that they intended to file the present motion or that the parties met and conferred to discuss the substance of the present motion. As

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 21-02140-PSG-JEM | Date | October 4, 2023 |
|---|---|---|---|
| Title | Xavier Lopez v. City of Riverside | | |

such, the email correspondence falls well short of what is required by Local Rule 7-3. *See Unicorn Glob., Inc. v. Hillo Am., Inc.*, No. LA CV19-03028 JAK (AFMx), 2021 WL 1034838, at *3 (C.D. Cal. Feb. 12, 2021) (finding a "cursory exchange about an intent to file a motion is hardly a discussion about the motion's substance" and "falls well short" of Local Rule 7-3); *Easton*, 2023 WL 3431276 at *2 (finding plaintiff's emails insufficient to satisfy the meet and confer requirement under Local Rule 7-3 for "[w]hile [p]laintiff's emails describe[d] the basis for [p]laintiff's motion, the emails do not demonstrate that the issues were thoroughly discussed").

The parties' failure to comply with Local Rule 7-3 is made clear by Defendants' vastly different proposals for trial and discovery dates in their motion and their reply for trial continuance. Defendants apparently learned about Plaintiff's counsel's conflicts with their proposed schedule for the first time in Plaintiff's opposition, and thus proposed a trial date six months later in their reply. *Trial Reply* 5:14–18; *compare Trial Mot.* 9:8–17 *with Trial Reply* 5:19–28. Workable dates are an issue that the parties should have sought to resolve during an adequate prefiling conference. As such, the Court finds that Defendants failed to comply with Local Rule 7-3 before filing its motion for trial continuance.

Defendant City of Riverside's evidence of compliance with Local Rule 7-3 for its motion for leave to file a second motion for summary judgment re *Monell* claim is even less persuasive. Defendant City of Riverside points to an email chain between the parties consisting of correspondences from July 14 and July 18, 2023. *Declaration of Cecilia Rojas in support of Defendant's Motion for Leave*, Dkt. # 65-1 ("*Rojas Leave Decl.*"), ¶ 9, Ex. A ("July 14, 2023 and July 18, 2023 correspondences"). These emails occurred months before the motion was filed. Again, there is no indication that Defendant City of Riverside planned to seek leave of the Court to file a second motion for summary judgment and there is no indication that any issues regarding the substance of the motion were thoroughly discussed. *Id.*; *see also Declaration of Marcel F. Sincich in support of Plaintiff's Opposition to Defendant's Motion for Leave*, Dkt. # 68-1 ("*Sincich Leave Decl.*"), ¶ 2 ("Defendants did not meet and confer with Plaintiff prior to filing the present Motion pursuant to Local Rule 7-3. Plaintiff's counsel was never called to discuss the present Motion."). Here too, the Court finds that Defendants failed to comply with Local Rule 7-3 before filing its motion for trial continuance.

Because a district court may "decline to consider a motion unless it meets the requirements of" Local Rule 7-3, *see* L.R. 7-4, the Court can deny both motions "on this basis alone," *Miglani*, 2017 WL 11662659 at *1; *see also Singer v. Live Nation Worldwide, Inc.*, SACV 11-0427 DOC, 2012 WL 123146, at *2 (C.D. Cal. Jan. 13, 2012) (denying a motion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | EDCV 21-02140-PSG-JEM | Date | October 4, 2023 |
| Title | Xavier Lopez v. City of Riverside | | |

because the moving party did not comply with Local Rule 7-3). Nevertheless, given the approaching deadlines, the Court will address the motions on their merits.

      B.      <u>Defendants' Motion to Continue Trial</u>

"In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines." *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) ("A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'") (citation omitted).

A pretrial scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. Accordingly, a pretrial scheduling order may be modified "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* "Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.*

"[T]he existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion" to modify a scheduling order. *Id.* However, "if the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted." *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (cleaned up).

"The party seeking to continue or extend the deadlines bears the burden of proving good cause." *Benchmark Young Adult School, Inc. v. Launchworks Life Servs., LLC*, No. 12-cv-02953 BAS(BGS), 2014 WL 3014720, at *2 (S.D. Cal. July 3, 2014) (citing *Zivkovic.*, 302 F.3d at 1087 (9th Cir. 2002)); *Johnson*, 975 F.2d at 608–09.

Defendants primarily argue that good cause exists to continue trial because "intervening events led to a delay in discovery for both parties," *Trial Mot.* 6:17–24, and, as it stands, there is insufficient discovery for the parties to adequately prepare for trial as no depositions have been taken, *Trial Reply* 2:6–17. The Court, however, is not persuaded that Defendants have exercised

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 21-02140-PSG-JEM | Date | October 4, 2023 |
|---|---|---|---|
| Title | Xavier Lopez v. City of Riverside | | |

diligence in pursuing depositions and other discovery matters in advance of the deadlines set by the Court in February 2023.[1] *Order re Joint Status Report*, Dkt. # 60.

Days after the stay was lifted in February, Plaintiff served a deposition notice for Defendant Officer Wright, which included noticing depositions for the other four officers involved on February 10, 2023. *Declaration of Marcel F. Sincich*, Dkt. # 67-1 ("*Sincich Decl.*"), ¶ 13. At the end of the month Defendants responded, indicating that although the noticed date would not work, they would produce the deponent for a deposition at a mutually convenient date and time. *Id.* ¶ 15. Between March and September 2023, Plaintiff consistently followed up with Defendants to schedule the outstanding depositions but had no success in calendaring deposition dates. *Id.* ¶¶ 16–25.

Despite Plaintiff's efforts to set depositions, Defendants offered a single date—the same day in June—for the deposition of the other four officers involved. *See Cook Decl.* ¶ 8, Ex. A; *Trial Opp.* 6:3–19. Defendants have never offered a date for Defendant Officer Wright. *See Cook Decl.* ¶ 8, Ex. A; *Trial Opp.* 6:3–19.

Defendants attribute the inability to schedule depositions or conduct meaningful discovery to their lead counsel's busy trial calendar. *See Cook Decl.* ¶¶ 8–9. Defendants, however, were aware of their lead counsel's demanding schedule yet they did not work with Plaintiff to schedule around it or to conduct Defendants' necessary discovery.

Indeed, rather than address their dilatory conduct outlined by Plaintiff, *see Sincich Decl.* ¶¶ 13–25, Defendants concede it, asking the Court to disregard the good cause standard by not "focusing on the past," *Trial Reply* 2:18. The Court declines to do so, and finds that Defendants have failed to show that they acted with diligence in conducting discovery.

Defendants also argue that the pending interlocutory appeal also shows good cause for a trial continuance as they "have been defending this action at the same time the appeal is pending," *Trial Mot.* 4:5–7, and that the appeal "could dramatically change the landscape of the case," *Trial Reply* 4:22–5:3; *see also Trial Mot.* 8:5–12. The Court, however, certified the interlocutory appeal as frivolous in October 2022. *See Appeal Order*. The pending appeal thus does not constitute good cause to continue the trial date. Further, while Defendants may

---

[1] While it is relevant that discovery opened in March 2022, *Trial Opp.* 2:10, and that Court certified the appeal as frivolous in October 2022, *see Appeal Order*, the Court here will focus on the conduct after the stay was lifted in February 2023 in determining whether Defendants were diligent.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 21-02140-PSG-JEM | Date | October 4, 2023 |
|---|---|---|---|
| Title | Xavier Lopez v. City of Riverside | | |

disagree with the Court's order, Defendants may not disregard it and refuse to defend the action while the appeal is pending.

And, although Defendants lead counsel is unavailable from the end of September through October 17, 2023, *Declaration of Debra Cook*, Dkt. # 69-1 ("*Cook Reply Decl.*"), ¶ 3, Defendants do not provide any evidence or reasoning for why a continuance in the trial date as opposed to an extension of the discovery deadlines is necessary for the Defendants to be prepared for trial in February. Defendants make a conclusory argument that they would need to retain outside counsel if the continuance is not granted, which Defendants claim "would result in another request for a continuance by the new lawyer." *Trial Reply* 4:12–21. But retaining alternate counsel also is not a sufficient reason to demonstrate good cause. *See Cardenas v. Whittemore*, No. 13cv1720-LAB (KSC), 2015 WL 4410643, at *2 (S.D. Cal. July 16, 2015) ("Mere substitution of counsel is insufficient cause to amend a scheduling order.").

Accordingly, the Court finds that Defendants have not met their burden to establish good cause to continue the trial date.

C. Defendant City of Riverside's Motion for Leave to File a Second Motion for Summary Judgment re *Monell* claim

Under the Court's Standing Order, "[n]o party may file more than one motion pursuant to Fed. R. Civ. P. 56, regardless of whether such motion is denominated as a motion for summary judgment or summary adjudication, without leave from the Court." *Standing Order Regarding Newly Assigned Cases*, Dkt. # 51, 7:16–18. This rule is in line with the principle that successive motions for summary judgment are generally disfavored in federal court. *Peasley v. Spearman*, No. 15-CV-01769-LHK, 2017 WL 5451709, at *3 (N.D. Cal. Nov. 14, 2017). Courts, however, have discretion to permit successive motions for summary judgment in light of certain circumstances, such as an intervening change in controlling law, the availability of new evidence or an expanded factual record, and the need to correct a clear error or prevent manifest injustice. *Edwards Lifesciences Corp. v. Meril Life Scis. Pvt. Ltd.*, No. 19-cv-06593-HSG, 2021 WL 4281336, at *1 (N.D. Cal. Sept. 21, 2021).

Defendant City of Riverside seeks leave to file a motion for summary judgment on *Monell* liability. *Leave Mot.* 5:3–4. Defendant City of Riverside previously moved for summary judgment on Plaintiff's *Monell* claim, *Defendants' Mot. for Summ. J.* 20:21–21:2, which the Court denied, *Summ. J. Order* 15:14–25. In a potential second summary judgment motion,

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 21-02140-PSG-JEM | Date | October 4, 2023 |
|---|---|---|---|
| Title | Xavier Lopez v. City of Riverside | | |

Defendant City of Riverside seeks to raise an additional argument that its policies and procedures were sufficient as a matter of law. *Leave Mot.* 6:6–7.

Defendant City of Riverside does not argue that there has been a change of intervening law, nor does it argue that a second summary judgment motion is necessary because of a need to correct a clear error or prevent manifest injustice. *Id.* 5:6–6:23. Rather, Defendant City of Riverside argues a second motion for summary judgment is warranted because there is an expanded factual record as it "served discovery requests to Plaintiff in support of its MSJ on *Monell* liability on August 11, 2023" and received Plaintiff's "responses to the discovery requests on September 8, 2023." *Id.* 6:16–23; *Rojas Leave Decl.* ¶ 5. And thus, the "City, with these newly served discovery responses, now is in a better suited position to argue Plaintiff's claim for *Monell* liability in an independent MSJ on a separate theory not brought to the Court previously." *Leave Mot.* 6:18–21.

Defendant City of Riverside's argument is not persuasive. Defendants initially moved for summary judgment in May 2022. *See generally Defendants' Mot. for Summ. J.* But discovery opened in March 2022, *Leave Opp.* 2:7, and the Parties began exchanging discovery in April 2022, *Sincich Leave Decl.* ¶ 3. Therefore, before the Defendants filed their motion for summary judgment, Defendant City of Riverside could have requested discovery regarding Plaintiff's *Monell* claim. *Peasley*, 2017 WL 5451709 at *3 (finding no good cause to consider defendants' successive motion for summary judgment because it was "clear that the instant motion [was] not based on new evidence or an expanded factual record, as all of the factual information upon which defendants rely could have been obtained and included in defendants' previous motion for summary judgment filed on July 18, 2016").

Defendant City of Riverside states that Defendants filed their summary judgment when they did because Defendant Officer Wright sought to assert his qualified immunity protection "early in the case to avoid unnecessary litigation." *Leave Mot.* 4:8–10. This was a tactical decision. Defendants, aware that discovery was open, took a calculated risk to file their motion for summary judgment before receiving discovery responses from Plaintiff regarding its *Monell* claim. "Because the timing of [Defendants'] motion was totally in [Defendants'] hands, whatever limitations went along with that timing were of [Defendants'] own making." *Bernstein v. Virgin Am., Inc.*, No. 15-cv-02277-JST, 2017 WL 7156361, at *1 (N.D. Cal. Dec. 29, 2017) (denying motion for leave to file a second summary judgment motion).

Defendant City of Riverside also does not explain why it is in a "better suited position" now, after it received Plaintiff's discovery responses, to move for summary judgment on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 21-02140-PSG-JEM | Date | October 4, 2023 |
|---|---|---|---|
| Title | Xavier Lopez v. City of Riverside | | |

Plaintiff's *Monell* claim. Defendant City of Riverside does not provide any description of Plaintiff's responses or show why Plaintiff's responses constitute an expanded factual basis to warrant a successful motion for summary judgment. Instead, Defendant City of Riverside in its reply makes a conclusory assertion that "Plaintiff has no factual basis for his *Monell* claim, and his discovery responses revealed there are no factual issues disputed." *Leave Reply* 6:3–5. But this is insufficient.

Further, Defendant City of Riverside suggests that it will move for summary judgment on the *Monell* claim on the "independent reason that the City's policies and procedures were sufficient as a matter of law." *Leave Mot.* 6:6–7. It states that unlike other motions for summary judgment, "a *Monell* MSJ is discrete, and largely focused on the content of police policies and training records." *Leave Reply* 2:17–18. Defendant City of Riverside's descriptions of its potential second motion for summary judgment do not show how Plaintiff's discovery is relevant, and, presumably, the Defendant City of Riverside had access to this evidence before serving discovery requests on Plaintiff.[2] As such, Defendant City of Riverside has provided an insufficient basis for the Court to determine if its motion is frivolous or repetitive.

For the foregoing reasons, the Court declines to exercise its discretion to allow Defendant City of Riverside to file a second motion for summary judgment.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Defendants' motion for trial continuance and Defendant City of Riverside's motion to for leave to file second motion for summary judgment re *Monell* Claim.

---

[2] The alleged importance of Plaintiff's discovery to Defendant City of Riverside is belied by Defendants' papers in its motion for trial continuance. Defendant City of Riverside claims that it "never obtained the factual basis for Plaintiff's allegation of his *Monell* claim" until it received Plaintiff's discovery. *Declaration of Debra K. Cook in support of Defendant's Motion for Leave*, Dkt. # 70-1 ("*Cook Leave Decl.*"), ¶ 6. Yet, the day **before** it received Plaintiff's discovery on September 8, 2023, Defendants declared "Defendant City of Riverside has a basis to move for summary judgment on the *Monell* claim against the public agency and will shortly seek leave to file that dispositive motion" in their motion to continue trial. *Cook Decl.* ¶ 15.