UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:22-cv-01764-SSS-SPx | Date | November 29, 2023 |
|---|---|---|---|
| Title | *Dezsanee Jones v. City of Riverside, et al.* | | |

Present: The Honorable  SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):  Attorney(s) Present for Defendant(s):

None Present  None Present

**Proceedings:** **ORDER DENYING DEFENDANTS' EX PARTE APPLICATION TO MODIFY THE SCHEDULING ORDER [Dkt. 43].**

Before the Court is Defendants' ex parte application to continue certain pretrial deadlines. [Dkt. 43]. The Court is also in receipt of Plaintiff's opposition to the application [Dkt. 46] and Defendants' application to correct their original filing [Dkt. 44].

A party seeking ex parte relief must show that its "cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures," and that it "is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Consistent with these well-established principles, this Court's Civil Standing Orders remind counsel that "ex parte applications are solely for extraordinary relief."

There is no basis for granting such relief here. Defendants indicate that an extension is required in light of counsels' other professional obligations and competing time commitments. Even if these circumstances might supply good

cause to modify certain deadlines pursuant to a regularly noticed motion, they do not satisfy the more demanding standard applicable to requests for ex parte relief.

As such, Defendants' application is **DENIED**. [Dkt. 43]. Their request to correct the application is **DENIED AS MOOT**. [Dkt. 44].

This order does not resolve Defendants' noticed motion for equivalent relief from the scheduling order, which is currently set for hearing on December 22, 2023. [Dkt. 46]. Plaintiff is **INSTRUCTED** that her response to that motion, if any, must be filed on or before **Friday, December 8, 2023**.

**IT IS SO ORDERED.**