1
2
3
4
5

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
Hang D. Le, Esq. (Bar No. 293450)
hlee@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

6

Attorneys for Plaintiff
DEZSANEE JONES

7

8   **UNITED STATES DISTRICT COURT FOR THE**
9   **CENTRAL DISTRICT OF CALIFORNIA**

10

11   DEZSANEE JONES,                        Case No. 5:22-cv-01764-SSS-SP

12            Plaintiff,                     *Honorable Sunshine S. Sykes*
                                             *Hon. Mag. Judge Sheri Pym*
13        vs.

14   CITY OF RIVERSIDE; TAYLOR              **PLAINTIFF'S OPPOSITION TO**
     LAPOINT; MIKE SMITH; and DOES         **DEFENDANTS' MOTION TO**
15   3-10, inclusive,                       **MODIFY THE COURT'S**
                                            **SCHEDULING ORDER**
16
     Defendants.
17                                          Date:      December 22, 2023
                                            Time:      2:00 p.m.
18                                          Crtrm:     580

19
                                            Trial Date:  June 24, 2024
20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

I.     INTRODUCTION .............................................................................................. 1

II.    RELEVANT PROCEDURAL HISTORY ......................................................... 2

III.   LEGAL STANDARD ....................................................................................... 7

IV.    THE COURT SHOULD DENY DEFENDANTS' MOTION TO
       MODIFY THE SCHEDULING ORDER ......................................................... 9

V.     DEFENDANTS WILL NOT SUFFER ANY PREJUDICE IF THEIR
       MOTION IS DENIED ..................................................................................... 13

VI.    THE COURT SHOULD LIMIT DISCOVERY SHOULD IT FIND
       GOOD CAUSE TO GRANT DEFENDANTS' MOTION ............................. 15

VII.   CONCLUSION ............................................................................................... 16

1

# <u>TABLE OF AUTHORITIES</u>

2

3

## <u>Cases</u>

*Arredondo v. University of La Verne*,
   Case No. 2:20-cv-07665-MCS-RAO, 2022 WL 423389 (C.D. Cal. Jan. 11,
   2022)............................................................................................................15

*Bella+Canvas, LLC v. Fountain Set Ltd.*,
   No. 221CV00758ODWMAAX, 2023 WL 1997702 (C.D. Cal. Feb. 14, 2023)
   ..................................................................................................................13

*Brooke v. Treasure Mountain Holdings LLC*,
   No. 520CV02208FLASPX, 2022 WL 18399972 (C.D. Cal. Apr. 12, 2022).12

*City of Pomona v. SQM N. Am. Corp.*,
   866 F.3d 1060 (9th Cir. 2017).......................................................................7

*Cornell v. Electra Cent. Credit Union*,
   439 F.3d 1018 (9th Cir. 2006).......................................................................8

*De Paz v. Wells Fargo Bank, N.A.*,
   No. 18-cv-09779-PSG (PJWx), 2020 WL 2404897 (C.D. Cal. Feb. 18, 2020)8

*Glenn v. Washington County*,
   673 F.3d 864 (9th Cir. 2011).......................................................................14

*Graham v. Connor*,
   490 U.S. 386 (1989) .............................................................................13, 14

*Hamidi v. Serv. Emps. Int'l Union Loc. 1000*,
   386 F. Supp. 3d 1289 (E.D. Cal. 2019).......................................................10

*Hayes v. Cnty. of San Diego*,
   736 F.3d 1223 (9th Cir. 2013).....................................................................14

*Johnson v. Mammoth Recreations*,
   975 F.2d 604 (9th Cir. 1992).........................................................................8

*Little v. City of Seattle*,
   863 F.2d 681 (9th Cir. 1988).........................................................................8

*Lopez v. City of Riverside, et al.*,
   5:21-cv-02140-PSG-JEM, Dkt. No. 172.....................................................11

*Matrix Motor Co. v. Toyota Jidosha Kabushiki Kaisha*,
   218 F.R.D. 667 (C.D. Cal. 2003) ..................................................................8

*Merck v. Swift Transportation Co.*,
   No. CV-16-01103-PHX-ROS, 2018 WL 4492362 (D. Ariz. Sept. 19, 2018) 11

*Morris v. Sutton*,
   No. 1:17-cv-01488-AWI (SABx), 2019 WL 2994291 (E.D. Cal. July 9, 2019)
   ....................................................................................................................9

*Munoz v. City of Union City,*
    120 Cal. App. 4th 1077 (2004)................................................................14

*Tabares v. City of Huntington Beach,*
    988 F.3d 1119 (9th Cir. 2021).............................................................14

*Tennessee v. Garner,*
    471 U.S. 1 (1985) ...................................................................................14

*Weco Supply Co. v. Sherwin-Williams Co.,*
    No. 1:10-CV-00171 AWI, 2012 WL 1424437 (E.D. Cal. Apr. 24, 2012) .....12

*Zivkovic v. Southern California Edison Co.,*
    302 F.3d 1080 (9th Cir. 2002)...............................................................8

<u>Rules</u>

Fed. R. Civ. P. 16.............................................................................................7, 8

Fed. R. Civ. P. 26..............................................................................................10

## MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION

### I.   INTRODUCTION

This civil rights case arises out of the shooting of unarmed Plaintiff Dezsanee Jones ("Plaintiff") by City of Riverside police officer Taylor Lapoint ("Defendant Lapoint") on September 20, 2021 in Riverside, California. On that date, Officer Lapoint and his partner, Officer Mike Taylor ("Officer Taylor"), responded to a call at 807 Blaine Street in Riverside, California regarding a male with a gun inside the caller's apartment. The male subject, later identified as Resan Bingham ("Mr. Bingham"), was described as wearing a white t-shirt and black pants. When Defendant Lapoint and Officer Taylor arrived at the scene, they located a backpack containing a firearm in the bushes underneath Plaintiff's apartment. The officers then went to make contact with Plaintiff by knocking on her apartment door. When Plaintiff did not respond immediately, a decision was then made to kick Plaintiff's door in. Defendant Lapoint discharged his firearm immediately after kicking the door in, striking an unarmed Plaintiff who was standing in her apartment in front of the door. Plaintiff was wearing a dark shirt and bright green pants and had not made any movements that could be considered to pose an immediate threat of death or serious bodily injury.

After the incident, the City of Riverside released a Critical Incident Video of the incident and shooting.[1] The press release and video alleged that Mr. Bingham had been involved in the events that preceded Plaintiff's encounter with law enforcement and was arrested for involvement. Thus, even before discovery opened in this case, Defendants were aware of Mr. Bingham's involvement in the events

---

[1] *Critical Incident Video Release – Officer Involved Shooting Investigation for September 20, 2021*, RIVERSIDECA.GOV (September 24, 2021), https://riversideca.gov/press/critical-incident-video-release-officer-involved-shooting-investigation-september-20-2021.

that took place prior to Plaintiff's encounter with law enforcement.

Plaintiff contends that Defendant Lapoint used excessive and unreasonable force and was negligent in shooting her. Plaintiff brings federal claims pursuant to 42 U.S.C. § 1983 and related state law claims against Defendants City of Riverside and Officer Lapoint for the use of excessive deadly force against Plaintiff and seeks compensatory damages.

Defendants have now filed a Motion to Modify the Court's Scheduling Order ("Defendants' Motion") seeking to continue the discovery and pretrial deadlines 30 to 45 days—eleven days before the fact discovery cut-off. Plaintiff opposes Defendants' Motion due to Defendants' lack of diligence in conducting discovery to meet the deadlines set out in the Court's Scheduling Order and Amended Scheduling Order, eleventh-hour discovery requests, and their role in creating the circumstances that brought on their Motion, and respectfully requests the Court deny Defendants' Motion in its entirety.

## II.   RELEVANT PROCEDURAL HISTORY

On October 7, 2022, Plaintiff filed her lawsuit arising out of this incident, naming the City of Riverside and DOES 1-10 as defendants. (Dkt. No. 1). On October 11, 2022, Plaintiff's counsel received an e-mail from defense counsel, Debra Cook, representing that she had been assigned as lead counsel on this matter. On November 23, 2022, defense counsel sent an e-mail to Plaintiff's counsel requesting meet and confer to discuss the City's responsive pleadings and a potential Rule 12(b) motion to dismiss or Rule 56 motion for summary judgment. On November 29, 2023, Plaintiff's counsel replied to defense counsel's email to set up a date and time and suggested that they use the meeting as an opportunity to also conduct their Rule 26 early meeting of counsel. (*See* Ex. 1 to Le Decl.) The parties held their meet and confer on the City' responsive pleadings and contemplated motions as well as their Rule 26 early meeting of counsel on December 2, 2022. (*Id.*). During the meeting, the parties agreed to exchange initial disclosures on

December 16, 2022. Plaintiff subsequently sent her initial disclosures on the agreed-upon date and granted Defendant City an extension until January 6, 2023 for its initial disclosures.

On December 8, 2022, Plaintiff filed an amended complaint naming Taylor Lapoint and Mike Smith as individual defendants. (Dkt. No. 13). On that same day, Plaintiff also sent out deposition notices for the deposition of Taylor Lapoint and Mike Smith for January 6, 2023. (*See* Ex. 2 to Le Decl.). On December 15, 2022, Plaintiff propounded written discovery to the City of Riverside. (*See* Ex. 3 to Le Decl.). The depositions of Taylor Lapoint and Mike Smith were taken on January 6, 2023. (Le Decl. ¶ 3). Defendants also filed a Motion to Dismiss that same day. (Doc No. 17). The parties were subsequently able to meet and confer further on Defendants' Motion and filed a stipulation on January 12, 2023, dismissing Mike Smith as a defendant and dismissing Plaintiff's Second Claim of Relief for Denial of Medical Care; Third, Fourth and Fifth Claims of Relief for Municipal Liability; and striking Plaintiff's request for punitive damages against the City. (Doc No. 19). As a result of the Stipulation, Defendants withdrew their Motion to Dismiss. (Dkt. No. 21). On April 17, 2023, the Court issued a Civil Trial Order and set case management dates. (Dkt. No. 32). Among those dates, the Court set the Fact Discovery Cut-Off for October 2, 2023; Initial Expert Disclosures for October 13, 2023; Rebuttal Expert Disclosures for October 27, 2023; and Last Day to Hear Motions for January 26, 2024. (*Id.* at 4).

On March 30, 2023, Defendants filed a Motion for Leave to File a Third-Party Complaint against Resan Bingham. (Dkt. No. 28). Defendants alleged in their Motion that on information and belief, "Mr. Bingham made Plaintiff fear for her safety prompting her to call 911 and then prevented and/or instructed Plaintiff not to open the door once the police arrived…" (Dkt. No. 28 at 4). Defendants further cited Mr. Bingham's guilty plea to criminal charges for falsely imprisoning Plaintiff and willfully and lawfully preventing or dissuading Plaintiff from reporting a suspect

1    crime or responding to an officer's lawful inquiry. (*Id.*). Plaintiff timely opposed the

2    motion and the Court ultimately denied Defendants' motion.

3         On June 21, 2023, Defendant City propounded Requests for Production of

4    Documents (Set One) on Plaintiff. (*See* Ex. 4 to Le Decl.). Plaintiff timely served

5    responses to those Requests. (Le Decl. ¶5). On August 17, 2023, *a month-and-a-half*

6    *before the fact discovery cutoff*, Rebecca McKee-Reimbold from defense counsel's

7    office reached out to Plaintiff's counsel and requested a brief continuance of the trial

8    date or extension of the discovery cut-off due to lead Ms. Cook's unavailability as

9    she was engaged in a month-long trial after which she was expected to observe

10   several religious holidays. (*See* Ex. A to Cook Decl.). After meeting and conferring,

11   the parties agreed to a short continuance of all discovery dates as well as the motion

12   hearing date. (*Id.*). On August 29, 2023, the parties filed their Stipulation and

13   Request for Order to continue the discovery dates and motion hearing date

14   approximately 2 months out. (Dkt. No. 38). On that same day, Defendants also

15   unilaterally noticed the deposition of Plaintiff for September 28, 2023 (four days

16   before the fact discovery cut-off) and served on Plaintiff a set of Requests for

17   Admissions. (*See* Ex. 5 to Le Decl.). On August 30, 2023, a little over a month

18   before the fact discovery cut-off, Defendants served on Plaintiff their first set of

19   Interrogatories, with a response deadline of September 29, 2023 (three days before

20   the fact discovery cut-off). (*See* Ex. 6 to Le Decl.).

21        On September 3, 2023, the Court issued an Order granting the parties'

22   stipulation to continue certain case management dates and continued the Fact

23   Discovery Cut-Off to December 1, 2023; Initial Expert Disclosures to December 13,

24   2023; Rebuttal Expert Disclosures to January 12, 2024; Expert Discovery Cut-Off to

25   January 26, 2024; and the Last Day to Hear Motions to February 23, 2024. (*See* Dkt.

26   Nos. 39, 41). On September 15, 2023, Plaintiff's counsel informed defense counsel

27   that Ms. Jones was not available for her September 28, 2023 noticed deposition and

28   offered October 9, 16, 23, and 30 as alternative dates. (*See* Ex. 5 to Le Decl.).

1    Plaintiff's counsel was informed that Ms. Cook would be unavailable until October

2    10, 2023 but that a date for Plaintiff's deposition would be provided upon her return.

3    (*Id.*). On September 18, 2023, defense counsel's office emailed Plaintiff's counsel

4    and requested that Plaintiff's counsel submit clearance forms to CDCR in order for

5    Defendants to take the deposition of Mr. Bingham at Corcoran State Prison. (*See* Ex.

6    7 to Le Decl.). Plaintiff's counsel subsequently complied with the request. (Le Decl.

7    ¶ 8). On October 11, 2023, defense counsel requested that Plaintiff hold the date of

8    October 30, 2023 for her deposition. (Ex. 8 to Le Decl.). October 30, 2023 came and

9    went without any follow up or notice from defense counsel. (Le Decl. ¶ 9).

10           Finally, on November 8, 2023—*less than a month before the close of fact*

11   *discovery*—defense counsel's office reached out to Plaintiff's counsel to request

12   availability for the week of November 27-December 1, 2023 for the depositions of

13   Plaintiff and Mr. Bingham. (*See* Ex. 9 to Le Decl.). The next day, defense counsel

14   sent an e-mail to meet and confer on the remaining discovery and Defendant

15   Lapoint's intent to file a Motion for Summary Judgment based on qualified

16   immunity.[2] (*See* Ex. 10 to Le Decl.). Defense counsel informed Plaintiff's counsel

17   that she was expected to start trial on November 17, 2023 and that the trial was

18   anticipated to last for two weeks. (*Id.*). Defense counsel proposed continuing all

19   pretrial dates by 30 days to complete the remaining discovery. (*Id.*).

20           Plaintiff's counsel informed defense counsel that Ms. Jones was available

21   December 1, 2023 for her deposition and that Plaintiff's counsel was available

22   November 28, 29, and 30 for the deposition of Mr. Bingham. (*Id.*). With those

23   deposition dates secured, Plaintiff's counsel did not believe there was a need to

24   extend the case management dates and therefore declined to enter into such a

25

26   _____

27   [2] Plaintiff contends Defendant Lapoint's contemplated Motion for Summary
     Judgment is without merit. In fact, Plaintiff is contemplating on filing a Motion for
28   Summary Judgment herself based on the undisputed facts of this case.

stipulation. (*Id.*). Defense counsel then informed Plaintiff's counsel that they were *not available* December 1, that they *had not cleared dates* for the deposition of Mr. Bingham, and *for the first time since the inception of the case*, informed Plaintiff's counsel that they wanted to have Plaintiff submit to an Independent Medical Examination and needed Plaintiff's medical records for that purpose. (*Id.*; Le Decl. ¶ 11).

Plaintiff had already produced responsive medical records for the treatment of her injuries sustained from the incident in her responses to Defendant City's Request for Production (Set One) back in July 2023. (Le Decl. ¶ 11). Moreover, Defendants had subpoenaed additional medical records of Plaintiff's with a production date set for November 10, 2023. (*Id.*). Plaintiff's counsel informed defense counsel of such and reiterated that Plaintiff was willing to work with defense counsel's availability for the last week of November to complete her deposition and Mr. Bingham's deposition. (*See* Ex. 10 to Le Decl.).

On November 10, 2023, defense counsel informed Plaintiff's counsel Defendants' desire for Plaintiff to submit to a Defense Medical Examination ("DME") with their retained physician on November 30, 2023 at 12:30 p.m. Defense counsel did not specify the manner, conditions, and scope of the examination as required by Federal Rules of Civil Procedure, Rule 35. (*See* Ex. 10 to Le Decl.). Defense counsel further requested that Plaintiff appear for her deposition on November 29, 2023 or possibly December 1, 2023 and reiterated that they had yet to clear dates for Mr. Bingham's deposition. (*Id.*).

On November 13, 2023, defense counsel informed Plaintiff's counsel that she had received her trial schedule, that the court conducting her trial was dark on Fridays, requested that Plaintiff submit to a DME on November 30, 2023 and be deposed on December 1, 2023. (Le Decl. ¶12; *see* Ex. 10 to Le Decl.). Plaintiff's counsel replied, indicating that Plaintiff, in the spirit of cooperation and good faith, was willing to submit to a DME on November 30, 2023, subject to the parties

entering into and filing a proposed stipulation with the Court regarding the manner, conditions, and scope of the examination pursuant to Rule 35. (*Id.*). Plaintiff further confirmed December 1, 2023 for Plaintiff's deposition. (*Id.*). Plaintiff's counsel declined agreeing to stipulate the extending all dates on the belief that there is no good cause for the extensions. (*Id.*).  On November 15, 2023, Defendants unilaterally noticed the deposition of Resan Bingham for December 20, 2023—after the fact discovery cut-off date of December 1, 2023. (*See* Ex. 11 to Le Decl.). Plaintiff served her objection to Defendants' deposition notice on November 17, 2023. (Le Decl. ¶ 14). On November 20, 2023, the parties filed a Stipulation for Physical Examination of Plaintiff by Defense Expert with the Court, setting the terms and conditions of Plaintiff's November 30, 2023 DME. (Dkt. No. 42). <u>On November 30, 2023, Plaintiff completed the DME in compliance with the parties' stipulation and Magistrate Judge Pym's related order.</u> (Le Decl. ¶ 15). <u>On December 1, 2023, Defendants took Plaintiff's deposition.</u> (Le Decl. ¶ 16). Plaintiff did not identify any percipient witnesses in her depositions that Defendants did not already have knowledge of through their investigation of the officer-involved shooting and Plaintiff's responses to written discovery. (*Id.*).

## III.   <u>LEGAL STANDARD</u>

Under Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). "When ruling on a motion to amend a Rule 16 scheduling order to reopen discovery," courts consider six factors: (1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence. *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017). "While no one factor is necessarily dispositive, the Ninth Circuit has

1  instructed that the primary focus should be on whether the party seeking to reopen
2  discovery has acted diligently." *De Paz v. Wells Fargo Bank, N.A.*, No. 18-cv-
3  09779-PSG (PJWx), 2020 WL 2404897, at *2 (C.D. Cal. Feb. 18, 2020) (citing
4  *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992)).

5      A party seeking to modify the schedule must show good cause and diligence
6  in meeting Federal Rule of Civil Procedure 16's requirements. *See* Fed. R. Civ. P.
7  16 advisory committee notes (1983 amendment); *Johnson*, 975 F.2d at 609 (Rule
8  16(b)'s "good cause" standard focuses on the diligence of the party seeking
9  modification of the scheduling order). "A party demonstrates good cause for the
10  modification of a scheduling order by showing that, even with the exercise of due
11  diligence, he or she was unable to meet the timetable set forth in the order. *Matrix*
12  *Motor Co. v. Toyota Jidosha Kabushiki Kaisha*, 218 F.R.D. 667, 671 (C.D. Cal.
13  2003) (citing *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th
14  Cir. 2002)); *Johnson*, 975 F.2d at 609. "Moreover, carelessness is not compatible
15  with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 875
16  F.2d at 609.

17      The Court "has wide discretion in controlling discovery." *Little v. City of*
18  *Seattle,* 863 F.2d 681, 685 (9th Cir. 1988). In determining whether the reopen
19  discovery, a district court's "rulings will not be overturned in the absence of a clear
20  abuse of discretion." *Cornell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027
21  (9th Cir. 2006) (citations omitted). "A district court abuses its discretion *only if the*
22  *movant diligently pursued previous discovery opportunities....*" *Id.* at 1026
23  (emphasis added) (citations omitted). The Ninth Circuit "decline[s] to limit the
24  district court's ability to control its docket by enforcing a discovery termination date,
25  even in the face of requested supplemental discovery that might have revealed
26  highly probative evidence, when the [the moving party's] prior discovery efforts
27  were not diligent." *Id.* at 1027.
28  //

## IV. <u>THE COURT SHOULD DENY DEFENDANTS' MOTION TO MODIFY THE SCHEDULING ORDER</u>

Here, five of the six *Pomona* factors—including the most important factor regarding Defendants' diligence—weigh against reopening discovery. While trial is currently scheduled for June 24, 2024, and therefore not "imminent," this is the only factor that weighs in favor of reopening discovery. <u>First</u>, as evidenced by this Opposition, Defendants' Motion to modify the Scheduling Order and to reopen discovery is opposed. <u>Second</u>, Plaintiff will suffer prejudice if the Scheduling Order dates are further continued. The parties have already continued the pretrial dates once, any further continuance of the pretrial dates will likely affect the trial date. (*See* Dkt. No. 32, Civil Trial Order at 2 ("Litigants are therefore advised that if the Court grants a request to continue one pretrial date, absent good cause, it is likely to postpone any subsequent dates consistent with its usual pretrial scheduling practices.")). The continuance of the pretrial and trial dates and the allowance of Defendants to take the deposition of Resan Bingham and conduct additional currently unknown discovery will require Plaintiff to expend additional discovery and case costs, including having Plaintiff's experts review additional materials and issue a supplemental report since expert initial disclosures are currently due December 13, 2023 and rebuttal disclosures are due January 12, 2023, and alter Plaintiff's case strategy and trial tactics as Plaintiff will have to defend against the irrelevant and prejudicial testimony of Mr. Bingham regarding his previous relationship with Plaintiff and his actions towards Plaintiff prior to the involvement of law enforcement on the day of the incident—none of which was known to Defendant Lapoint at the time of the shooting. *See Morris v. Sutton*, No. 1:17-cv-01488-AWI (SABx), 2019 WL 2994291, at *5 (E.D. Cal. July 9, 2019) (reopening discovery may prejudice a non-moving party when it delays proceedings, especially the trial date, and when it requires additional costs and major alterations in trial tactics and strategy).

<u>Third</u>, and most importantly, Defendants were not diligent in their efforts to comply with the Court's initial scheduling order and subsequent modified scheduling order, and on that fact alone, the Court should deny Defendants' Motion. *See Hamidi v. Serv. Emps. Int'l Union Loc. 1000*, 386 F. Supp. 3d 1289, 1298-99 (E.D. Cal. 2019) (denying a motion to reopen discovery solely based on the diligence factor). Discovery opened in this case after the December 2, 2022 early meeting of counsel. *See* Fed. R. Civ. P. 26(d)(1). Defendants did not make any effort to initiate any discovery until Defendant City's first set of Requests for Production of Documents was sent on June 21, 2023—<u>more than six months after discovery had opened</u>. Defendants' next discovery efforts did not occur until August 29, 2023, when Defendants unilaterally noticed Plaintiff's deposition and sent out a set of Requests for Admissions. This only occurred subsequent to the parties agreeing to continue the discovery deadlines and motion hearing deadline two months out in order to accommodate defense counsel's trial schedule and religious holidays.

On September 18, 2023, Plaintiff's counsel contacted defense counsel to inform her that Plaintiff was not available on the date of her unilaterally noticed deposition and offered several alternative dates. Over a month and a half passed before Plaintiff's counsel was contacted about rescheduling Plaintiff's deposition on November 8, 2023, and by that time, the discovery deadline was less than a month away. Despite these last-minute efforts by Defendants, Plaintiff has attempted to cooperate in good faith and flexibly worked with defense counsel's schedule in order to schedule Plaintiff's deposition prior to the discovery cutoff date and even going so far as agreeing to submit to a DME prior to the discovery cutoff despite only being informed of Defendants' desire for one for the first time on November 9, 2023. <u>Plaintiffs completed the DME on November 30, 2023, and was deposed by defense counsel on December 1, 2023.</u>

As for the deposition of Mr. Bingham, defense counsel's office first notified Plaintiff's counsel of their desire to depose Mr. Bingham on September 18, 2023

1   (two weeks prior to the original fact discovery cutoff), despite knowing about his
2   involvement in this incident as far back as September 24, 2021—a year prior to the
3   inception of this case. Despite Defendant's desire to depose Mr. Bingham,
4   Defendants did not attempt to set Mr. Bingham's deposition until their November 8,
5   2023 email—less than one month before the discovery cutoff—and as late as of
6   November 10, 2023, had not cleared dates with CDCR for Mr. Bingham's
7   deposition. On November 15, 2023, Defendants finally sent, for the first time in the
8   discovery process, a notice for Mr. Bingham's deposition, for a date *after* the
9   discovery cut-off (December 20, 2023).

10          Defendants could have, and should have, served discovery requests and
11   noticed their desired depositions earlier in the discovery period. Defendants contend
12   that "[a] series of unexpected scheduling events occurred that could not have been
13   anticipated by Defendants beginning in August, 2023 that caused a ripple effect
14   resulting in the inability to complete pretrial discovery in this matter," (Defs.'
15   Application at 9)[3], but have failed to explain, as required by the Court's Civil Trial
16   Order, (*see* Doc No. 32 at 19-20), why Defendants could not have conducted
17   discovery prior to August 2023, especially considering discovery opened in
18   December 2022. *Cf. Merck v. Swift Transportation Co.*, No. CV-16-01103-PHX-
19   ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018) ("a party demonstrates
20   good cause by acting diligently to meet the original deadlines set forth by the

_____

22   [3] One reason Defendants provide for their failure to diligently conduct discovery in
23   this case since August 2023 is due to the pending discovery in *Xavier Lopez v. City
     of Riverside*, case no. 5:21-cv-02140-PSG-JEM, a case in which the district court
24   declined to grant an extension of the discovery and case management dates. (Defs.'
     Application at 10). Plaintiff notes that in *Lopez*, the district court denied defense
25   counsel's request to continue the case management dates because the court found
26   that, like in this case, the defendants were not diligent in pursuing depositions and
     other discovery matters in advance of the deadlines set by the court. *See Lopez v.
27   City of Riverside, et al.*, 5:21-cv-02140-PSG-JEM, Dkt. No. 172, at 5-7; Ex. 12 to
28   Le Decl.

1   court."); *see also Brooke v. Treasure Mountain Holdings LLC*, No.

2   520CV02208FLASPX, 2022 WL 18399972, at *3 (C.D. Cal. Apr. 12, 2022)

3   (denying request to reopen discovery and continue pretrial deadlines because the

4   defendant waited a month before the close of fact discovery to serve plaintiff a

5   notice of deposition that was scheduled three days prior to the close of discovery

6   and failed to provide detailed facts about its diligence in written discovery); *Weco*

7   *Supply Co. v. Sherwin-Williams Co.*, No. 1:10-CV-00171 AWI, 2012 WL 1424437,

8   at *3, 4 (E.D. Cal. Apr. 24, 2012) (finding that an unspecified "hectic trial schedule"

9   does not constitute good cause).

10      <u>Fourth</u>, the foreseeability of the need to take Plaintiff's deposition, conduct

11   discovery into Plaintiff's injuries, and take depositions of percipient witnesses,

12   including Mr. Bingham, was apparent even before the inception of this case. The

13   main issue in this case is Plaintiff's allegation that she was injured by Defendant

14   Lapoint's use of negligent and excessive/unreasonable force. Moreover, Defendants

15   have known about Mr. Bingham's presence at the scene and involvement in the

16   incident prior to the inception of this case as evidenced by the City of Riverside's

17   September 24, *2021* Critical Incident Video. Accordingly, this factor also weighs

18   against the reopening of discovery and continuing other pretrial deadlines.

19      <u>Lastly</u>, reopening discovery will not result in the discovery of relevant

20   information. The only discovery identified by Defendants in their moving papers

21   that is outstanding is the deposition of Mr. Bingham. Defendants have had

22   knowledge of percipient witnesses in this case through the police reports in

23   Defendants' possession and Plaintiff's responses to Defendants' written discovery

24   and Plaintiff did not identify any new percipient witnesses in her deposition.

25   Moreover, Mr. Bingham's was interviewed immediately after the incident and stated

26   that *he did not see the shooting*. (*See* Le Decl. ¶ 19). The only information

27   Defendants will gain from Mr. Bingham's deposition is the nature and extent of his

28   former relationship with Plaintiff and his actions prior to the shooting that led the

involvement of law enforcement. This information is not relevant to the inquiry regarding the reasonableness of Defendant Lapoint's use of deadly force against Ms. Jones.

Five of the six *Pomona* factors weigh against the reopening of discovery. Accordingly, Defendants' Motion should be denied in its entirety. *See Bella+Canvas, LLC v. Fountain Set Ltd.*, No. 221CV00758ODWMAAX, 2023 WL 1997702, at *4 (C.D. Cal. Feb. 14, 2023) (finding that the moving party failed to establish good cause to reopen discovery because three of the six *Pomona* factors, including the most important factor of the moving party's diligence, weighed against reopening discovery).

## V. DEFENDANTS WILL NOT SUFFER ANY PREJUDICE IF THEIR MOTION IS DENIED

Defendants will not suffer any prejudice from a denial of their request to modify the Scheduling Order. A DME has been conducted and Plaintiff's deposition has been taken. Moreover, this incident was captured on video, by Defendant Lapoint's body worn camera. It is undisputed that Plaintiff was not the subject of the call, did not match the description of the subject of the call, and was unarmed at the time of the shooting. Defendants contends that the deposition of Resan Bingham is needed because Mr. Bingham's testimony is "critical to the defense" (Mot. at 14), but fails to explain how the testimony of someone who was only involved in the events that Defendant Lapoint did not witness and had very little information about, and did not visually witness the shooting, could be relevant to this case.

Since the United States Supreme Court first elucidated the Fourth Amendment reasonableness standard in police shooting-death cases, lower courts and juries have been required to confine their inquiry to the information known to the officer at the time of the use of force. *See Graham v. Connor*, 490 U.S. 386, 396 (1989). "The clarity of hindsight cannot provide the standard for judging the reasonableness of police decisions made in uncertain and often dangerous

circumstances." *Tennessee v. Garner*, 471 U.S. 1, 26 (1985).

In *Glenn v. Washington County*, 673 F.3d 864, 873 (9th Cir. 2011), the Ninth Circuit reiterated that information unknown to an officer at the time of his use of force – or information *acquired after the incident* by investigators or during discovery – cannot be considered. The Ninth Circuit stated that "[w]e cannot consider evidence of which the officers were unaware—the prohibition against evaluating officers' actions 'with the 20/20 vision of hindsight' cuts both ways." *Id.* (citing *Graham*, 490 U.S. at 396). This prohibition also applies when evaluating California state law battery and negligence claims arising out of the same conduct and use of force. *See Munoz v. City of Union City*, 120 Cal. App. 4th 1077 (2004); *Hayes v. Cnty. of San Diego*, 736 F.3d 1223, 1232-33 (9th Cir. 2013) (applying California negligence law); *Tabares v. City of Huntington Beach*, 988 F.3d 1119, 1125 (9th Cir. 2021).

The issue in this case is whether Defendant Lapoint used excessive or unreasonable force in light of the circumstances he was confronted with and the facts known to him. Defendant Lapoint did not witness Mr. Bingham's actions and did not have any specific knowledge of what Mr. Bingham did besides what was communicated to him regarding the call by dispatch. (Ex. 13 to Le Decl., Lapoint Dep., 18:10-12, 26:2-14, 65:19-23). Indeed, Defendant Lapoint admitted in his deposition that after the shooting he did not feel the need to search Mr. Bingham because at that time, he did not believe Mr. Bingham to be the subject of the call. (Ex. 13 to Le Decl., Lapoint Dep. 59:5-9). Moreover, the Court denied Defendant's Motion for Leave to File a Third-Party Complaint against Mr. Bingham and thus, Mr. Bingham's liability is not at issue. Additionally, Plaintiff does not plan on calling Mr. Bingham at trial and would object to Defendants' attempt to call Mr. Bingham at trial because Mr. Bingham's testimony is irrelevant to the issues in this case and would be more prejudicial than probative. Moreover, Mr. Bingham was interviewed by an RPD officer after the incident and told him that he *did not*

*visually witness the shooting*. (Le Decl. ¶ 19). The only thing Mr. Bingham witnessed relating to the shooting was hearing the shot. (*Id.*). Accordingly, Mr. Bingham's testimony regarding his specific actions prior to the law enforcement encounter are not relevant to any claims or defenses and Defendants have not explained how Mr. Bingham's deposition is necessary for Defendants' preparation at trial or for their expert witnesses to complete their reports. *See Arredondo v. University of La Verne*, Case No. 2:20-cv-07665-MCS-RAO, 2022 WL 423389, at *1 (C.D. Cal. Jan. 11, 2022) (denying ex parte application to extend expert discovery deadlines because the moving party failed to make a showing that the pending discovery "is information for which expert testimony will be necessary and on which the expert's conclusions will rely.").

## VI.   THE COURT SHOULD LIMIT DISCOVERY SHOULD IT FIND GOOD CAUSE TO GRANT DEFENDANTS' MOTION

In the event that the Court finds good cause to grant Defendants' Motion to modify the Scheduling Order, the Court should limit Defendants' ability to conduct discovery to Mr. Bingham's deposition only. Defendants argue that one of the reasons the Scheduling Order should be modified, despite Plaintiff's deposition and DME having been confirmed for dates prior to the current fact discovery cut-off, is because "to the extent there is any percipient witness identified in the deposition, there would be no time to take further depositions without reopening discovery" and thus, modification "would accommodate any lingering discovery uncovered in the deposition." (Defs.' Mot. at 12). Plaintiff's deposition was taken on December 1, 2023. Plaintiff did not identify any percipient witnesses in her deposition that Defendants did not already have knowledge of through the investigation of the shooting and Plaintiff's written discovery responses.

Due to Defendants' failure to diligently conduct depositions and other discovery matters within the current deadlines by the Court, Defendants should not be given the opportunity to conduct further discovery nor should Defendants be

given the opportunity to depose Mr. Bingham when they failed to timely notice his deposition. Plaintiff's and Mr. Bingham's depositions could have, and should have, been noticed and taken months ago. Defendants should not be rewarded with additional time to conduct unfettered discovery because they waited until the eleventh-hour to make these discovery requests. Accordingly, should the Court find good cause to grant Defendants' request to modify the Scheduling Order, Plaintiff respectfully requests that the Court limit the fact discovery to conducting the only outstanding discovery identified in Defendants' moving papers—Mr. Bingham's deposition. Plaintiff further requests that the Court order the parties to meet and confer on a mutually agreeable date for Mr. Bingham's deposition, as the current date of December 20, 2023 was unilaterally chosen by Defendants.

## VII.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion to Modify the Court's Scheduling Order in its entirety.

Respectfully submitted,

DATED:  December 8, 2023          LAW OFFICES OF DALE K. GALIPO

By_____/s/ Hang D. Le_____
        Dale K. Galipo
        Hang D. Le
        Attorneys for Plaintiff DEZSANEE JONES