1  PHAEDRA A. NORTON, City Attorney, SBN 200271
   REBECCA L. MCKEE, Assistant City Attorney, SBN 279485
2  DEBRA K. COOK, Deputy City Attorney, SBN 250114
   JUDITH N. GALLARDO, Deputy City Attorney, SBN 297688
3  CECILIA ROJAS, Deputy City Attorney, SBN 340468
   **OFFICE OF THE CITY ATTORNEY – City of Riverside**
4  3750 University Avenue, Suite 250
   Riverside, California 92501                              *Fee Exempt Per*
5  Telephone (951) 826-5567                                 *Govt. Code § 6103*

6  Attorneys for Defendants,
   CITY OF RIVERSIDE, a California charter city and municipal corporation;
7  TAYLOR LAPOINT, an individual; and MIKE SMITH, an individual

8
                    **UNITED STATES DISTRICT COURT**
9
                   **CENTRAL DISTRICT OF CALIFORNIA**
10

11

12  DEZSANEE JONES, individually,          )   CASE NO.  5:22-cv-1764-SSS-SP
                                           )   *[Assigned to Hon. Sunshine S. Sykes,*
13                      Plaintiff,         )   *Courtroom: 2]*
                                           )
14  v.                                     )   **DEFENDANTS' RULE 56**
                                           )   **MOTION FOR PARTIAL**
15  CITY OF RIVERSIDE, TAYLOR              )   **SUMMARY JUDGMENT**
    LAPOINT,MIKE SMITH; and DOES 3         )
16  through 100 inclusive,                 )   **[ F.R.C.P. 56]**
                                           )
17                      Defendants.        )   **Date:        January 26, 2024**
                                           )   **Time:        2:00 p.m.**
18                                         )   **Courtroom:   2**
                                           )
19                                         )
                                           )
20                                         )
                                           )   Complaint Filed:  10/07/2022
21                                         )   **FAC Filed:       12/8/2022**
                                           )
22                                         )   Trial Date:   June 24, 2024
                                           )
23                                         )
                                           )
24                                         )
                                           )
25                                         )
    _____    )
26

27
                                    -1-
28

City Attorney's Office
3750 University Ave., Ste. 250
Riverside, California 92501
(951) 826-5567

                                                 CASE NO. 5:22-cv-1764-SSS-SP
                                         DEFENDANTS' RULE 56 MOTION FOR
                                             PARTIAL SUMMARY JUDGMENT

**TO THE COURT, PLAINTIFF AND HIS ATTORNEYS:**

**PLEASE TAKE NOTICE THAT** on January 26, 2024, at 2:00 p.m., or as soon as the parties may be heard before the Honorable Sunshine S. Sykes in Courtroom 2, located at 3470 Twelfth Street, Riverside, California 92501, Defendants TAYLOR LAPOINT ("Officer Lapoint"), and the CITY OF RIVERSIDE ("City") (collectively "Defendants") individually, and collectively, pursuant to Fed. R. Civ. P. 56 will move for partial summary judgment against Plaintiff DEZSANEE JONES ("Plaintiff") on the grounds that there is no genuine issue as to any material fact and that each Defendant is entitled to judgment as a matter of law on Plaintiff's causes of action for excessive force (Fourth Amendment) Bane Act (§52.1), and battery for the following reasons:

1. There was no Fourth Amendment seizure.
2. To the extent that there are factual issues concerning seizure and intent, Officer Lapoint is entitled to qualified immunity because there was no clearly established law prohibiting his conduct.
3. Plaintiff's cause of action under the Bane Act (§52.1) is not viable because Plaintiff admits at no time was she intimidated, coerced, or threatened by Officer Lapoint; and
4. Plaintiff's battery claim fails for lack of intended force on any suspect.

This motion is made following the conferences of counsel pursuant to Local Rule 7-3, which took place on November 9, 2023.

This motion is based upon this notice of motion, motion, the accompanying Memorandum of Points and Authorities, the separate statement of uncontroverted material facts, request for judicial notice, the declarations of Debra K. Cook, Mike Smith, Taylor Lapoint, and Ryan Railsback, and all pleadings and papers on file in

-2-

City Attorney's Office
3750 University Ave., Ste. 250
Riverside, California 92501
(951) 826-5567

CASE NO. 5:22-cv-1764-SSS-SP
DEFENDANTS' RULE 56 MOTION FOR
PARTIAL SUMMARY JUDGMENT

1  this action, and upon such other matters as may be presented to the court at the

2  time of this hearing.

3

4  DATED:  December 8, 2023          **OFFICE OF THE CITY ATTORNEY**

5                                              By:  ___/s/ Debra K. Cook_____

6                                                   DEBRA K. COOK
                                                     Attorneys for Defendants CITY OF
7                                                   RIVERSIDE and TAYLOR LAPOINT

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

CASE NO. 5:22-cv-1764-SSS-SP
DEFENDANTS' RULE 56 MOTION FOR
PARTIAL SUMMARY JUDGMENT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **TABLE OF CONTENTS**

Page

**I. STATEMENT OF THE CASE AND SUMMARY OF ARGUMENT**….......7

**II. SUMMARY OF PARTIES, CLAIMS, AND FACTS** ....................................8

**III. STATEMENT OF FACTS** ..........................................................................8

A. THE FIRST EMERGENCY 911 CALL.....................................................8

B. THE LAW ENFORCEMENT DISPATCH, RESPONSE, AND RISK ASSESSMENT ........10

C. THE SECOND EMERGENCY 911 CALL................................................12

D. THE UNINTENDED INJURY....................................................................13

**IV. SUMMARY JUDGMENT STANDARD** ...................................................13

**V. ARGUMENT**………………..................................................................14

A. PLAINTIFF'S CAUSE OF ACTION FOR EXCESSIVE FORCE FAILS BECAUSE SHE WAS NOT SUBJECT TO A FOURTH AMENDMENT SEIZURE...............................14

B. OFFICER LAPOINT IS ENTITLED TO QUALIFIED IMMUNITY................................17

C. PLAINTIFF'S BANE ACT CLAIM IS NOT ...........................................18

D. PLAINTIFF'S BATTERY CLAIM IS NOT VIABLE.................................19

**VI. SUPPLEMENTAL JURISDICTION UNWARRANTED** .........................20

**VII. CONCLUSION**..........................................................................................21

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE., STE. 250
RIVERSIDE, CALIFORNIA 92501
(951) 826-5567

CASE NO. 5:22-cv-1764-SSS-SP
DEFENDANTS' RULE 56 MOTION FOR
PARTIAL SUMMARY JUDGMENT

1

# **TABLE OF AUTHORITIES**

2

**Cases**                                                                                                        **Page No.**

3   *Abromson v. Am. Pac. Corp.*, 114 F.3d 898, 902 (9th Cir. 1997)……………….14

4   *Anderson v. Liberty Lobby, Inc.* (1986) 477 U.S. 242, 250 …………………..14

5   *Bender v. Cnty. of Los Angeles*, 217 Cal. App. 4th 968, 979 (2013)…………….18

6   *Brower v. County of Inyo* (1989) 489 U.S. 593, 596 …………………………….14

7   *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988)……………….20

8   *Celotex Corp. v. Catrett* (1986) 477 U.S. 317, 323……………………………….14

9   *Ciminillo v. Streicher,* 434 F.3d 461, 465 (6th Cir. 2006)…………………..14, 16

10  *Claybrook v. Birchwell*, 199 F.3d 350, 359 (6th Cir. 2000)……………………..15

11  *Graham v. Connor*, 490 U.S. 386, 396 (1989)……………………………………17

12  *Hernandez v. City of Pomona*, 46 Cal. 4th 501, 518 (2009)……………………..19

13  *Hill v. California*, 401 U.S. 797, 802-05……………………………………………16

14  *Kisela v. Hughes*, 138 S. Ct. 1148, 1153 (2018)…………………………………17

15  *Lal v. California*, 746 F.3d 1112, 1116 (9th Cir. 2014)…………………………..17

16  *Lopez v. City of Santa Maria*, 2016 U.S. Dist. Lexis 9741 (C.D.Cal. 1/26/2016)..15

17  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)…………………………14

18  *Lyall v. City of Los Angeles*, 807 F.3d 1178, 1196 (9th Cir. 2015)…………...18, 19

19  *Medeiros v. O'Connell*, 150 F.3d 164, 168 (2d Cir. 1998)………………....15, 16

20  *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)…………………………………17

21  *Rodriguez v. City of Fresno*, 819 F.Supp.2d 937 (E.D.Cal. 2011)…...15, 16, 19, 20

22  *Rucker v. Harford County*, 946 F.2d 278, 281 (4th Cir. 1991)………………15, 16

23  *Saucier v. Katz*, 533 U.S. 194, 207 (2001)………………………………………17

24  *Shoyoye v. Cnty. of Los Angeles*, 203 Cal. App. 4th 947, 959, (2012)………18, 19

25  *United States v. Lockett*, 919 F.2d 585, 590 n.4 (9th Cir. 1990)……………..14, 16

26  *Venegas v. Cnty. of Los Angeles*, 153 Cal. App. 4th 1230 (2007)………………..18

27  *Xiong v. City of Merced*, 2015 U.S. Dist. Lexis 99146 (E.D. Cal. July 29, 2015)..15

28

-5-

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE., STE. 250
RIVERSIDE, CALIFORNIA 92501
(951) 826-5567

CASE NO. 5:22-cv-1764-SSS-SP
DEFENDANTS' RULE 56 MOTION FOR
PARTIAL SUMMARY JUDGMENT

1

2 **Statutes**

3 California Civil Code § 52.1……………………………………………………..8, 18

4 California Civil Code § 52.1(b)……………………………………………………..18

5 FED. R. CIV. P. 56(A) …………………………………………………………13

6 FED. R. CIV. P. 56(C) …………………………………………………………14

7 FED. R. CIV. P. 56(E) …………………………………………………………14

8 42 U.S.C. § 1983………………………………………………………8, 19, 20

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-6-

CASE NO. 5:22-cv-1764-SSS-SP
DEFENDANTS' RULE 56 MOTION FOR
PARTIAL SUMMARY JUDGMENT

## I.     <u>STATEMENT OF THE CASE AND SUMMARY OF ARGUMENT</u>

This lawsuit arises from an officer involved shooting. On September 20, 2021, Plaintiff DEZSANEE JONES ("Plaintiff") called 911 to report that an unknown male armed with a gun was inside her apartment. Riverside Police Department dispatched the emergency call as a high priority and Defendant TAYLOR LAPOINT ("Officer Lapoint") and Officer Mike Smith ("Officer Smith") immediately responded, arriving at the apartment complex within three (3) minutes. As the officers attempted to locate Plaintiff's apartment, they discovered a backpack in the bushes under Plaintiff's second-story balcony that contained a firearm. Officers Lapoint and Jones rushed to Plaintiff's unit on the second floor, which was located at the end of a narrow corridor. Officer Lapoint quickly entered the dangerous corridor alone while Officer Smith provided lethal cover from a distance. Officer Lapoint knocked on Plaintiff's door, announcing he was the police. During 54 seconds of knocking, Officer Lapoint could hear suspicious sounds in the unit. Officer Lapoint continued to knock and announced he was going to kick in the door if it was not opened immediately. Officer Lapoint determined the door needed to be breached to ensure the safety of Plaintiff. As he was kicking in the door, Officer Lapoint was confronted with a large, unexpected figure in the doorway facing him in a manner that startled him.  In less than a second he discharged his weapon responding reflexively to the unexpected shock of having a figure in the opening of the door. Plaintiff was unintentionally injured. The entire law enforcement encounter was recorded on body worn camera and an audio recording.

Officer Lapoint did not intentionally use any force on Plaintiff. There was no seizure. However, even if the intent underlying the weapon discharge is considered a factual dispute, there was no clearly established law that Officer Lapoint could not use force in this split-second dangerous encounter. Additionally, Plaintiff

-7-

admits there was no act of intimidation, threat, or coercion by Officer Lapoint that could support her Bane Act claim, and the lack of intent to apply force to any suspect/person causes the state law battery claim to similarly fail.

## II.   SUMMARY OF PARTIES, CLAIMS, AND FACTS

Plaintiff is Dezsanee Jones, Defendants are the City of Riverside and Officer Taylor Lapoint. Plaintiff alleges the following claims: (1) Unreasonable Search and Seizure – Excessive Force (42 U.S.C. § 1983); (2) Unreasonable Search and Seizure – Denial of Medical Care (42 U.S.C. § 1983); (3) Municipal Liability - Ratification (42 U.S.C. § 1983); (4) Municipal Liability – Inadequate Training (42 U.S.C. § 1983), (5) Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983), (6) Battery, (7) Negligence, (8) Bane Act (Cal. Civ. Code 52.1).

Plaintiff agreed to dismiss her causes of action for Unreasonable Search and Seizure – Denial of Medical Care (42 U.S.C. § 1983), Municipal Liability - Ratification (42 U.S.C. § 1983), Municipal Liability – Inadequate Training (42 U.S.C. § 1983), and Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983). *(Dkts.19,23).* Additionally, Plaintiff agreed to dismiss all her claims against Defendant Mike Smith. *(Id.)*

Plaintiff's only remaining claims against Defendant Taylor Lapoint are Unreasonable Search and Seizure – Excessive Force (42 U.S.C. § 1983), Battery, Negligence, and Bane Act (Cal. Civ. Code 52.1).  The only remaining claims against Defendant City of Riverside are vicarious liability for Battery, Negligence, and Bane Act (Cal. Civ. Code 52.1).

## III.   STATEMENT OF FACTS

### A.   THE FIRST EMERGENCY 911 CALL

On September, 20, 2021, Plaintiff was at her residence located at 807 Blaine Street., Apt. 214 in Riverside, California when she made the first of two 911 calls.

-8-

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE., STE. 250
RIVERSIDE, CALIFORNIA 92501
(951) 826-5567

CASE NO. 5:22-cv-1764-SSS-SP
DEFENDANTS' RULE 56 MOTION FOR
PARTIAL SUMMARY JUDGMENT

*(Statement of Undisputed Material Fact ("SMF") 1,2)*. The first 911 call occurred at approximately 2:17 p.m. ("First 911 Call") *(SMF 1,2)*.

In the First 911 Call Plaintiff told the 911 operator ("Operator") that there was "a boy in here with a gun in my house." *(SMF 3)*. In response, the Operator asked Plaintiff "do you know this individual."*(SMF 4)*. Plaintiff said "no." *(SMF 5)*. Plaintiff lied when she told the Operator that she did not know the "individual with a gun in her house." *(SMF 6)*. The subject was Plaintiff's boyfriend, Resan Bingham. *(SMF 7)*.

The Operator then asked Plaintiff for "a description of him [Resan Bingham], White, black, Hispanic, Asian?"*(SMF 8)*. Plaintiff replied, "Uh, black. White shirt, black pants. Black socks, black shoes." *(SMF 9)*. The Operator followed up with the clarification question, "You said white male?" *(SMF 10)*. Plaintiff clarified, "White."*(SMF 11)*. Plaintiff lied when she told the Operator that the individual [Resan Bingham] was a white male. *(SMF 12)*.

The Operator continued, asking Plaintiff "How old does he [Resan Bingham] look?" *(SMF 13)*. Plaintiff replied that he [Resan Bingham] looked "about 29." *(SMF 14)*. Plaintiff further described the man in her house [Resan Bingham] as wearing a white shirt and black shorts. *(SMF 15)*. The Operator then asked Plaintiff "What kind of gun was it?" *(SMF 16)*. Plaintiff responded "I'm not sure. I think it was like a handgun." *(SMF 17)*. Plaintiff then told the Operator "I know he [Resan Bingham] has a black backpack." *(SMF 18)*. Plaintiff intentionally disconnected the call at the demand of Resan Bingham. *(SMF 19)*. Shortly after Plaintiff disconnected the call, the Operator attempted to call back, but Plaintiff did not pick up under threat by Resan Bingham. *(SMF 20)*.

/ / /

/ / /

City Attorney's Office
3750 University Ave., Ste. 250
Riverside, California 92501
(951) 826-5567

CASE NO. 5:22-cv-1764-SSS-SP
DEFENDANTS' RULE 56 MOTION FOR
PARTIAL SUMMARY JUDGMENT

### B.   THE LAW ENFORCEMENT DISPATCH, RESPONSE, AND RISK ASSESSMENT

RPD dispatched the call and marked it a high priority call. *(SMF 21)*. Officers Lapoint and Smith responded to the dispatch and arrived at Plaintiff's apartment complex within three minutes. *(SMF 22)*. RPD Dispatch conveyed to the officers the following: "a subject with a gun, female caller, white male suspect wearing a white t-shirt, black pants, with a black backpack armed with a handgun had walked into her apartment." *(SMF 23)*.

When Officer Lapoint received the dispatch, he assessed the risk level as very high because his previous experiences when males have been inside female's apartments have been dire. *(SMF 24)*. Officer Lapoint previously encountered a female murdered by a male intruder and wanted to make sure Plaintiff was safe. *(SMF 25)*. Officer Lapoint assessed this fact as an elevated risk factor for danger. *(Id.)*

Officers Lapoint and Smith received an update that Plaintiff's call disconnected and RPD Dispatch was attempting to call back. *(SMF 26)*. Officer Lapoint also assessed this fact as an elevated risk factor for danger. *(Id.)* Officers Lapoint and Smith began their investigation to locate Plaintiff and her apartment residence. *(SMF 27)*. As Officers Lapoint and Smith swiftly made their way toward Plaintiff's apartment, they found a black backpack inside of a bush on the first floor outside Plaintiff's second floor apartment. *(SMF 28)*. Inside the black backpack was a gun. *(SMF 29)*. Officer Lapoint also assessed this fact as an elevated risk factor for danger because Plaintiff could have been already shot, potentially bleeding out, and the suspect ran off and dumped the gun. *(SMF 29,30)*. Officer Lapoint told Officer Smith to grab the backpack and urgently find Plaintiff to assure she was safe. *(SMF 31)*.

As Officers Lapoint and Smith were urgently looking for Plaintiff's

-10-

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE., STE. 250
RIVERSIDE, CALIFORNIA 92501
(951) 826-5567

CASE NO. 5:22-cv-1764-SSS-SP
DEFENDANTS' RULE 56 MOTION FOR
PARTIAL SUMMARY JUDGMENT

apartment, Officer Lapoint cleared the way from bystanders as he approached the unit. *(SMF 32)*. Plaintiff's apartment [214] residence was on the second floor of her building and at the end of a hallway. *(SMF 33)*. Officer Lapoint was in front of Officer Smith and made his way to Plaintiff's apartment quietly. *(SMF 34)*. Attempting to gather as much intelligence as possible, Officer Lapoint could not hear any screaming, yelling, or talking. *(SMF 35)*. This fact raised concerns for Officer Lapoint because he did not know if the caller was dead or injured inside the apartment. *(SMF 36)*. Officer Lapoint assessed this fact as an elevated risk factor for danger. *(Id.)*

After not hearing anything, Officer Lapoint knocked on Plaintiff's apartment door, and announced he was the police and commanded that the door be opened. *(SMF 37)*. Officer Smith stood approximately four (4) to five (5) feet behind Officer Lapoint as backup and cover. *(SMF 38)*. Officer Lapoint placed himself in a point of concealment to the left of Plaintiff's apartment keeping the doorway clear. *(SMF 39)*. From the point of concealment, Officer Lapoint heard what he believed to be a struggle coming from inside the apartment. *(SMF 40)*. From Officer Lapoint's perspective, the struggle sounded violent like someone was being held against their will, potentially making a last dash to the door and rolling around on the ground. *(SMF 41)*. Officer Lapoint assessed this fact as an elevated risk factor for danger. *(Id.)* Plaintiff did not answer the door in response to Officer Lapoint's commands because she was being restricted and held down by Resan Bingham's bodyweight. *(SMF 42)*. Hearing what he thought was a violent struggle, Officer Lapoint believed there was still a legitimate threat inside the apartment and that the life of the female caller inside the apartment was in jeopardy. *(SMF 43)*.

Officer Lapoint gave a second verbal warning that he was going to kick down the door. *(SMF 51)*. Officer Lapoint did not hear anyone call out, scream, or yell. *(SMF 52)*. At no point did anyone inside the apartment respond to his commands to

-11-

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE., STE. 250
RIVERSIDE, CALIFORNIA 92501
(951) 826-5567

CASE NO. 5:22-cv-1764-SSS-SP
DEFENDANTS' RULE 56 MOTION FOR
PARTIAL SUMMARY JUDGMENT

open the door. *(Id.)* Officer Lapoint could only hear the violent struggle. *(Id.)* The Second 911 Call audio depicts both Plaintiff and Resan Bingham scuffling. *(SMF 48)*. Plaintiff admitted that the scuffle depicted in the Second 911 Call audio was Resan Bingham threatening Plaintiff. *(SMF 49)*.

Officer Lapoint gave a third warning by banging on the door, announcing police, and warning that he would kick the door open. *(SMF 53)*. Officer Lapoint planned that once he breached the door, he would position himself back to his point of concealment and reassess his surroundings. *(SMF 54)*. Officer Lapoint was concerned that he would confront an armed or violent subject on the other side of the door. *(SMF 55)*. Based on the totality of the circumstances and increasing levels of risk for danger, Officer Lapoint announced he wanted to kick in the door. *(SMF 50)*.

### C.   THE SECOND EMERGENCY 911 CALL

Sometime after the third knock and Officer Lapoint's announcement, "Ma'am please come to the door, I'm gonna kick it down," Mr. Bingham released Plaintiff and allowed her to get up from the couch and make her way to the front door. *(SMF 56)*. Instead of responding to Officer Lapoint's commands, Plaintiff made a second 911 call (Second 911 Call) to cancel the emergency police response. *(SMF 44)*. In the Second 911 Call, Plaintiff told the Operator "I made a report, and the person [Resan Bingham] isn't here anymore." *(SMF 45)*. Plaintiff lied to the Operator when she told her that Resan Bingham was no longer there. *(SMF 46)*. Even though Plaintiff told the Operator that Resan Bingham was no longer there, Plaintiff still wanted the Police to arrive and help her. *(SMF 47)*. As Plaintiff was walking to the door, the Operator on the Second 911 Call asked Plaintiff, "Where did the person go?" *(SMF 58)*.

/ / /

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE., STE. 250
RIVERSIDE, CALIFORNIA 92501
(951) 826-5567

CASE NO. 5:22-cv-1764-SSS-SP
DEFENDANTS' RULE 56 MOTION FOR
PARTIAL SUMMARY JUDGMENT

### D.   THE UNINTENDED INJURY

Plaintiff was still in contact with RPD in the Second 911 Call when Officer Lapoint kicked open the door. *(SMF 57)*. The door propped open about a quarter of the way. *(Id.)* In that quarter opening of the door, immediately after Officer Lapoint kicked the door open, it appeared to him that an unknown person was unexpectedly standing approximately two (2) to three (3) feet in front of him inside of the doorway with their arms outstretched in a shooting stance and he was unexpectedly startled. *(SMF 60)*. Officer Lapoint fired his duty weapon in response to the unexpected looming figure. *(SMF 63)*.

As Officer Lapoint breached the door, the Operator asked Plaintiff, "Where did the person go." Plaintiff said, "He shot me." *(SMF 57)*.  Officers then immediately offered medical assistance to Plaintiff. *(SMF 64)*.

There was some light in the hallway directly over Officer Lapoint standing outside the apartment. *(SMF 61)*. It was dark inside the apartment. *(Id.)* Officer Lapoint could not see the full body of the unknown person on the other side of the door and could not determine the unknown person's race or gender. *(SMF 62)*.

At no time did Officer Lapoint threaten Plaintiff in any way. *(SMF 65)*. At no time did Officer Lapoint intimidate Plaintiff in any way. *(SMF 66)*. At no time did Officer Lapoint coerce Plaintiff in any way. *(SMF 67)*. At no time did Officer Lapoint treat Plaintiff inappropriately because of her racial status. *(SMF 68)*.

## IV.   SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(A). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks

-13-

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE., STE. 250
RIVERSIDE, CALIFORNIA 92501
(951) 826-5567

CASE NO. 5:22-cv-1764-SSS-SP
DEFENDANTS' RULE 56 MOTION FOR
PARTIAL SUMMARY JUDGMENT

judgment. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *see* FED. R. CIV. P. 56(c), (e). The nonmoving party  must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *see Celotex*, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322; see *Abromson v. Am. Pac. Corp.*, 114 F.3d 898, 902 (9th Cir. 1997).

## V.    ARGUMENT

### A. PLAINTIFF'S CAUSE OF ACTION FOR EXCESSIVE FORCE FAILS BECAUSE SHE WAS NOT SUBJECT TO A FOURTH AMENDMENT SEIZURE.

Plaintiff's first cause of action for excessive force and unlawful seizure under the Fourth Amendment fails against Officer Lapoint because the individual against whom the force was applied must have been the "object of [the] detention or taking." *Brower v. County of Inyo*, 489 U.S. 593, 596 (1989). Accidental or unintended seizures do not fall under the Fourth Amendment. *See Brower*, 489 U.S. at 596 ("The Fourth Amendment addresses 'misuse of power,' not the accidental effects of otherwise lawful government conduct."); *see, e.g. United States v. Lockett*, 919 F.2d 585, 590 n.4 (9th Cir. 1990)(explaining that an bystander struck by a stray bullet from an officer's weapon is not "seized" for purposes of the Fourth Amendment); *Ciminillo v. Streicher,* 434 F.3d 461, 465 (6th Cir. 2006) (a person can only be seized for Fourth Amendment purposes if that person was the "deliberate

-14-

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE., STE. 250
RIVERSIDE, CALIFORNIA 92501
(951) 826-5567

CASE NO. 5:22-cv-1764-SSS-SP
DEFENDANTS' RULE 56 MOTION FOR
PARTIAL SUMMARY JUDGMENT

object" of the exertion of force intended to terminate freedom of movement); *Medeiros v. O'Connell*, 150 F.3d 164, 168 (2d Cir. 1998) (a Fourth Amendment seizure requires that the "claimant [must be] the intended object of the officers' restraint or use of force"); *Rucker v. Harford County*, 946 F.2d 278, 281 (4th Cir. 1991) ("[O]ne is 'seized' within the fourth amendment's meaning only when one is the intended object of a physical restraint by an agent of the state."), cert. denied, 502 U.S. 1097 (1992). The person seized has to be the deliberate object of the exertion of force intended to terminate the freedom of movement. *Rodriguez v. City of Fresno*, 819 F.Supp.2d 937, 946 (E.D. Cal. 2011) (plaintiff sustained injuries as a bystander during police response to a domestic disturbance at her home; "[a] plaintiff that is injured collaterally or incidentally to the application of force by police against a third party cannot maintain a Fourth Amendment claim"). There must be "purposeful conduct," as the "detention or taking must be willful." *Xiong v. City of Merced*, 2015 U.S. Dist. Lexis 99146 (E.D. Cal. July 29, 2015). The injury of a bystander is not a seizure if an officer has "no reason, expressed or conjectural, to seek to restrain the bystander." *Rodriguez*, 819 F.Supp.2d at 946. See also *Lopez v. City of Santa Maria*, 2016 U.S. Dist. Lexis 9741 (C.D. Cal. Jan. 26, 2016). An officer does not "seize" a person who is not the object of the officer's use of force. *See Claybrook v. Birchwell*, 199 F.3d 350, 359 (6th Cir. 2000) (Fourth Amendment claims for injuries inadvertently inflicted upon an unintended third party not available where police used force in trying to seize a perpetrator because police could not "'seize' any person other than the one who was the deliberate object of their exertion of force").

Here, Officer Lapoint had no intention to seize, apprehend, or restrain Plaintiff. He was attempting to provide emergency assistance. *(UMF 21-26, 28-31, 34-36).* He was concerned for Plaintiff's safety and breached the door to her apartment for fear she was at risk of death or great bodily harm. *(UMF 21-26, 28-31,*

-15-

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE., STE. 250
RIVERSIDE, CALIFORNIA 92501
(951) 826-5567

CASE NO. 5:22-cv-1764-SSS-SP
DEFENDANTS' RULE 56 MOTION FOR
PARTIAL SUMMARY JUDGMENT

*34-37, 40-41, 43, 50-55, 57).* Plaintiff even admits she wanted Officer Lapoint's assistance and for him to breach the door if necessary to help her. *(UMF 45-47).*

Plaintiff will undoubtedly argue that she was seized because "a seizure occurs even when an unintended person or thing is the object of the detention or taking," does not apply in this instance. *Hill v. California*, 401 U.S. 797, 802-05 ("*Hill*"). The Supreme Court in *Hill* addressed a situation in which the police had cause to arrest one individual but reasonably mistook another individual for the intended arrestee. *Id.* at 805. The Court found this was a valid seizure. *Id.* Here, however, Officer Lapoint did not mistakenly shoot at Plaintiff thinking she was the suspect; rather, Plaintiff was an innocent victim of her assailant who forced her to go to the door knowing Officer Lapoint was going to kick it in. She was injured because her boyfriend/assailant intentionally placed her in harms' way. This caused Officer Lapoint to be intentionally startled and his reflexive response to the dangerous condition and circumstances cause collateral unintended consequences.

The Ninth Circuit has held that "an innocent bystander struck by a stray bullet from the officer's weapon would not have" a Fourth Amendment claim. *Lockett*, 919 F. 2d at 590 n.4. Further, the Sixth, Second, and Fourth Circuits have also found that there is no Fourth Amendment claim 'when the plaintiff is accidently injured during the seizure of a third party." *Ciminillo*, 434 F.3d at 465; *see also Medeiros*, 150 F.3d at 168 (finding no Fourth Amendment seizure when a state trooper accidentally shot a hostage); *Rucker*, 946 at 281 (finding no Fourth Amendment seizure when a bystander was injured by a police officer trying to apprehend a fleeing suspect). Additionally, other district courts in the Ninth Circuit have similarly held that no seizure occurs when an innocent bystander is injured by the police. *Rodriguez*, 819 F. Supp. 2d at 946. Plaintiff was an innocent victim of her assailant/boyfriend.

///

///

City Attorney's Office
3750 University Ave., Ste. 250
Riverside, California 92501
(951) 826-5567

CASE NO. 5:22-cv-1764-SSS-SP
DEFENDANTS' RULE 56 MOTION FOR
PARTIAL SUMMARY JUDGMENT

## B. OFFICER LAPOINT IS ENTITLED TO QUALIFIED IMMUNITY

Alternatively, should the issue of seizure and intent be deemed a factual dispute, Officer Lapoint is entitled to qualified immunity.

"In determining whether an officer is entitled to qualified immunity, we consider (1) whether there has been a violation of a constitutional right; and (2) whether that right was clearly established at the time of the officer's alleged misconduct." *Lal v. California*, 746 F.3d 1112, 1116 (9th Cir. 2014) (citing *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)). Excessive force claims are evaluated "based upon the information the officers had when the conduct occurred." *Saucier v. Katz*, 533 U.S. 194, 207 (2001). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham v. Connor*, 490 U.S. 386, 396 (1989) (citation omitted). The Courts emphasize that they are mindful that "police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Id.* at 396-97.

Officer Lapoint is entitled to qualified immunity under the second prong of the constitutional analysis because no Supreme Court or circuit precedent clearly establishes that lethal force was unreasonable under the circumstances of this case. A police officer "cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it." *Kisela v. Hughes*, 138 S. Ct. 1148, 1153 (2018) (citation omitted). Law enforcement officers "are entitled to qualified immunity unless existing precedent 'squarely governs' the specific facts at issue." *Id.* (citation omitted). "In other words, immunity protects all but the plainly incompetent or those who knowingly violate the law." *Id.* at 1152 (citation omitted).

-17-

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE., STE. 250
RIVERSIDE, CALIFORNIA 92501
(951) 826-5567

There simply is no case or robust consensus of cases that could put Officer Lapoint on notice that the discharge of his weapon in this tense, high-risk encounter was prohibited. While Officer Lapoint discharged his firearm in response to an unexpected looming figure at the point of entry to a dangerous scene, he did not intentionally seek to apply force to Plaintiff.  He responded to the dangerous events he encountered: an emergency call, the finding of a gun, the nonresponse to commands, repeated warning of entry, and the unexpected figure at the breached entry within inches from Officer Lapoint. *(UMF 37, 50, 51, 53, 55-57, 60-63).* The undisputed body worn camera video clearly shows the instantaneous response of Officer Lapoint after kicking in the door and the discharge of his weapon after viewing the ominous figure in the door. *(UMF 57, 60-63).* There is simply no case that governs the officer firearm discharge to be prohibited under California Law.

### C. PLAINTIFF'S BANE ACT CLAIM IS NOT VIABLE

Plaintiff's California Civil Code § 52.1 ("Bane Act") claim is derivative of her first claim of excessive force and unlawful detention. The Bane Act provides a cause of action against a person who interferes or attempts to interfere "by threat, intimidation, or coercion" with an individual's exercise or enjoyment of rights secured by federal or state law. Cal. Civ. Code § 52.1(b). It was "intended to address only egregious interferences with constitutional rights, not just any tort. The act of interference with a constitutional right must itself be deliberate or spiteful." *Shoyoye v. Cnty. of Los Angeles*, 203 Cal. App. 4th 947, 959, 137 Cal. Rptr. 3d 839 (2012). To prevail on a Bane Act claim, a plaintiff must therefore prove (1) a violation of a constitutional or statutory right (2) by intimidation, threats, or coercion. *Venegas v. Cnty. of Los Angeles*, 153 Cal. App. 4th 1230 (2007).

Plaintiffs' Bane Act claim fails because there is no evidence that Officer Lapoint threatened, coerced, or intimated Plaintiffs. (UMF 65-68). *See Bender v. Cnty. of Los Angeles*, 217 Cal. App. 4th 968, 979 (2013) ("The statute requires a

-18-

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE., STE. 250
RIVERSIDE, CALIFORNIA 92501
(951) 826-5567

CASE NO. 5:22-cv-1764-SSS-SP
DEFENDANTS' RULE 56 MOTION FOR
PARTIAL SUMMARY JUDGMENT

showing of coercion independent from the coercion inherent in the wrongful detention itself."); *Lyall v. City of Los Angeles*, 807 F.3d 1178, 1196 (9th Cir. 2015) ("Numerous California decisions make clear that a plaintiff in a search-and-seizure case must allege threats or coercion beyond the coercion inherent in a detention or search in order to recover under the Bane Act.").

Plaintiff's admissions dispose of her Bane Act claim (UMF 65-68).  There are no genuine issues of material fact to permit a finding that Officer Lapoint's behavior was "deliberate and spiteful" or was made through "threats, intimidation, or coercion." *Lyall*, 807 F.3d at 1185; *Shoyoye*, 203 Cal. App. 4th at 959.

### D. PLAINTIFF'S BATTERY CLAIM IS NOT VIABLE

"The elements of civil battery are: (I) defendant intentionally performed an act that resulted in a harmful or offensive contact with the plaintiffs person; (2) plaintiff did not consent to the contact; and (3) the harmful or offensive contact caused injury, damage, loss or harm to plaintiff." *Rodriguez*, 819 F. Supp. 2d at 952. "Because a police officer is charged with acting affirmatively and using force as part of their duties, a plaintiff suing on grounds of battery resulting from police action must prove that the police officer's use of force was unreasonable." *Id.* (citations omitted).

Under California law, the same reasonableness standard that is applied in § 1983 litigation is used in evaluating police officer excessive force claims because California courts regard § 1983 as the federal counterpart to state law battery actions. *Hernandez v. City of Pomona*, 46 Cal. 4th 501, 518 (2009). Here, Officer Lapoint did not intend to harm, seize, or shoot Plaintiff. He only sought to protect her in a circumstance her assailant created. *(UMF 21-26, 28-31, 34-37, 40-41, 43, 50-55, 57).* The circumstances justified an elevated level of concern for the safety of Plaintiff and the officers based upon the information known to the officers. While Officer Lapoint's use of force was unintentional, it was not unreasonable

-19-

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE., STE. 250
RIVERSIDE, CALIFORNIA 92501
(951) 826-5567

CASE NO. 5:22-cv-1764-SSS-SP
DEFENDANTS' RULE 56 MOTION FOR
PARTIAL SUMMARY JUDGMENT

given the startle caused by Plaintiff's assailant/boyfriend.  He knowingly sent her to answer a door that was about to be breached by Officer Lapoint who provided clear warning. While it is understood that the reasonableness force federal standard is different from the state standard, Officer Lapoint lacked the requisite intention element and there was no time for cognitive assessment. There was simply no intent by Officer Lapoint to apply force to anyone.

The doctrine of transferred intent does not apply to plaintiffs' battery claim. "Under the doctrine of transferred intent, a defendant 'who unlawfully aims at one ... and hits another ... is guilty of assault and battery on the party he hit, the injury being the direct, natural and probable consequence of the wrongful act.'" *Rodriguez*, 819 F. Supp. 2d at 952 (internal quotations omitted). Because under the doctrine of transferred intent, "the viability of a claim of battery by a bystander against a police officer turns on the reasonability of the application of force by the police officer against the ***intended*** suspect," here, a battery claim does not arise because there was no intentional application of force against an intended suspect.

## VI.   SUPPLEMENTAL JURISDICTION UNWARRANTED

The Court has supplemental jurisdiction over Plaintiff's state law claims because it has original jurisdiction over Plaintiff's § 1983 claims, and all of Plaintiff's claims arise out of the same nucleus of operative facts. Defendants' urge the court to decline to exercise its discretion to retain supplemental jurisdiction over the remaining state law claim of negligence. "[A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988). The interest of fairness and judicial economy weigh in favor of trying the negligence cause of action in the state court. Officer Lapoint was denied a cross action against

-20-

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE., STE. 250
RIVERSIDE, CALIFORNIA 92501
(951) 826-5567

CASE NO. 5:22-cv-1764-SSS-SP
DEFENDANTS' RULE 56 MOTION FOR
PARTIAL SUMMARY JUDGMENT

Plaintiff's assailant/boyfriend and the remand to state court would remedy that injustice once the federal cause of action is adjudicated.

## VII. CONCLUSION.

For all of the foregoing reasons, it is clear that the established law and undisputed facts mandate dismissal of all claims against Officer Wright and the City of Riverside on summary judgment.

DATED: December 8, 2023        **OFFICE OF THE CITY ATTORNEY**

By: ___/s/ *Debra K. Cook*_____
DEBRA K. COOK
Attorneys for Defendant and Cross-Complainant CITY OF RIVERSIDE and TAYLOR LAPOINT

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE., STE. 250
RIVERSIDE, CALIFORNIA 92501
(951) 826-5567

CASE NO. 5:22-cv-1764-SSS-SP
DEFENDANTS' RULE 56 MOTION FOR
PARTIAL SUMMARY JUDGMENT

## SIGNATURE ATTESTATION

Pursuant to Civil L.R. 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in this document's content and have authorized the filing of this document with the use of their electronic signature.

DATED:  December 8, 2023                    **OFFICE OF THE CITY ATTORNEY**

By: __/s/ *Debra K. Cook*_____
    DEBRA K. COOK
    Attorneys for Defendants CITY OF
    RIVERSIDE and TAYLOR LAPOINT

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE., STE. 250
RIVERSIDE, CALIFORNIA 92501
(951) 826-5567

CASE NO. 5:22-cv-1764-SSS-SP
DEFENDANTS' RULE 56 MOTION FOR
PARTIAL SUMMARY JUDGMENT