# Exhibit "4"

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Hang D. Le, Esq. (SBN 293450)
hlee@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA  91367
Telephone: (818) 347-3333
Fax: (818) 347-4118

*Attorneys for Plaintiff* DEZSANEE JONES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEZSANEE JONES, | Case No. 5:22-cv-1764-SSS-SP |
| Plaintiff, | [*Honorable Sunshine S. Sykes*] Magistrate Judge Sheri Pym |
| vs. | **PLAINTIFF'S RESPONSES DEFENDANT CITY OF RIVERSIDE'S TO REQUESTS FOR ADMISSIONS (SET ONE)** |
| CITY OF RIVERSIDE; TAYLOR LAPOINT, MIKE SMITH; and DOES 3-10, inclusive, | |
| Defendants. | |

PROPOUNDING PARTY:        Defendant CITY OF RIVERSIDE

RESPONDING PARTY:           Plaintiff DEZSANEE JONES

SET NUMBER:                          ONE (1)

Case No. 5:22-cv-1764-SSS-SP
**PLAINTIFF'S RESPONSES TO DEFENDANT CITY'S REQUESTS FOR ADMISSIONS (SET ONE)**

# I.

# PRELIMINARY STATEMENT

These responses are made solely for the purpose of this action, and are made on the basis of information which is presently known by and available to Plaintiff. Each answer is subject to all appropriate objections (including, but not limited to, objections to confidentiality, relevancy, and admissibility) which would require the exclusion of any information contained herein if such information was provided by a witness present and testifying in court. All such objections are reserved and may be interposed at the time of trial.

Plaintiff has not yet completed her investigation of the facts relating to this action; has not yet interviewed all witnesses in this action; has not yet completed her discovery in this action; and has not yet completed her preparation for trial. Consequently, the following responses are given without prejudice to Plaintiff's right to amend or supplement her responses herein at a later date. No admissions of any nature whatsoever are implied or should be inferred. Nothing herein should be construed as an admission or acceptance by this party with respect to the admissibility or relevance of any document or fact, or the relevance, truth, or accuracy of any characterization or statement of any kind.

Plaintiff reserves her right to continue his investigation and discovery of facts, witnesses, and documents which may reveal additional information about the issues in this case. In addition, Plaintiff reserves her right to amend the responses contained herein, and to produce, refer to and offer any additional documents, facts, and evidence at the time of trial which may be ascertained through her continuing discovery and trial preparation, notwithstanding the reference to facts, evidence, documents, and things in this response.

///

///

## II.
## GENERAL OBJECTIONS

1. Plaintiff objects to the Requests, as a whole, to the extent that they request information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine and/or any other applicable privilege or immunity.

2. Plaintiff objects to each Request to the extent that it seeks to require Plaintiff to provide information other than that which may be obtained through a reasonably diligent search of her records, or to create a summary or compilation other than as maintained in the regular course of business.  Plaintiff further objects to each Request to the extent that it seeks to require Plaintiff to provide information not in her possession, custody or control.

3. Plaintiff objects to each and every Request to the extent that such discovery is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

4. Plaintiff objects to each and every Request to the extent that such discovery is overly broad, vague, and ambiguous.

5. Plaintiff objects to each and every Request to the extent that it seeks information already known by, or reasonably accessible to Defendant, or facts that are solely within the knowledge and control of Defendant.

6. Plaintiff objects on the grounds that Plaintiff has not completed her factual investigation.  These responses are made in good faith and after diligent inquiry into the facts and information now known to Plaintiff as well as her present analysis of the case.  However, information that may be responsive may not yet have been discovered.  Accordingly, without asserting an obligation to do so, and without waiving the objections asserted herein, Plaintiff reserves the right to amend and/or supplement her responses as and when additional information is discovered.  Additionally, because Plaintiff's responses are based upon information that she recalls and has identified to date, they do not preclude Plaintiff from relying on facts

or documents recalled, discovered or generated pursuant to subsequent investigation and discovery.

## III.

## RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

YOU called 9-1-1 at approximately 2:17 p.m. on September 20, 2021.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Admit.

**REQUEST FOR ADMISSION NO. 2:**

When YOU called 9-1-1 on September 20, 2021 at approximately 2:17 p.m., YOU told the operator that there was "a boy in here with a gun in my house."

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Admit.

**REQUEST FOR ADMISSION NO. 3:**

On September 20, 2021, the 9-1-1 operator asked if YOU knew the SUSPECT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Admit.

**REQUEST FOR ADMISSION NO. 4:**

On September 20, 2021, YOU told the 9-1-1 operator that YOU did not know the SUSPECT in YOUR house.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Admit.

**REQUEST FOR ADMISSION NO. 5:**

On September 20, 2021, YOU told the 9-1-1 operator that YOU did not know how the SUSPECT got inside YOUR house.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Admit.

**REQUEST FOR ADMISSION NO. 6:**

On September 20, 2021, YOU told the 9-1-1 operator that the SUSPECT was white.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Plaintiff admits in part and denies in part. Plaintiff denies that when asked to provide a description of the suspect, Plaintiff told the operator the suspect was white. When the 9-1-1 operator asked Plaintiff, "A description of him. White, black, Hispanic, Asian?" Plaintiff replied, "Uh, black. White shirt, black pants. Black socks, black shoes." Plaintiff admits that when the 9-1-1 operator followed up with the question, "You said white male?" Plaintiff misheard the operator and believing that she was confirming the suspect's shirt color, answered, "White."

**REQUEST FOR ADMISSION NO. 7:**

On September 20, 2021, YOU told the 9-1-1 operator that the SUSPECT was about 29 years old.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Admit.

**REQUEST FOR ADMISSION NO. 8:**

On September 20, 2021, YOU told the 9-1-1 operator that the SUSPECT was wearing a white t-shirt.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Admit.

**REQUEST FOR ADMISSION NO. 9:**

On September 20, 2021, YOU told the 9-1-1 operator that the color of the pants or shorts of the SUSPECT was black.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Admit.

//
//

**REQUEST FOR ADMISSION NO. 10:**

On September 20, 2021, YOU told the 9-1-1 operator that the SUSPECT's gun was a handgun.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Plaintiff admits this Request to the extent that in response to the 9-1-1 operator's question regarding what type of gun the suspect had, Plaintiff responded that she was not sure, but that she thought it was like a handgun.

**REQUEST FOR ADMISSION NO. 11:**

On September 20, 2021, YOU told the 9-1-1 operator that the SUSPECT had a black backpack.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Admit.

**REQUEST FOR ADMISSION NO. 12:**

On September 20, 2021, the SUSPECT was in YOUR RESIDENCE the entire time that YOU were on the phone with 911.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Admit.

**REQUEST FOR ADMISSION NO. 13:**

On September 20, 2021, YOU told the 9-1-1 operator that the SUSPECT was trying to leave.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Admit.

**REQUEST FOR ADMISSION NO. 14:**

On September 20, 2021, after being asked by the 9-1-1 operator if the SUSPECT threatened YOU with a gun, YOU did not respond.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Deny.

//

**REQUEST FOR ADMISSION NO. 15:**

On September 20, 2021, the SUSPECT told YOU to end YOUR call with 911.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Admit.

**REQUEST FOR ADMISSION NO. 16:**

On September 20, 2021, YOUR call to 9-1-1 was disconnected.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Admit.

**REQUEST FOR ADMISSION NO. 17:**

On September 20, 2021, 9-1-1 attempted to call YOU back after YOUR initial call was disconnected.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Plaintiff lacks sufficient personal knowledge to admit or deny this request. Plaintiff has made a reasonable inquiry into this request and the information Plaintiff knows or can readily obtain is insufficient to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 18:**

On September 20, 2021, YOU did not answer YOUR phone when 9-1-1 tried calling YOU back.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Plaintiff admits in part and denies in part. Plaintiff denies this Request to the extent that it suggests that 9-1-1 tried to call Plaintiff back and Plaintiff was aware at the time that 9-1-1 was trying to call Plaintiff back. Plaintiff admits that Plaintiff did not answer any phone calls from 9-1-1 after Plaintiff's initial call to 9-1-1.

**REQUEST FOR ADMISSION NO. 19:**

When YOU called 9-1-1 at approximately 2:17 p.m., YOU understood that 9-1-1 would send one or more police officers to respond to YOUR residence.

//

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Plaintiff admits in part and denies in part. Plaintiff admits to this Request to the extent that when Plaintiff called 9-1-1, she called with the intention of getting police officers to respond to her residence. Plaintiff denies this Request to the extent that it suggests Plaintiff knew that police officers would actually respond, was in the process of responding, or had responded to her residence.

**REQUEST FOR ADMISSION NO. 20:**

On September 20, 2021, the SUSPECT threw his backpack out of a window at YOUR residence.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Plaintiff admits in part and denies in part. Plaintiff admits to this Request to the extent that Plaintiff observed the suspect throw his backpack out of the balcony door of her residence. Plaintiff denies that the suspect threw his backpack out of a window of Plaintiff's residence.

**REQUEST FOR ADMISSION NO. 21:**

On September 20, 2021, YOU saw the SUSPECT throw his backpack out of a window at YOUR residence.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Plaintiff admits in part and denies in part. Plaintiff admits to this Request to the extent that Plaintiff observed the suspect throw his backpack out of the balcony door of her residence. Plaintiff denies that the suspect threw his backpack out of a window of Plaintiff's residence.

**REQUEST FOR ADMISSION NO. 22:**

The SUSPECT YOU reported as being inside YOUR house with a gun on September 20, 2021 was Resan Bingham.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Admit.

//

**REQUEST FOR ADMISSION NO. 23:**

On September 20, 202, a police officer knocked on the door of YOUR RESIDENCE.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Admit.

**REQUEST FOR ADMISSION NO. 24:**

On September 20, 2021, the police officer at YOUR door announced he was the police.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Based on the information readily available to Plaintiff, Plaintiff admits to this Request to the extent that a police officer who was at or near Plaintiff's door announced, "Police Department."

**REQUEST FOR ADMISSION NO. 25:**

On September 20, 2021, a police officer announced a second time "Police Department, come to the door."

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

Plaintiff objects to this Request on the basis that the phrase "a second time" is vague and ambiguous. Notwithstanding the foregoing objections, Plaintiff responds as follows: based on the information readily available to Plaintiff, Plaintiff admits that when the police officer at the door initially knocked on Plaintiff's door, the officer announced, "Police Department;" after a pause during which the officer stated to another officer that he was going to boot the door, he subsequently announced, "Police Department, come to the door."

**REQUEST FOR ADMISSION NO. 26:**

On September 20, 2021, a police officer announced a third time "Ma'am please come to the door, I'm gonna kick it down."

//

//

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

Plaintiff objects to this Request on the basis that the phrase "a third time" is vague and ambiguous. Notwithstanding the foregoing objections, Plaintiff responds as follows: Plaintiff denies this request to the extent that it suggests a police officer announced, "Ma'am, please come to the door, I'm gonna kick it down," three times. Based on the information readily available to Plaintiff, Plaintiff admits to this Request to the extent that the third announcement the officer made at Plaintiff's door was, "Ma'am, police, come to the door. I'm gonna kick it down."

**REQUEST FOR ADMISSION NO. 27:**

On September 20, 2021, YOU did not verbally respond to the police officer at the door of YOUR RESIDENCE.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

Plaintiff objects to this Request on the basis that it is vague as to time. Notwithstanding the foregoing objections, Plaintiff responds as follows: Plaintiff admits in part and denies in part. Plaintiff admits that Plaintiff did not verbally respond to the police officer at the door when he made his first announcement, "Police Department," his second announcement, "Police Department, come to the door," or his third announcement, "Ma'am, police, come to the door. I'm gonna kick it down." Plaintiff denies this Request to the extent that it suggests that Plaintiff never verbally responded to the police officer at her door for the entirety of the incident.

**REQUEST FOR ADMISSION NO. 28:**

On September 20, 2021, Resan Bigham told YOU not to answer the door when officers responded to YOUR RESIDENCE.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

Admit.

//

//

**REQUEST FOR ADMISSION NO. 29:**

YOU had an object in YOUR hand when the front door to YOUR RESIDENCE was breached.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

Deny.

DATED: September 28, 2023                LAW OFFICES OF DALE K. GALIPO

                                                                  By: ___*/s/ Hang D. Le*___
                                                                  Dale K. Galipo
                                                                  Hang D. Le
                                                                  *Attorneys for Plaintiff*

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California and am over the age of eighteen years and not a party to the within action.  My business address is 21800 Burbank Boulevard, Suite 310, Woodland Hills, California 91367.

On September 28, 2023, I served the foregoing documents described as: **PLAINTIFF'S RESPONSES TO REQUESTS FOR ADMISSIONS (SET ONE)** on all interested parties, through their respective attorneys of record in this action by placing a true copy thereof enclosed in a sealed envelope addressed as indicated below:

Phaedra A. Norton
Debra K. Cook
Office Of The City Attorney – City of Riverside
3750 University Avenue, Suite 250
Riverside, CA 92501
dcook@riversideca.gov; vbeauregard@riversideca.gov; crojas@riversideca.gov; jgallardo@riversideca.gov; milkerson@riversideca.gov; amoreno@riversideca.gov
Attorneys for Defendants CITY OF RIVERSIDE, TAYLOR LAPOINT, and MIKE SMITH

### METHOD OF SERVICE

☒ (BY MAIL)  I placed the envelope or package for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of this office for the collection, processing and mailing of documents.  On the same day that documents are placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒ (BY ELECTRONIC SERVICE)  I caused the foregoing document(s) to be sent via electronic transmittal to the notification addresses listed below as registered with this court's case management/electronic court filing system.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 28, 2023, at Woodland Hills, California.

*Karen Slyapich* (signature)

-11-   Case No. 5:22-cv-1764-SSS-SP

**PLAINTIFF'S RESPONSES TO DEFENDANT CITY'S REQUESTS FOR ADMISSIONS (SET ONE)**