# Exhibit "5"

1  **LAW OFFICES OF DALE K. GALIPO**
   Dale K. Galipo, Esq. (SBN 144074)
2  dalekgalipo@yahoo.com
3  Hang D. Le, Esq. (SBN 293450)
   hlee@galipolaw.com
4  21800 Burbank Boulevard, Suite 310
5  Woodland Hills, CA  91367
   Telephone: (818) 347-3333
6  Fax: (818) 347-4118
7
   *Attorneys for Plaintiff* DEZSANEE JONES
8
9
10                **UNITED STATES DISTRICT COURT**
11                **CENTRAL DISTRICT OF CALIFORNIA**
12

| | |
|---|---|
| DEZSANEE JONES, | Case No. 5:22-cv-1764-SSS-SP |
| Plaintiff, | [*Honorable Sunshine S. Sykes*] Magistrate Judge Sheri Pym |
| vs. | **PLAINTIFF'S RESPONSES TO DEFENDANT CITY OF RIVERSIDE'S INTERROGATORIES (SET ONE)** |
| CITY OF RIVERSIDE; TAYLOR LAPOINT, MIKE SMITH; and DOES 3-10, inclusive, | |
| Defendants. | |

PROPOUNDING PARTY:        Defendant CITY OF RIVERSIDE
RESPONDING PARTY:         Plaintiff DEZSANEE JONES
SET NUMBER:               ONE (1)

4. 2508 West Rialto Ave, San Bernardino CA 92410 (2000-2020). Plaintiff resided with her grandmother, Linda Stewart, and grandfather, Ray Stewart.

As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this Response.

**INTERROGATORY 2:**

With respect to each and every claim, theory of liability, or cause of action YOU are making in this lawsuit against DEFENDANTS, state each and every fact in support of such claim, theory of liability or cause of action.

**RESPONSE TO INTERROGATORY 2:**

Plaintiff objects to this Interrogatory on the basis that this Interrogatory is overly broad, unduly burdensome in requiring Plaintiff to provide the equivalent of a narrative account of the case, and contains four discrete subparts. Without waiving the foregoing objections, Plaintiff responds as follows:

1. <u>Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)</u>: On September 20, 2021, Plaintiff called 9-1-1 reporting that a man (later identified as Resan Bingham) had walked into her apartment and was armed with a gun. She described the man as black, wearing white shirt, black shorts, and black shoes. She estimated the man as approximately 29 years of age and of medium build. She relayed that she believed the gun the man had was a handgun, but that she was not sure what color the gun was and that the man had a black backpack on. When asked what the man was doing at that moment, Plaintiff replied that the man was trying to leave. When asked what the man did with the gun, Plaintiff replied that she was not sure. When asked whether the man threatened Plaintiff with the gun, Plaintiff made a sound in disagreement. Shortly thereafter, the call disconnected. When Defendant Taylor LaPoint responded to Plaintiff's apartment complex, he and Officer Mike Smith found a black backpack containing a handgun in the bushes directly underneath the balcony of Plaintiff's apartment. Defendant

1  LaPoint then approached the door of Plaintiff's apartment and knocked on the door,
2  announcing, "Police Department." Plaintiff was sitting on her couch inside the
3  apartment when Defendant LaPoint initially knocked on the door. Mr. Bingham was
4  also inside her apartment. When Mr. Bingham heard the knock on the door and the
5  announcement, "Police Department," he moved to where Plaintiff was, grabbed her
6  and laid on top of her, holding onto her clothes, preventing her from getting up to
7  answer the door. Although Plaintiff heard another knock and announcement, "Police
8  Department, come to the door," Plaintiff was unable to comply because Mr.
9  Bingham was preventing Plaintiff from getting up off the couch. However, Plaintiff
10 and Mr. Bingham did not engage in a violent struggle and were not making any loud
11 or violent noises. Sometime after third knock and the announcement, "Ma'am please
12 come to the door, I'm gonna kick it down," Mr. Bingham released Plaintiff and
13 allowed Plaintiff to get up from the couch and make her way to the front door. As
14 Plaintiff was standing in front of her apartment door, getting ready to open the door,
15 Defendant LaPoint kicked open the door and immediately shot Plaintiff in the
16 shoulder. Plaintiff was unarmed and did not have anything in either hand. Plaintiff
17 had not said anything, and had made no statements that could be interpreted as a
18 threat. Plaintiff was not in a shooting stance and did not have both arms outstretched
19 in front of her. Defendant LaPoint failed to give a warning that he was prepared to
20 use deadly force prior to shooting. The only information Defendant LaPoint had
21 prior to the shooting was that someone wearing a white t-shirt and black pants had
22 walked into Plaintiff's apartment with a black backpack and armed with a gun.
23 Moreover, Defendant LaPoint was erroneously informed that the suspect was white.
24 Plaintiff was wearing a dark colored shirt and green pants and did not match the
25 description of the suspect. At no point during the entire incident did Plaintiff pose a
26 threat, let alone an immediate threat of death or serious bodily injury, to anyone.
27         2.    Battery: On September 20, 2021, Plaintiff called 9-1-1 reporting that a
28 man (later identified as Resan Bingham) had walked into her apartment and was

1 armed with a gun. She described the man as black, wearing white shirt, black shorts,
2 and black shoes. She estimated the man as approximately 29 years of age and of
3 medium build. She relayed that she believed the gun the man had was a handgun,
4 but that she was not sure what color the gun was and that the man had a black
5 backpack on. When asked what the man was doing at that moment, Plaintiff replied
6 that the man was trying to leave. When asked what the man did with the gun,
7 Plaintiff replied that she was not sure. When asked whether the man threatened
8 Plaintiff with the gun, Plaintiff made a sound in disagreement. Shortly thereafter, the
9 call disconnected. When Defendant Taylor LaPoint responded to Plaintiff's
10 apartment complex, he and Officer Mike Smith found a black backpack containing a
11 handgun in the bushes directly underneath the balcony of Plaintiff's apartment.
12 Defendant LaPoint then approached the door of Plaintiff's apartment and knocked
13 on the door, announcing, "Police Department." Plaintiff was sitting on her couch
14 inside the apartment when Defendant LaPoint initially knocked on the door. Mr.
15 Bingham was also inside her apartment. When Mr. Bingham heard the knock on the
16 door and the announcement, "Police Department," he moved to where Plaintiff was,
17 grabbed her and laid on top of her, holding onto her clothes, preventing her from
18 getting up to answer the door. Although Plaintiff heard another knock and
19 announcement, "Police Department, come to the door," Plaintiff was unable to
20 comply because Mr. Bingham was preventing Plaintiff from getting up off the
21 couch. However, Plaintiff and Mr. Bingham did not engage in a violent struggle and
22 were not making any loud or violent noises. Sometime after third knock and the
23 announcement, "Ma'am please come to the door, I'm gonna kick it down," Mr.
24 Bingham released Plaintiff and allowed Plaintiff to get up from the couch and make
25 her way to the front door. As Plaintiff was standing in front of her apartment door,
26 getting ready to open the door, Defendant LaPoint kicked open the door and
27 immediately shot Plaintiff in the shoulder. Plaintiff was unarmed and did not have
28 anything in either hand. Plaintiff had not said anything, and had made no statements

that could be interpreted as a threat. Plaintiff was not in a shooting stance and did not have both arms outstretched in front of her. Defendant LaPoint failed to give a warning that he was prepared to use deadly force prior to shooting. The only information Defendant LaPoint had prior to the shooting was that someone wearing a white t-shirt and black pants had walked into Plaintiff's apartment with a black backpack and armed with a gun. Moreover, Defendant LaPoint was erroneously informed that the suspect was white. Plaintiff was wearing a dark colored shirt and green pants and did not match the description of the suspect. At no point during the entire incident did Plaintiff pose a threat, let alone an immediate threat of death or serious bodily injury, to anyone.

3. <u>Negligence</u>: On September 20, 2021, Plaintiff called 9-1-1 reporting that a man (later identified as Resan Bingham) had walked into her apartment and was armed with a gun. She described the man as black, wearing white shirt, black shorts, and black shoes. She estimated the man as approximately 29 years of age and of medium build. She relayed that she believed the gun the man had was a handgun, but that she was not sure what color the gun was and that the man had a black backpack on. When asked what the man was doing at that moment, Plaintiff replied that the man was trying to leave. When asked what the man did with the gun, Plaintiff replied that she was not sure. When asked whether the man threatened Plaintiff with the gun, Plaintiff made a sound in disagreement. Shortly thereafter, the call disconnected. When Defendant Taylor LaPoint responded to Plaintiff's apartment complex, he and Officer Mike Smith found a black backpack containing a handgun in the bushes directly underneath the balcony of Plaintiff's apartment. Defendant LaPoint then approached the door of Plaintiff's apartment and knocked on the door, announcing, "Police Department." Plaintiff was sitting on her couch inside the apartment when Defendant LaPoint initially knocked on the door. Mr. Bingham was also inside her apartment. When Mr. Bingham heard the knock on the door and the announcement, "Police Department," he moved to where Plaintiff was,

grabbed her and laid on top of her, holding onto her clothes, preventing her from getting up to answer the door. Although Plaintiff heard another knock and announcement, "Police Department, come to the door," Plaintiff was unable to comply because Mr. Bingham was preventing Plaintiff from getting up off the couch. However, Plaintiff and Mr. Bingham did not engage in a violent struggle and were not making any loud or violent noises. Sometime after third knock and the announcement, "Ma'am please come to the door, I'm gonna kick it down," Mr. Bingham released Plaintiff and allowed Plaintiff to get up from the couch and make her way to the front door. As Plaintiff was standing in front of her apartment door, getting ready to open the door, Defendant LaPoint kicked open the door and immediately shot Plaintiff in the shoulder. Plaintiff was unarmed and did not have anything in either hand. Plaintiff had not said anything, and had made no statements that could be interpreted as a threat. Plaintiff was not in a shooting stance and did not have both arms outstretched in front of her. Defendant LaPoint failed to give a warning that he was prepared to use deadly force prior to shooting. The only information Defendant LaPoint had prior to the shooting was that someone wearing a white t-shirt and black pants had walked into Plaintiff's apartment with a black backpack and armed with a gun. Moreover, Defendant LaPoint was erroneously informed that the suspect was white. Plaintiff was wearing a dark colored shirt and green pants and did not match the description of the suspect. At no point during the entire incident did Plaintiff pose a threat, let alone an immediate threat of death or serious bodily injury, to anyone.

    4.    <u>Violation of Bane Act (Cal. Civil Code 52.1)</u>: On September 20, 2021, Plaintiff called 9-1-1 reporting that a man (later identified as Resan Bingham) had walked into her apartment and was armed with a gun. She described the man as black, wearing white shirt, black shorts, and black shoes. She estimated the man as approximately 29 years of age and of medium build. She relayed that she believed the gun the man had was a handgun, but that she was not sure what color the gun

was and that the man had a black backpack on. When asked what the man was doing at that moment, Plaintiff replied that the man was trying to leave. When asked what the man did with the gun, Plaintiff replied that she was not sure. When asked whether the man threatened Plaintiff with the gun, Plaintiff made a sound in disagreement. Shortly thereafter, the call disconnected. When Defendant Taylor LaPoint responded to Plaintiff's apartment complex, he and Officer Mike Smith found a black backpack containing a handgun in the bushes directly underneath the balcony of Plaintiff's apartment. Defendant LaPoint then approached the door of Plaintiff's apartment and knocked on the door, announcing, "Police Department." Plaintiff was sitting on her couch inside the apartment when Defendant LaPoint initially knocked on the door. Mr. Bingham was also inside her apartment. When Mr. Bingham heard the knock on the door and the announcement, "Police Department," he moved to where Plaintiff was, grabbed her and laid on top of her, holding onto her clothes, preventing her from getting up to answer the door. Although Plaintiff heard another knock and announcement, "Police Department, come to the door," Plaintiff was unable to comply because Mr. Bingham was preventing Plaintiff from getting up off the couch. However, Plaintiff and Mr. Bingham did not engage in a violent struggle and were not making any loud or violent noises. Sometime after third knock and the announcement, "Ma'am please come to the door, I'm gonna kick it down," Mr. Bingham released Plaintiff and allowed Plaintiff to get up from the couch and make her way to the front door. As Plaintiff was standing in front of her apartment door, getting ready to open the door, Defendant LaPoint kicked open the door and immediately shot Plaintiff in the shoulder. Plaintiff was unarmed and did not have anything in either hand. Plaintiff had not said anything, and had made no statements that could be interpreted as a threat. Plaintiff was not in a shooting stance and did not have both arms outstretched in front of her. Defendant LaPoint failed to give a warning that he was prepared to use deadly force prior to shooting. The only information Defendant LaPoint had

prior to the shooting was that someone wearing a white t-shirt and black pants had walked into Plaintiff's apartment with a black backpack and armed with a gun. Moreover, Defendant LaPoint was erroneously informed that the suspect was white. Plaintiff was wearing a dark colored shirt and green pants and did not match the description of the suspect. At no point during the entire incident did Plaintiff pose a threat, let alone an immediate threat of death or serious bodily injury, to anyone.

As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this Response.

**INTERROGATORY 3:**

IDENTIFY each and every witness to each fact YOU stated in support of each claim, theory of liability, or cause of action YOU identified in response to Interrogatory No. 2.

**RESPONSES TO INTERROGATORY 3:**

Plaintiff objects to this Interrogatory on the basis that this Interrogatory is overly broad, unduly burdensome, and contains four discrete subparts. Without waiving the foregoing objections, Plaintiff responds as follows:

1. <u>Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)</u>:
   a. Plaintiff – c/o Plaintiff's counsel
   b. Resan Bingham – Plaintiff does not have personal knowledge of Mr. Bingham's contact information. Plaintiff is informed and thereon believes that Mr. Bingham is currently incarcerated at Corcoran.
   c. Defendant Taylor LaPoint – c/o Defense counsel
   d. Michael Smith – c/o Defense counsel
   e. Conor Sklarsky – c/o Defense counsel
   f. Salvador Cota – c/o Defense counsel
   g. Selena McKay-Davis – c/o Defense counsel
   h. Matthew Wroblewski – c/o Defense counsel
   i. Jeffrey Pap – c/o Defense counsel

September 20, 2021 wherein YOU reported someone was inside your house with a gun, state all FACTS that support that contention.

**RESPONSES TO INTERROGATORY 18:**

    Plaintiff objects to this Interrogatory on the basis that it exceeds the number of written interrogatories permitted pursuant to Fed. R. Civ. P. 33(a)(1).

DATED: September 28, 2023        LAW OFFICES OF DALE K. GALIPO

By:   */s/ Hang D. Le*

Dale K. Galipo
Hang D. Le
*Attorneys for Plaintiff*

<u>PROOF OF SERVICE</u>

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California and am over the age of eighteen years and not a party to the within action. My business address is 21800 Burbank Boulevard, Suite 310, Woodland Hills, California 91367.

On September 28, 2023, I served the foregoing documents described as: **PLAINTIFF'S RESPONSES TO INTERROGATORIES (SET ONE)** on all interested parties, through their respective attorneys of record in this action by placing a true copy thereof enclosed in a sealed envelope addressed as indicated below:

Phaedra A. Norton
Debra K. Cook
Office Of The City Attorney – City of Riverside
3750 University Avenue, Suite 250
Riverside, CA 92501
dcook@riversideca.gov; vbeauregard@riversideca.gov; crojas@riversideca.gov; jgallardo@riversideca.gov; milkerson@riversideca.gov; amoreno@riversideca.gov
Attorneys for Defendants CITY OF RIVERSIDE, TAYLOR LAPOINT, and MIKE SMITH

<u>METHOD OF SERVICE</u>

☒ (BY MAIL) I placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of this office for the collection, processing and mailing of documents. On the same day that documents are placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒ (BY ELECTRONIC SERVICE) I caused the foregoing document(s) to be sent via electronic transmittal to the notification addresses listed below as registered with this court's case management/electronic court filing system.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 28, 2023, at Woodland Hills, California.

*Karen Slyapich*
Karen Slyapich

-31-   Case No. 5:22-cv-1764-SSS-SP
**PLAINTIFF'S RESPONSES TO DEFNDANT CITY'S INTERROGATORIES (SET ONE)**