PHAEDRA A. NORTON (SBN 200271)
*City Attorney*
REBECCA MCKEE-REIMBOLD (SBN 279485)
*Assistant City Attorney,*
DEBRA K. COOK (SBN 250114)
*Senior Deputy City Attorney*
CECILIA ROJAS (SBN 340468)
*Deputy City Attorney*
**OFFICE OF THE CITY ATTORNEY**
3750 University Avenue, Suite 250
Riverside, California 92501
Telephone (951) 826-5567

Attorneys for Defendants,
CITY OF RIVERSIDE, a California charter city and municipal corporation, TAYLOR LAPOINT and MIKE SMITH

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEZSANEE JONES,<br><br>　　　Plaintiff,<br><br>v.<br><br>CITY OF RIVERSIDE; TAYLOR LAPOINT; MIKE SMITH; and DOES 3-10, inclusive,<br><br>　　　Defendants. | CASE NO.: 5:22-cv-1764-SSS-SP<br>*[Honorable Sunshine S. Sykes*<br>*Hon. Mag. Judge Sheri Pym]*<br><br>**DEFENDANTS' REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO MODIFY THE COURT'S SCHEDULING ORDER; DECLARATION OF DEBRA K. COOK**<br><br>**Hearing Date**: December 22, 2023<br><br>**Trial Date**: June 24, 2024 |

-1-

## SUMMARY OF REPLY

Although Defendant's initial motion Modify the Court's Scheduling Order sought to modify the cut-offs for: 1) fact discovery, 2) expert disclosures, 3) expert rebuttals, 4) expert discovery, and 5) motion hearings, some of those deadlines have passed and the parties have endeavored to complete as much of the required work that was possible either within the deadline or by stipulated extension. The parties have been working diligently on this case: expert disclosures have been served and Defendants filed their Motion for Summary Judgment ahead of schedule. As a result, those two requested changes to the scheduling order are now moot. For the Court's convenience, the two cut-offs that no longer need to be extended have been stricken below:

| **Deadline** | **Scheduling Order** | **Amended Order** | **Proposed** |
|---|---|---|---|
| Fact Discovery | 10/2/23 | 12/1/23 | 1/5/24 |
| ~~Expert Initial Disclosure~~ | ~~10/13/23~~ | ~~12/13/23~~ | ~~1/26/24~~ |
| Expert Rebuttal | 10/27/23 | 1/12/24 | 2/23/24 |
| Expert Discovery | 11/11/23 | 1/26/24 | 3/8/24 |
| ~~Motion Hearing~~ | ~~1/26/24~~ | ~~2/23/24~~ | ~~3/29/24~~ |

The only cut-offs that Defendants would still like the Court to modify are: 1) fact discovery 2) rebuttal expert disclosures, and 3) expert discovery. Defendants also request that the Court permit modification of the expert reports to consider the testimony of Resan Bingham.

## I. Expert Discovery

The only remaining fact discovery that needs to be completed is the deposition of Plaintiff's incarcerated boyfriend, third-party witness, Resan Bingam. Mr. Bingham is a key witness in this case as he witness the events that are the subject of Plaintiff's action and was the reason Plaintiff called the police on the day of the incident. Plaintiff admitted that Mr. Bingham had a gun in her apartment

-2-

City Attorney's Office
3750 University Ave., Ste. 250
Riverside, CA 92501
(951) 826-5567

DEFENDANTS' REPLY BRIEF TO
MODIFY SCHEDULING ORDER
CASE NO. 5:22-cv-1764-SSS-SP

and that after the police responded to her emergency call, he constrained her from in responding to the officer's commands.

Despite Plaintiff's contention that Mr. Bingham is not relevant at all to this case, Mr. Bingham's criminal threats and actions precipitated the incident. As a result, he possesses critical factual information that is highly relevant to establish Plaintiff's comparative fault for negligently making the decision to let Mr. Bingham inside her apartment with a gun, lying to the police about Mr. Bingham, and her refusal to answer the door when police arrived. Mr. Bingham's testimony is also highly relevant to the Defendants' defenses and to the issue of causation. Although Mr. Bingham is not a party in this litigation, Defendants contend that Mr. Bingham's intervening criminal acts caused or contributed to the incident occurring.  In a § 1983 action, the plaintiff must demonstrate that the defendant's conduct was the actionable cause of the claimed injury." *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008). "To meet this causation requirement, the plaintiff must establish both causation-in-fact and proximate causation." *Id*. Lastly, since expert depositions have not yet taken place, it is unclear if Plaintiff will attempt to argue that the officers failed to protect Plaintiff from Mr. Bingham on the day of the incident, which would make his testimony absolutely relevant at trial. More importantly, Plaintiff has brought other causes of action that must be defended.  Mr. Bingham's role in liability for battery, negligence, and the Bane Act claim is critical for the defense.

As laid out in the moving papers, there were significant delays in coordinating the deposition of Mr. Bingham, who is currently an inmate at Corcoran State Prison. First, Defendant had to locate which prison facility Mr. Bingham was housed at as inmates are often transferred to different facilities. Once defense counsel was able to confirm where he was incarcerated, the prison coordinator advised that they only authorize one court reporting agency in their

City Attorney's Office
3750 University Ave., Ste. 250
Riverside, CA 92501
(951) 826-5567

-3-

DEFENDANTS' REPLY BRIEF TO MODIFY SCHEDULING ORDER
CASE NO. 5:22-cv-1764-SSS-SP

facility: Kings Court Reporters. Defense counsel began the process of scheduling through that vendor during the summer. In addition, all parties were required to submit extensive background check paperwork in order to obtain clearance to enter the prison facility for the deposition. The clearance process to set up a videotaped deposition in prison was lengthy and complex. Defense counsel began this process back in August and received her clearance on September 19, 2023. However, when defense counsel attempted to set the deposition for November 9, 2023, plaintiff's counsel advised they had not received their prison clearance yet. As a result, defense counsel scheduled the deposition for December 20, 2023 to ensure that Plaintiff's counsel had sufficient time to obtain clearance to attend the deposition in prison. Unfortunately, on December 15, 2023, Kings Court Reporters advised they no longer had a court reporter available for December 20, 2023 prison deposition and unilaterally cancelled the deposition. *(Declaration of Debra K. Cook ("Cook Decl.") ¶¶ 1-6).* Defense counsel has been attempting to re-schedule the deposition with Kings Court Reporters, however, as of the time of this filing, they have not confirmed a new date. *(Id.)* Defendants ask the Court to extend discovery cut off for the limited purpose of taking Mr. Bingham's deposition in prison and to permit his testimony to be used in the defense of Plaintiff's action, including modification of the expert reports that have already been designated and exchanged. The delays in completing Mr. Bingham's deposition have not been caused by the defense. There is no prejudice to Plaintiff for the slight modification to the scheduling order.

## II.  **Rebuttal Expert Disclosures**

Mr. Bingham's testimony will be evaluated by both the parties' designated experts and potential rebuttal expert. These will require modification to existing opinions based on new information obtained. As a result, Defendants request that the Court also modify the cut-off for rebuttal expert disclosures as set forth above

City Attorney's Office
3750 University Ave., Ste. 250
Riverside, CA 92501
(951) 826-5567

-4-

DEFENDANTS' REPLY BRIEF TO
MODIFY SCHEDULING ORDER
CASE NO. 5:22-cv-1764-SSS-SP

to provide Defendants' rebuttal experts with sufficient time to evaluate Mr. Bingham's deposition testimony and to integrate it into their expert reports.

### III. Expert Discovery

Defendants also respectfully request that the Court extend the cut-off to provide the parties additional time to complete expert depositions. First, if the deadline to serve rebuttal expert disclosures is extended, then it logically flows that expert discovery also should be extended. Otherwise, rebuttal disclosures will be served after the cut-off to complete expert discovery, which would preclude the parties from taking the depositions of any rebuttal experts.

Second, with the holidays quickly approaching, scheduling depositions during holiday season will be difficult for counsel and experts. In addition, Ms. Cook will be engaged in trial in state court on January 8, 2023. Moreover, Ms. Cook and Mr. Galipo will be engaged in another police shooting case in federal court starting February 1, 2024 (*Lopez v. City of Riverside*). The holidays and both of these trials will make it extremely difficult to complete expert discovery by the current cut-off.

### IV. Conclusion

Based on the forgoing, Defendants respectfully request that the Court modify the Scheduling Order to: (1) extend the deadline for fact discovery to 1/5/24; (2) permit modification of expert reports through 2/1/24; (3) extend the deadline for rebuttal experts to 2/23/24; and (4) extend the deadline to complete expert discovery tp 3/8/24; or to dates that are determined reasonable by the Court.

DATED:  December 15, 2023         OFFICE OF THE CITY ATTORNEY

By:   */s/ Debra K. Cook*
DEBRA K. COOK
Attorneys for Defendants,
CITY OF RIVERSIDE, TAYLOR LAPOINT and MIKE SMITH

-5-

City Attorney's Office
3750 University Ave., Ste. 250
Riverside, CA 92501
(951) 826-5567

DEFENDANTS' REPLY BRIEF TO MODIFY SCHEDULING ORDER
CASE NO. 5:22-cv-1764-SSS-SP

## **DECLARATION OF DEBRA K. COOK**

I, Debra K. Cook, declare as follows:

1. I am an attorney law duly licensed to practice law before all of the courts of the State of California and am admitted to practice before the United States District Court, Central District of California. I am a Senior Deputy City Attorney for the City of Riverside and I am the attorney handling this matter representing the City of Riverside and Taylor Lapoint. The matters stated herein are within my personal knowledge. If called as a witness, I could and would competently testify to the following facts.

## **NEW INFORMATION JUST RECEIVED DECEMBER 15, 2023**

2. Even though I was engaged in a 5-week trial in August and September, 2023, and again, by surprise court order, engaged in trial from November 17, 2023 through December 13, 2023, I have been diligently working to schedule the deposition the deposition of third-party fact witness Resan Bingham, who is incarcerated.

3. The scheduling of this deposition has taken more time than usual because of the unique rules of Cocoran State Prison. They limit depositions to certain court reporters and certain videographers, and require clearances for all who attend.

4. In addition, Plaintiff's counsel could not be cleared timely.

5. The earliest I could schedule the deposition of Mr. Bingham was December 20, 2023.

6. Today, I received notice that the deposition date will now have to be changed because of the court reporter's unexpected unavailability. We have been in touch with the prison, the videographer, and others to try to find an alternate court reporter. We have been unable to find a substitute that will be allowed by the prison. We now have to wait until Monday to obtain alternate dates from the prison. We responded swiftly to the emergency need and will make every

-6-

City Attorney's Office
3750 University Ave., Ste. 250
Riverside, CA 92501
(951) 826-5567

DEFENDANTS' REPLY BRIEF TO MODIFY SCHEDULING ORDER
CASE NO. 5:22-cv-1764-SSS-SP

accommodation to preserve the December 20, 2023 deposition.  However, it is possible, perhaps probably that this deposition will not occur before the end of the year.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 15th day of December, 2023 in Riverside, California.

                    */s/ Debra K. Cook*
                    DEBRA K. COOK, Declarant

-7-

City Attorney's Office
3750 University Ave., Ste. 250
Riverside, CA 92501
(951) 826-5567

DEFENDANTS' REPLY BRIEF TO MODIFY SCHEDULING ORDER
CASE NO. 5:22-cv-1764-SSS-SP