**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
Hang D. Le, Esq. (Bar No. 293450)
hlee@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Attorneys for Plaintiff
DEZSANEE JONES

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEZSANEE JONES,<br><br>  Plaintiff,<br>  vs.<br><br>CITY OF RIVERSIDE; TAYLOR LAPOINT; MIKE SMITH; and DOES 3-10, inclusive,<br><br>Defendants. | Case No. 5:22-cv-01764-SSS-SP<br><br>*Honorable Sunshine S. Sykes*<br>*Hon. Mag. Judge Sheri Pym*<br><br>**PLAINTIFF'S EX PARTE APPLICATION FOR A PROTECTIVE ORDER PRECLUDING DEFENDANTS FROM TAKING THE DEPOSITION OF RESAN BINGHAM, CURRENTLY SCHEDULED FOR DECEMBER 20, 2023**<br><br>**[DISCOVERY MATTER]**<br><br>[*Declaration of Hang D. Le, exhibits, and Proposed Order filed concurrently*] |

**TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:**

    **PLEASE TAKE NOTICE** that Plaintiff Dezsanee Jones hereby move by way of this *Ex Parte* Application for a Protective Order Precluding Defendants from Taking the Deposition of Resan Bingham, Currently Scheduled for December 20, 2023, wherein the fact discovery cut-off has passed and the District Court has not continued any of the discovery deadlines.

    Plaintiff makes this application pursuant to Central District Local Rule 7-19. The grounds for this application are set forth in the Memorandum of Points and Authorities, which follows below, and the Declaration of Hang D. Le, which is submitted concurrently herewith. Prior to filing this *Ex Parte* Application, Plaintiff's counsel contacted Defendants City of Riverside and Taylor Lapoint's counsel in compliance with Local Rule 7-19 through 7-19.1. Defendants' counsel is:

Debras K. Cook
OFFICE OF THE CITY ATTORNEY – City of Riverside
3750 University Avenue, Suite 250
Riverside, California 92501
DCook@riversideca.gov

(Declaration of Hang D. Le in Support of *Ex Parte* Application for a Protective Order Precluding Defendants from Taking the Deposition of Resan Bingham, Currently Scheduled for December 20, 2023 ("Le Decl.") ¶ 2). Defendants have indicated that they intend to oppose this *Ex Parte* Application. (*Id*.). Plaintiff seeks relief *ex parte* the current date for Mr. Bingham's unilaterally noticed deposition, December 20, 2023 will pass before the underlying motion may be heard according to regularly-noticed motion procedures.

//
//
//
//

1  Respectfully submitted,

2  DATED:  December 15, 2023          LAW OFFICES OF DALE K. GALIPO

3

4

5                                          By_____/s/ Hang D. Le_____
6                                              Dale K. Galipo
                                               Hang D. Le
7                                              Attorneys for Plaintiff DEZSANEE JONES

# MEMORANDUM OF POINTS AND AUTHORTIES

## I. INTRODUCTION

This civil rights case arises from the September 20, 2021 officer-involved shooting of Plaintiff Dezsanee Jones by Defendant City of Riverside Police Officer Taylor Lapoint. The District Court issued a Scheduling Order, setting among other dates and deadlines, a fact discovery cut-off of October 1, 2023. The parties subsequently filed a stipulation requesting that some pretrial dates, including the fact discovery cut-off be continued. On September 3, 2023, the District Court granted the parties' stipulation and continued certain pretrial dates. This included continuing the fact discovery cut-off from October 1, 2023 to December 1, 2023. On November 20, 2023, Defendants filed an *Ex Parte* Application to Modify Scheduling Order, requesting that the District Court continue certain pretrial dates, including the fact discovery cut-off. Defendants also filed a regularly-noticed Motion to Modify the Court's Scheduling Order that same day, with a hearing date set for December 22, 2023. On November 29, 2023, the District Court denied Defendants' *Ex Parte* Application. Defendants' Motion is still pending before the District Court.

On November 15, 2023, Defendants served a Notice of Deposition of Resan Bingham, set for December 20, 2023—after the fact discovery cut-off. Mr. Bingham is a third-party witness who is currently incarcerated at Corcoran State Prison. Plaintiff served her objections to Defendants' Notice two days later, on November 17, 2023. After the District Court's denial of Defendants' *Ex Parte* Application, it was Plaintiff's counsel's understanding that Mr. Bingham's deposition could not move forward.

Today, December 15, 2023, at approximately 3:43 p.m., Plaintiff's counsel learned for the first time that <u>Defendants intended to move forward with taking Mr. Bingham's deposition on December 20, 2023, even though the fact discovery cut-off had passed and the District Court had not issued any order continuing the deadline.</u> Plaintiff's counsel stated her objections and also informed defense counsel that she

was not available to appear for Mr. Bingham's deposition on December 20, 2023. <u>Defense counsel informed Plaintiff's counsel that she intended to move forward with Mr. Bingham's deposition, regardless of Plaintiff's counsel's unavailability and whether or not the District Court granted Defendants' Motion to Modify the Scheduling Order</u>. Accordingly, Plaintiff now brings this *Ex Parte* Application for a Protective Order to preclude Defendants from taking Mr. Bingham's deposition, in violation of the District Court's Order, the local rules, and the fundamental rules of fairness.

## II.     RELEVANT PROCEDURAL HISTORY

On October 7, 2022, Plaintiff filed her lawsuit arising out of this incident, naming the City of Riverside and DOES 1-10 as defendants. (Dkt. No. 1). On November 23, 2022, defense counsel sent an e-mail to Plaintiff's counsel requesting meet and confer to discuss the City's responsive pleadings and a potential Rule 12(b) motion to dismiss or Rule 56 motion for summary judgment. On November 29, 2023, Plaintiff's counsel replied to defense counsel's email to set up a date and time and suggested that they use the meeting as an opportunity to also conduct their Rule 26 early meeting of counsel. (*See* Ex. 1 to Le Decl.) The parties held their meet and confer on the City' responsive pleadings and contemplated motions as well as their Rule 26 early meeting of counsel on December 2, 2022. (*Id.*).

On April 17, 2023, the Court issued a Civil Trial Order and set case management dates. (Dkt. No. 32). Among those dates, the Court set the Fact Discovery Cut-Off for October 2, 2023; Initial Expert Disclosures for October 13, 2023; Rebuttal Expert Disclosures for October 27, 2023; and Last Day to Hear Motions for January 26, 2024. (*Id.* at 4).

On August 17, 2023, *a month-and-a-half before the fact discovery cutoff*, Rebecca McKee-Reimbold from defense counsel's office reached out to Plaintiff's counsel and requested a brief continuance of the trial date or extension of the discovery cut-off due to lead Ms. Cook's unavailability as she was engaged in a

month-long trial after which she was expected to observe several religious holidays. (Le Decl. ¶ 4). After meeting and conferring, the parties agreed to a short continuance of all discovery dates as well as the motion hearing date. (*Id.*). On August 29, 2023, the parties filed their Stipulation and Request for Order to continue the discovery dates and motion hearing date approximately 2 months out. (Dkt. No. 38).

On September 3, 2023, the Court issued an Order granting the parties' stipulation to continue certain case management dates and continued the Fact Discovery Cut-Off to December 1, 2023; Initial Expert Disclosures to December 13, 2023; Rebuttal Expert Disclosures to January 12, 2024; Expert Discovery Cut-Off to January 26, 2024; and the Last Day to Hear Motions to February 23, 2024. (*See* Dkt. Nos. 39, 41).

On September 18, 2023, defense counsel's office emailed Plaintiff's counsel indicating that they intended to take the deposition of third-party witness Resan Bingham and requested that Plaintiff's counsel submit clearance forms to CDCR in order for Defendants to take the deposition of Mr. Bingham at Corcoran State Prison. (*See* Ex. 2 to Le Decl.). Plaintiff's counsel subsequently complied with the request. (Le Decl. ¶ 4). On November 8, 2023—*less than a month before the close of fact discovery*—defense counsel's office reached out to Plaintiff's counsel to request availability for the week of November 27-December 1, 2023 for the depositions of Plaintiff and Mr. Bingham. (*See* Ex. 3 to Le Decl.). The next day, defense counsel sent an e-mail to meet and confer on the remaining discovery and Defendant Lapoint's intent to file a Motion for Summary Judgment based on qualified immunity. (*See* Le Decl. ¶ 7; Ex. 4 to Le Decl.). Defense counsel informed Plaintiff's counsel that she was expected to start trial on November 17, 2023 and that the trial was anticipated to last for two weeks. (*Id.*). Defense counsel proposed continuing all pretrial dates by 30 days to complete the remaining discovery. (*Id.*).

Plaintiff's counsel informed defense counsel that Ms. Jones was available

1  December 1, 2023 for her deposition and that Plaintiff's counsel was available
2  November 28, 29, and 30 for the deposition of Mr. Bingham. (*Id.*). With those
3  deposition dates secured, Plaintiff's counsel did not believe there was a need to
4  extend the case management dates and therefore declined to enter into such a
5  stipulation. (*Id.*). Defense counsel then informed Plaintiff's counsel that she was *not*
6  *available* December 1, that Defendants *had not cleared dates* for the deposition of
7  Mr. Bingham with CDCR, and *for the first time since the inception of the case*,
8  informed Plaintiff's counsel that Defendants wanted to have Plaintiff submit to a
9  Defense Medical Examination. (*Id.*).

10  On November 13, 2023, the parties tentatively agreed that Plaintiff would
11  submit to a DME on November 30, 2023, subject to the parties entering into and
12  filing a proposed stipulation with the Court regarding the manner, conditions, and
13  scope of the examination pursuant to Rule 35, and would appear for her deposition
14  on December 1, 2023. (*See* Le Decl. ¶ 8; Ex. 4 to Le Decl.).

15  On November 15, 2023, Defendants unilaterally noticed the deposition of
16  Resan Bingham for December 20, 2023—after the fact discovery cut-off date of
17  December 1, 2023. (*See* Le Decl. ¶ 10; Ex. 5 to Le Decl.). Plaintiff served her
18  objection to Defendants' deposition notice on November 17, 2023. (Le Decl. ¶ 10;
19  Ex. 6 to Le Decl.).

20  On November 20, 2023, Defendants filed their Ex Parte Application to
21  Modify the Scheduling Order, continuing the pretrial dates, including the discovery
22  deadlines, 30-45 days out to allow Defendants to take the deposition of Plaintiff and
23  Mr. Bingham. (Dkt. No. 43). On that same date, Defendants also filed a regularly-
24  noticed Motion to Modify the Court's Scheduling Order, requesting the same relief,
25  with a hearing date of December 22, 2023. (Dkt. No. 45). Plaintiff timely filed an
26  Opposition to Defendants' Ex Parte Application on November 21, 2023. (Dkt. No.
27  46). On December 1, 2023, the District Court denied Defendants' *Ex Parte*
28

1  Application. (Dkt. No. 48). Accordingly, the fact discovery cut-off remained
2  December 1, 2023.

3        Plaintiff filed her Opposition to Defendants' Motion to Modify the Court's
4  Scheduling Order on December 8, 2023. (Dkt. No. 51). At that point, Plaintiff had
5  completed her DME in compliance with the parties' stipulation and Magistrate
6  Pym's related order and sat for her deposition, all before the December 1, 2023 fact
7  discovery cut-off. (*See* Le Decl. ¶¶ 11-12). Thus, the only outstanding discovery
8  identified by Defendants was Mr. Bingham's deposition. Because the District Court
9  had denied Defendants' Ex Parte Application to Modify Scheduling Order and the
10 fact discovery cut-off of December 1, 2023 had passed, it was Plaintiff's counsel's
11 understanding that the December 20, 2023 deposition of Mr. Bingham as noticed by
12 Defendants could not move forward.

13       On December 15, 2023, at 3:53 p.m., defense counsel sent an email to
14 Plaintiff's counsel, advising that the court reporter scheduled for Mr. Bingham's
15 December 20, 2023 was no longer available and that Defendants were working to
16 find a solution so that Mr. Bingham's deposition could move forward as noticed.
17 (Le Decl. ¶ 13; *see* Ex. 7 to Le Decl. at 3). This was alarming news to Plaintiff's
18 counsel as the fact discovery had passed and the District Court had not issued an
19 order extending the deadlines. (Le Decl. ¶ 13). Plaintiff's counsel informed defense
20 counsel that due to the above and Plaintiff's timely objection to the deposition
21 notice, moving forward with the Mr. Bingham's deposition would be in violation of
22 the District Court's Scheduling Order. (Le Decl. ¶ 13; *see* Ex. 7 to Le Decl. at 3).
23 Plaintiff's counsel further informed defense counsel that she was not available on
24 December 20, 2023 for Mr. Bingham's deposition and would not be attending on
25 that date. (*Id.*). <u>Defense counsel replied that she intended to move forward with Mr.</u>
26 <u>Bingham's deposition, regardless of the Court's Scheduling Order, Plaintiff's</u>
27 <u>counsel's unavailability and whether or not the District Court granted Defendant's</u>
28 <u>pending Motion to Modify the Court's Scheduling Order</u>. (Le Decl. ¶ 13; *see* Ex. 7

to Le Decl. at 2). Accordingly, Plaintiff is now forced to file this *Ex Parte* Application to preclude Defendants from flouting the District Court's Scheduling Order and gaining an unfair advantage as a result of their blatant disregard of the District Court's orders.

### III. EX PARTE BASIS FOR RELIEF

The granting of *ex parte* relief requires an evidentiary showing of good cause that: (1) "the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures;" and (2) "the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *See Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F.Supp. 488, 492 (C.D. Cal. 1995); *see, e.g.*, *Azam v. Brown*, 714 F. App'x 663, 665 (9th Cir. 2017) (recognizing *Mission Power* as setting forth standard for *ex parte* relief).

Here, Plaintiff's ability to litigate this case will be irreparably prejudiced if the underlying motion is heard according to regularly notice motion procedures because Defendants intend to move forward with Mr. Bingham's unilaterally noticed deposition on December 20, 2023 after the fact discovery cut-off. Plaintiff's counsel is not available to appear for the deposition of Mr. Bingham as noticed. Moreover, Mr. Bingham's December 20, 2023 deposition will be taking place *after* the Court's fact discovery cut-off of December 1, 2023, in contravention of the Court's Order and in Plaintiff's timely objections to Defendants' deposition notice. Moreover, allowing Defendants to take Mr. Bingham's deposition after the fact discovery cut-off will require Plaintiff to expend additional discovery and case costs, including having Plaintiff's experts review additional materials and issue a supplemental report since expert initial disclosures have been exchanged and rebuttal disclosures are due January 12, 2023, and alter Plaintiff's case strategy and trial tactics as Plaintiff will have to defend against the irrelevant and prejudicial testimony of Mr. Bingham regarding his previous relationship with Plaintiff and his

1  actions towards Plaintiff prior to the involvement of law enforcement on the day of
2  the incident—none of which was known to Defendant Lapoint at the time of the
3  shooting.
4        Additionally, Plaintiff did not cause Defendants to unilaterally notice the
5  deposition of Resan Bingham for a date after the discovery cut-off and nor did
6  Plaintiff ever indicate to Defendants that Plaintiff was agreeable with Defendants
7  moving forward with taking Mr. Bingham's deposition after the discovery cut-off.
8  Plaintiff timely served objections to Defendants' Notice of Deposition of Resan
9  Bingham two days after Defendants served their Notice. Plaintiff did not cause
10 Defendants' lack of diligence in pursuing discovery in this case. Plaintiff has
11 worked diligently to accommodate Defendants' last minute discovery requests in
12 order to fulfill the requests before the December 1, 2023 fact discovery cut-off,
13 including submitting to a Defense Medical Examination and deposition, despite the
14 untimeliness of the requests. After Plaintiff served her objections and the District
15 Court denied Defendants' Ex Parte Application to Modify Scheduling Order,
16 Plaintiff operated under the belief that Defendants would not violate the Court's
17 Order by taking Mr. Bingham's deposition after the fact discovery cut-off. *See*
18 *Rakhra v. PHW Las Vegas, LLC*, No. 2:12-CV-01287-JAD, 2014 WL 99302, at *3
19 (D. Nev. Jan. 3, 2014) ("To take a deposition after court-imposed deadlines requires
20 a stipulation approved by the court, or an order granting a motion to re-open
21 discovery."). Plaintiff was only informed of Defendants' intention to move forward
22 with Mr. Bingham today, December 15, 2023, at which point Plaintiff's counsel
23 communicated her objections, including the fact that she was unavailable on the date
24 of Mr. Bingham's noticed deposition. Defense counsel replied, stating that she
25 intended to move forward with Mr. Bingham's deposition on December 20, 2023
26 regardless of how the District Court ruled on Defendants' pending Motion to
27 Modify the Court's Scheduling Order. Defendants' position prompted the filing of
28

this *Ex Parte* Application. Accordingly, *ex parte* relief is warranted under the circumstances.

## IV. <u>GOOD CAUSE EXISTS FOR A PROTECTIVE ORDER PRECLUDING DEFENDANTS FROM TAKING THE DEPOSITION OF THIRD-PARTY WITNESS RESAN BINGHAM</u>

> In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce deadlines.

*Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) ("A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.") (citation omitted). Failure to comply with scheduling order deadlines "may properly support severe sanctions and the exclusion of evidence." *Wong*, 410 F.3d at 1061. "Rule 16(f) authorizes the trial court on motion, or *sua sponte*, to impose any sanctions authorized by Rule 37(b)(2)(A)(ii-vii) for a party's failure to obey a scheduling order or other pretrial order." *Rakhra*, 2014 WL 99302, at *2. The Ninth Circuit has recognized that "[d]disruption to the schedule of the court and other parties in that manner is not harmless." *Wong*, 410 F.3d at 1062.

Rule 37(b)(2)(A) provides in part: "If a party...fails to obey an order to provide or permit discovery, including an order under Rule 26(f)…the court where the action is pending may issue further just orders" including "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii). Here, the exclusion of Mr. Bingham's deposition at trial would not be a sufficient remedy for Defendants' taking of Mr. Bingham's deposition, after the discovery cut-off, without the presence of Plaintiff's counsel. Allowing Defendants to flout the District Court's Scheduling Order and Defendants "overriding duty to cooperate in

discovery," *Wyles v. Sussman*, 445 F. Supp. 3d 751, 757 (C.D. Cal. 2020) (citing L.R. 37-4, 83-7), and unilaterally take the deposition of a third-party witness without the presence of Plaintiff's counsel would give Defendants access to information they are not entitled to and potentially abuse the deposition process. Defendants could potentially learn information that would give them a tactical advantage at trial even with the exclusion of Mr. Bingham's testimony at trial. Accordingly, the only sufficient remedy is a protective order precluding Defendants from taking Mr. Bingham's deposition. *See Rahkra*, 2014 WL 99302, at *3 (granting the motion for a protective order to preclude a party from taking the deposition of the designated person most knowledgeable because it was noticed after the expiration of the discovery cut-off).

## V.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court grant Plaintiff's *Ex Parte* Application and issue a Protective Order precluding Defendants from taking the deposition of Resan Bingham.

Respectfully submitted,

DATED:  December 15, 2023        LAW OFFICES OF DALE K. GALIPO

By        */s/ Hang D. Le*
    Dale K. Galipo
    Hang D. Le
    Attorneys for Plaintiff DEZSANEE JONES