1  **LAW OFFICES OF DALE K. GALIPO**
   Dale K. Galipo, Esq. (Bar No. 144074)
2  dalekgalipo@yahoo.com
   Hang D. Le, Esq. (Bar No. 293450)
3  hlee@galipolaw.com
   21800 Burbank Boulevard, Suite 310
4  Woodland Hills, California, 91367
   Telephone: (818) 347-3333
5  Facsimile: (818) 347-4118

6  Attorneys for Plaintiff
   DEZSANEE JONES

7

8            **UNITED STATES DISTRICT COURT FOR THE**
9               **CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| DEZSANEE JONES,<br><br>        Plaintiff,<br>   vs.<br><br>CITY OF RIVERSIDE; TAYLOR LAPOINT; MIKE SMITH; and DOES 3-10, inclusive,<br><br>Defendants. | Case No. 5:22-cv-01764-SSS-SP<br><br>*Honorable Sunshine S. Sykes*<br>*Hon. Mag. Judge Sheri Pym*<br><br>**DECLARATION OF HANG D. LE IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR A PROTECTIVE ORDER PRECLUDING DEFENDANTS FROM TAKING THE DEPOSITION OF RESAN BINGHAM, CURRENTLY SCHEDULED FOR DECEMBER 20, 2023** |

# DECLARATION OF HANG D. LE

I, Hang D. Le, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California, and the Central District of California. I make this declaration in support of Plaintiff's Ex Parte Application for Protective Order Precluding Defendants from Taking the Deposition of Resan Bingham, Currently Scheduled for December 20, 2023. I have personal knowledge of the facts contained herein and could testify competently thereto if called.

2. Prior to filing Plaintiff's Ex Parte Application for Protective Order Precluding Defendants from Taking the Deposition of Resan Bingham, Currently Scheduled for December 20, 2023, Plaintiff's counsel contacted Defendants City of Riverside and Taylor Lapoint's counsel in compliance with Local Rule 7-19 through 7-19.1. Defendants' counsel is:

> Debras K. Cook
> OFFICE OF THE CITY ATTORNEY – City of Riverside
> 3750 University Avenue, Suite 250
> Riverside, California 92501
> DCook@riversideca.gov

Defendants indicated that they intend to oppose the *Ex Parte* Application.

3. Plaintiff filed this instant lawsuit on October 7, 2022. On November 23, 2022, defense counsel sent an e-mail to Plaintiff's counsel requesting meet and confer to discuss the City's responsive pleadings and a potential Rule 12(b) motion to dismiss or Rule 56 motion for summary judgment. On November 29, 2023, Plaintiff's counsel replied to defense counsel's email to set up a date and time and suggested that they use the meeting as an opportunity to also conduct their Rule 26 early meeting of counsel. The parties held their meet and confer on the City's responsive pleadings and contemplated motions as well as their Rule 26 early meeting of counsel on December 2, 2022. Attached hereto as "**Exhibit 1**" is a true and correct copy of the e-mail chain regarding the meet and confer of Defendant's

1  responsive pleadings and contemplated motions and the parties' Rule 26 early
2  meeting of counsel.
3      4.    On August 17, 2023, Rebecca McKee-Reimbold from defense
4  counsel's office reached out to Plaintiff's counsel and requested a brief continuance
5  of the trial date or extension of the discovery cut-off due to lead Ms. Cook's
6  unavailability as she was engaged in a month-long trial after which she was
7  expected to observe several religious holidays. After meeting and conferring, the
8  parties agreed to a short continuance of all discovery dates as well as the motion
9  hearing date. On August 29, 2023, the parties filed their Stipulation and Request for
10 Order to continue the discovery dates and motion hearing date approximately 2
11 months out.
12     5.    On September 18, 2023, Defendants informed Plaintiff's counsel for
13 the first time that they intended to take the deposition of Resan Bingham and
14 requested that Plaintiff's counsel submit clearance forms to CDCR in order for
15 Defendants to take the deposition of Mr. Bingham at Corcoran State Prison.
16 Attached hereto as "**Exhibit 2**" is a true and correct copy of the e-mail regarding
17 Mr. Bingham's deposition. Plaintiff's counsel subsequently complied with
18 Defendant's request and submitted clearance forms to the CDCR coordinator.
19     6.    On November 8, 2023, defense counsel's office sent Plaintiff's counsel
20 an e-mail, requesting availability for the week of November 27, 2023 (11/27-12/1)
21 for the depositions of Plaintiff and Mr. Bingham. Attached hereto as "**Exhibit 3**" is
22 a true and correct copy of the e-mail.
23     7.    On November 9, 2023, defense counsel sent Plaintiff's counsel an e-
24 mail to meet and confer on the remaining discovery and Defendant Lapoint's intent
25 to file a Motion for Summary Judgment based on qualified immunity. Defense
26 counsel informed Plaintiff's counsel that she was expected to start trial on
27 November 17, 2023 and that the trial was anticipated to last for two weeks. Defense
28 counsel proposed continuing all pretrial dates by 30 days to complete the remaining

discovery. Plaintiff's counsel replied to defense counsel and informed her that Ms. Jones was available December 1, 2023 for her deposition and that Plaintiff's counsel was available November 28, 29, and 30 for the deposition of Mr. Bingham. With those deposition dates secured, Plaintiff's counsel did not believe there was a need to extend the case management dates and therefore declined to enter into such a stipulation. Defense counsel then informed Plaintiff's counsel that Defendants were not available December 1, that Defendants had not cleared dates for the deposition of Mr. Bingham with CDCR, and for the first time since the inception of the case, informed Plaintiff's counsel that Defendants wanted to have Plaintiff submit to a Defense Medical Examination. Plaintiff's counsel informed defense counsel of such and reiterated that Plaintiff was willing to work with defense counsel's availability for the last week of November to complete her deposition and Mr. Bingham's deposition.

8. On November 13, 2023, defense counsel informed Plaintiff's counsel that she had received her trial schedule, that the court conducting her trial was dark on Fridays, requested that Plaintiff submit to a DME on November 30, 2023 and be deposed on December 1, 2023. Plaintiff's counsel replied, indicating that Plaintiff, in the spirit of cooperation and good faith, was willing to submit to a DME on November 30, 2023, subject to the parties entering into and filing a proposed stipulation with the Court regarding the manner, conditions, and scope of the examination pursuant to Rule 35. Plaintiff further confirmed December 1, 2023 for Plaintiff's deposition.

9. Attached hereto as "**Exhibit 4**" is a true and correct copy of the e-mail chain of the parties' communications regarding setting the depositions of Plaintiff and Mr. Bingham, Defendants' request to continue the case management dates, Plaintiff's medical records, and Defendants' desire for Plaintiff to submit to an Independent/Defense Medical Examination.

10. On November 15, 2023, Defendants unilaterally noticed the deposition of Resan Bingham for December 20, 2023. Attached hereto as "**Exhibit 5**" is a true and correct copy of the email with the deposition notice of Resan Bingham attached. Plaintiff served her objection to Defendants' deposition notice on November 17, 2023. Attached hereto as "**Exhibit 6**" is a true and correct copy of Plaintiff's Objections to the Deposition Notice of Resan Bingham.

11. On November 30, 2023, Plaintiff completed the agreed-upon DME in compliance with the parties' stipulation and Magistrate Judge Pym's related order with defense's medical expert in Newport Beach, California.

12. On December 1, 2023, Plaintiff's deposition was taken by defense counsel.

13. On December 15, 2023, at 3:53 p.m., defense counsel sent an email to Plaintiff's counsel, advising that the court reporter scheduled for Mr. Bingham's December 20, 2023 was no longer available and that Defendants were working to find a solution so that Mr. Bingham's deposition could move forward as noticed. This was news to Plaintiff's counsel as the fact discovery had passed and the District Court had not issued an order extending the deadlines. Plaintiff's counsel informed defense counsel that due to the above and Plaintiff's timely objection to the deposition notice, moving forward with the Mr. Bingham's deposition would be in violation of the District Court's Scheduling Order. Plaintiff's counsel further informed defense counsel that she was not available on December 20, 2023 for Mr. Bingham's deposition and would not be attending on that date. Defense counsel replied that she intended to move forward with Mr. Bingham's deposition, regardless of the Court's Scheduling Order, Plaintiff's counsel's unavailability and whether or not the District Court granted Defendant's pending Motion to Modify the Court's Scheduling Order. Attached hereto as "**Exhibit 7**" is a true and correct copy of the December 15, 2023 email chain regarding Mr. Bingham's deposition.

1   I declare under penalty of perjury under the laws of the State of California
2   and the United States of America that the foregoing is true and correct. Executed
3   this 15th day of December 2023, in Woodland Hills, California.

_____
Hang D. Le

-5-    Case No. 5:22-cv-01764-SSS-SP
DECLARATION OF HANG D. LE