PHAEDRA A. NORTON (SBN 200271)
*City Attorney*
REBECCA MCKEE-REIMBOLD (SBN 279485)
*Assistant City Attorney,*
DEBRA K. COOK (SBN 250114)
*Senior Deputy City Attorney*
CECILIA ROJAS (SBN 340468)
*Deputy City Attorney*
**OFFICE OF THE CITY ATTORNEY**
3750 University Avenue, Suite 250
Riverside, California 92501
Telephone (951) 826-5567

Attorneys for Defendants,
CITY OF RIVERSIDE, a California charter city and municipal corporation,
TAYLOR LAPOINT and MIKE SMITH

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEZSANEE JONES,<br><br>       Plaintiff,<br><br>v.<br><br>CITY OF RIVERSIDE; TAYLOR LAPOINT; MIKE SMITH; and DOES 3-10, inclusive,<br><br>       Defendants. | CASE NO.: 5:22-cv-1764-SSS-SP<br>*[Honorable Sunshine S. Sykes<br>Hon. Mag. Judge Sheri Pym]*<br><br>**DEFENDANTS' <u>OPPOSITION</u> TO PLAINTIFF'S *EX PARTE* APPLICATION FOR PROTECTIVE ORDER RE THIRD-PARTY DEPOSITION OF RESAN BINGHAM; DECLARATION OF DEBRA K. COOK; SUPPORTING EXHIBITS**<br><br>**Hearing Date**: None Set<br>**Trial Date**: June 24, 2024 |

-1-

## OPPOSITION

Simply put, **there are no exigent circumstances** underlying Plaintiff's *ex parte* application, and it should be denied. The Court found that to be the case when the defense brought its own *ex parte* application two weeks ago, and it would seem the same factual circumstances and law attach when Plaintiff seeks the same judicial relief concerning the same discovery issue. The Court made it clear that *ex parte* applications are solely for extraordinary relief.  Plaintiff's counsel's *ex parte* application in light of this recent admonition is a bit surprising.

The substance of both parties' *ex parte* applications is the deposition of one percipient witness: Resan Bingham. This is the subject of a **fully briefed motion** that the Court will be deciding this week (or as deemed suitable by the Court). Again, given the Court's prior ruling on the prior *ex parte* application two weeks ago, the decision by Plaintiff's counsel to seek *ex parte* relief on the same discovery dispute is perplexing.

But, it does show the length Plaintiff's counsel will go to keep Mr. Bingham from testifying about what he saw and what he did at the time of the subject incident. Plaintiff's counsel's unavailability is not exigent circumstances. This is particularly true given that notice of the Bingham deposition was served on November 15, 2023 and Plaintiff's counsel's alleged unavailability was never mentioned in Plaintiff's objection to the deposition notice.

Defendants defer to the briefing on the related motion being considered by the Court this week (or in the coming weeks) for the factual, evidentiary, and legal analysis underpinning this single-issue discovery dispute.

It is perhaps noteworthy that Defendants are entitled to take the deposition of Resan Bingham irrespective of the scheduling deadlines in this action. Once Plaintiff's section 1983 cause of action is adjudicated, Defendants will be entitled to bring a cross action against Mr. Bingham for the remaining causes of action or

can bring another action subsequent to the adjudication of this action. The preservation of the Bingham testimony is critical, and potentially independent of this action. Defendants are entitled to the preservation of Bingham's testimony, and the Court will determine if that testimony can be used for any purpose in this action.

Plaintiff claims that Bingham's testimony is irrelevant and prejudicial.  In addition, Plaintiff claims that the subject officers did not know of Mr. Bingham's involvement in the subject incident. This is provably false. The City lodges contemporaneously with this opposition a re-enactment of the incident with body worn camera footage, audio calls to RPD Dispatch, supported by the Plaintiff's deposition testimony and discovery responses. *(Declaration of Debra K. Cook ¶2-3)*. In addition, the expert witness support for the reenactment is included. *(Id.)* This re-enactment clearly shows that Mr. Bingham is a key, relevant witness from the perspective of the defense. Mr. Bingham's testimony is important for one other reason: finding the truth.

DATED:  December 16, 2023          OFFICE OF THE CITY ATTORNEY

By:   */s/ Debra K. Cook*
DEBRA K. COOK
Attorneys for Defendants,
CITY OF RIVERSIDE, TAYLOR
LAPOINT and MIKE SMITH

## DECLARATION OF DEBRA K. COOK

I, Debra K. Cook, declare as follows:

1.      I am an attorney law duly licensed to practice law before all of the courts of the State of California and am admitted to practice before the United States District Court, Central District of California.  I am a Senior Deputy City Attorney for the City of Riverside and I am the attorney handling this matter representing the City of Riverside and Taylor Lapoint.  The matters stated herein are within my personal knowledge.  If called as a witness, I could and would competently testify to the following facts.

## RESAN BINGHAM'S ROLE IN THE SUBJECT INCIDENT

2.      Resan Bingham was present at all relevant times in the events leading up to, and following the officer involved shooting. Attached as **Exhibit "1"** is a re-enactment of the entire law enforcement encounter beginning with the 911 call by Plaintiff. A true and correct copy of the electronic video has been lodged with the court.

3.      The reenactment is based on stabilized body worn camera footage, audio calls to RPD Dispatch, and Plaintiff's discovery responses, including her deposition testimony.  The reenactment has been prepared by industry recognized experts and is based on strong irrefutable evidence contained in reliable sources. Attached as **Exhibits "2" and "3"** are true and correct copies of the expert reports of Brady Held and Parris Ward, respectively that provide the foundation for the reenactment of **Exhibit "1"**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 16th day of December, 2023 in Riverside, California.

__/s/ Debra K. Cook_____

DEBRA K. COOK, Declarant

-4-