UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 5:22-cv-01764-SSS (SPx) | Date | December 19, 2023 |
|---|---|---|---|
| Title | Dezsanee Jones v. City of Riverside, et al. | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | | |
|---|---|---|---|
| Kimberly I. Clerk | None | | None |
| Deputy Clerk | Court Reporter/Recorder | | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: | |
| None | | None | |

**Proceedings:**  **(In Chambers) Order Granting Plaintiff's Ex Parte Application for a Protective Order Precluding Defendants From Taking the Deposition of Resan Bingham Currently Scheduled for December 20, 2023 [53]**

## I. INTRODUCTION

On December 15, 2023, plaintiff filed an ex parte application for a protective order, seeking to preclude defendants from taking the deposition of Resan Bingham on its currently scheduled date of December 20, 2023.  Docket no. 53.  Plaintiff's application is supported by the declaration of Hang D. Le ("Le Decl.") and exhibits.  On December 16, 2023, defendants filed an opposition to the application and exhibits in support of the opposition.  Docket no. 54.

## II. BACKGROUND

In the initial scheduling order, the court set October 2, 2023 as the fact discovery cut-off.  Docket no. 32.  On August 29, 2023, the parties filed a stipulation requesting that some pretrial dates be changed.  Docket no. 38.  The court granted the request and the new fact discovery cut-off date was December 1, 2023.  Docket no. 41.

On November 15, 2023, defendants served plaintiff a notice of deposition of Resan Bingham, setting it for December 20, 2023.  Le Decl., Ex. 5.  On November 17, 2023, plaintiff served her objection to the deposition on the ground that the deposition date was set for after the close of fact discovery.  *Id.*, Ex. 6.

On November 20, 2023, defendants file an ex parte application to modify the scheduling order (docket no. 43), along with a motion to modify the scheduling order set for hearing on December 22, 2023 (docket no. 45).  In both defendants' ex parte

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 5:22-cv-01764-SSS (SPx) | Date | December 19, 2023 |
|---|---|---|---|
| Title | Dezsanee Jones v. City of Riverside, et al. | | |

application and motion, they proposed a fact discovery cut off date of January 5, 2024. Docket no. 43, 45. The court denied defendants' ex parte application. Docket no. 48. Defendants' motion to modify the scheduling order is still pending.

### III.   DISCUSSION

**A.   Ex Parte Relief**

"Ex parte motions are rarely justified . . . ." *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). To justify ex parte relief, the moving party must, at a minimum, show: (1) its "cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) "the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.* at 492.

Here, ex parte relief is justified. First, plaintiff has shown that she will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. Fact discovery closed on December 1, 2023. Dkt. no. 41. On December 15, 2023, defendants informed plaintiff they intended to proceed with the Bingham deposition on December 20, 2023 regardless of whether the court modifies the scheduling order and plaintiff's counsel's availability. Le Decl., Ex. 7. Given that fact discovery has closed and plaintiff's counsel is not available on December 20, 2023 (*see* Le Decl. ¶ 13), plaintiff has shown she faces irreparable prejudice.

Second, plaintiff has demonstrated that she is without fault in creating the crisis that requires ex parte relief. When defendants noticed the Bingham deposition, plaintiff objected on the grounds it was set for after the close of discovery. *Id.*, Ex. 6. Plaintiff then reasonably assumed that once the court denied defendant's ex parte application to modify the scheduling order (docket no. 48), defendants would not violate the court order and proceed with the deposition on December 20, 2023. As such, there was no basis for plaintiff to seek relief from the court until December 15, when defendants revealed they intended to move forward with the deposition on December 20.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 5:22-cv-01764-SSS (SPx) | Date | December 19, 2023 |
|---|---|---|---|
| Title | Dezsanee Jones v. City of Riverside, et al. | | |

### B. <u>Protective Order</u>

Federal Rule of Civil Procedure 37(b)(2)(A) provides that if a party "fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders." In addition, Federal Rule of Civil Procedure 26(c)(1) provides for the court to issue an order to forbid or limit discovery in order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."

Here, defendants seek to violate the court's scheduling order and force the deposition of Bingham on December 20, 2023, almost three weeks after the close of fact discovery and after the court denied their ex parte application to modify the scheduling order. Defendants may not flout the court's order and take the deposition of Bingham after the fact discovery cut-off date without plaintiff's agreement. Defendants offer no justification for their insistence on this deposition going forward on December 20, except that they believe they will ultimately be entitled to take Bingham's deposition in any event. This is beside the point. At this time, the court's scheduling order governs.

Accordingly, the court grants plaintiff's application for a protective order precluding the deposition of Bingham from proceeding on December 20, 2023 or any other date unless defendants' motion to modify the scheduling order is granted.

### IV. <u>CONCLUSION</u>

IT IS THEREFORE ORDERED that plaintiff's ex parte application for a protective order precluding defendants from taking the deposition of Resan Bingham on December 20, 2023 (docket no. 53) is granted.