**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
Hang D. Le, Esq. (Bar No. 293450)
hlee@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Attorneys for Plaintiff
DEZSANEE JONES

## UNITED STATES DISTRICT COURT FOR THE
## CENTRAL DISTRICT OF CALIFORNIA

DEZSANEE JONES,

             Plaintiff,

      vs.

CITY OF RIVERSIDE; TAYLOR
LAPOINT; MIKE SMITH; and DOES
3-10, inclusive,

Defendants.

Case No. 5:22-cv-01764-SSS-SP

*Honorable Sunshine S. Sykes*
*Hon. Mag. Judge Sheri Pym*

**PLAINTIFF'S OBJECTIONS TO
DEFENDANTS' PROFFERED
EVIDENCE IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO
DEFENDANTS' RULE 56 MOTION
FOR PARTIAL SUMMARY
JUDGMENT**

[Filed concurrently with Plaintiff's
Opposition; State of Genuine Disputes;
Attorney Declaration and exhibits
thereto]

1

**PLAINTIFF'S OBJECTIONS TO DEFENDANTS' PROFFERED FACTS**

Pursuant to the Court's December 1, 2022 Civil Standing Order, Plaintiff hereby submits Plaintiff's Objections to Defendants' Proffered Evidence in Support of Plaintiff's Opposition to Defendants' Rule 56 Motion for Summary Judgment.

DATED:  December 23, 2023          LAW OFFICES OF DALE K. GALIPO

By_____*/s/ Hang D. Le*_____
        Dale K. Galipo
        Hang D. Le
        Attorneys for Plaintiff DEZSANEE JONES

| Defendants' Allegedly Undisputed Fact and Evidence | Plaintiff's Objection(s) |
|---|---|
| 1.    Plaintiff Dezsanee Jones ("Plaintiff") called 911 twice on September 20, 2021 with the first 911 call at approximately 2:17 p.m. on September 20, 2021 ("First 911 Call").<br><br>**EVIDENCE**:<br>• **EXH 1,** *Plaintiff's Dezsanee Jones December 1, 2023 Deposition ("Plaintiff Depo.")* at pg:ln 10:18- 22 attached to the *Declaration of Debra K. Cook ("Cook Decl.")* ¶1;<br>• **EXH. 4,** *Plaintiff's Responses to City's Request for Admissions, Set One ("RFA1")* No. 1 at pg:ln 3:5-8 attached to *Cook Decl.* ¶4.<br>• **EXH 5,** *Plaintiff's Responses to City's Interrogatories Set 1 ("ROGS1")* No. 2 at pg:ln 4:6-5:16 attached to *Cook Decl.* ¶5;<br>• **EXH. 6,** First 911 call audio attached to *Cook Decl.* ¶6. | **Objection**. Fed. R. Evid. 401, 402. Relevance.<br><br>This information was not known to Defendant Taylor Lapoint at the time of the shooting. Defendant Lapoint did not listen to the 911 call prior to the shooting. The only information Defendant Lapoint had prior to the shooting regarding the call was that a female caller had reported that a white male, wearing a white t-shirt and black pants, with a black backpack and armed with a handgun, had walked into her apartment. *See* Defendants' Allegedly Undisputed Fact ("DAUF") #23; Plaintiff's Undisputed Fact ("PUF") #69-72.<br><br>Information unknown to an officer at the time of his use of force – or information acquired after the incident by investigators or during discovery – cannot be considered in evaluating a Fourth Amendment claim of excessive force. *Glenn v. Washington Cnty.*, 673 F.3d 864, 873 n.8 (9th Cir. 2011) ("We cannot consider evidence of which the officers were unaware—the prohibition against evaluating officers' actions 'within 20/20 vision of hindsight' cuts both ways.").<br><br>To the extent Defendants contend this is relevant to Plaintiff's credibility, credibility determinations by a judge are inappropriate at the summary judgment stage. *See Anderson v. Liberty* |

| Defendants' Allegedly Undisputed Fact and Evidence | Plaintiff's Objection(s) |
|---|---|
| | *Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge..."); *Nelson v. City of Davis*, 517 F.3d 924, 928-29 (9th Cir. 2009). |
| 2.     Plaintiff was at her residence located at 807 Blaine Street., Apt. 214, Riverside when she made the First 911 Call.<br><br>**EVIDENCE**:<br>• **EXH 1,** *Plaintiff Depo.* at pg:ln 10:18-22, 43:15-19 attached to the *Cook Decl.* ¶1;<br>• **EXH. 6,** First 911 call audio attached to *Cook Decl.* ¶6. | |
| 3.   In the First 911 Call she told the 911 operator ("Operator") that there was "a boy in here with a gun in my house."<br><br>**EVIDENCE**:<br>• **EXH 1,** *Plaintiff's Depo* at pg:ln 11:1-4 attached to *Cook Decl.* ¶1;<br>• **EXH. 4,** *RFA1* No. 2 at pg:ln 3:9- 13 attached to Cook Decl. ¶4;<br>• **EXH 5,** *ROGS1* No. 2 at pg:ln 4:6- 5:16 attached to *Cook Decl.* ¶5;<br>• **EXH. 6,** First 911 call audio attached to *Cook Decl.* ¶6. | <u>**Objection**</u>. Fed. R. Evid. 401, 402. Relevance.<br><br>This information was not known to Defendant Taylor Lapoint at the time of the shooting. Defendant Lapoint did not listen to the 911 call prior to the shooting. The only information Defendant Lapoint had prior to the shooting regarding the call was that a female caller had reported that a white male, wearing a white t-shirt and black pants, with a black backpack and armed with a handgun, had walked into her apartment. *See* DAUF # 23; PUF #69-72. |

| Defendants' Allegedly Undisputed Fact and Evidence | Plaintiff's Objection(s) |
|---|---|
| | Information unknown to an officer at the time of his use of force – or information acquired after the incident by investigators or during discovery – cannot be considered in evaluating a Fourth Amendment claim of excessive force. *Glenn v. Washington Cnty.*, 673 F.3d 864, 873 n.8 (9th Cir. 2011) ("We cannot consider evidence of which the officers were unaware—the prohibition against evaluating officers' actions 'within 20/20 vision of hindsight' cuts both ways."). To the extent Defendants contend this is relevant to Plaintiff's credibility, credibility determinations by a judge are inappropriate at the summary judgment stage. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge..."); *Nelson v. City of Davis*, 517 F.3d 924, 928-29 (9th Cir. 2009). |
| 4.    In the First 911 Call, in response to Plaintiff's report that there was "a boy in here with a gun in my house," the Operator asked Plaintiff "do you know this individual." **EVIDENCE**: <br> • **EXH 1,** *Plaintiff's Depo* at pg:ln 11:5-8 attached to *Cook Decl.* ¶1; | **Objection**. Fed. R. Evid. 401, 402. Relevance. This information was not known to Defendant Taylor Lapoint at the time of the shooting. Defendant Lapoint did not listen to the 911 call prior to the shooting. The only information Defendant Lapoint had prior to the shooting regarding the call was that a |

| Defendants' Allegedly Undisputed Fact and Evidence | Plaintiff's Objection(s) |
|---|---|
| • **EXH. 4**, *RFA1* No. 3 at pg:ln 3:14-18 attached to Cook Decl. ¶4;<br>• **EXH. 6,** First 911 call audio attached to *Cook Decl*. ¶6. | female caller had reported that a white male, wearing a white t-shirt and black pants, with a black backpack and armed with a handgun, had walked into her apartment. *See* DAUF # 23; PUF #69-72.<br><br>Information unknown to an officer at the time of his use of force – or information acquired after the incident by investigators or during discovery – cannot be considered in evaluating a Fourth Amendment claim of excessive force. *Glenn v. Washington Cnty.*, 673 F.3d 864, 873 n.8 (9th Cir. 2011) ("We cannot consider evidence of which the officers were unaware—the prohibition against evaluating officers' actions 'within 20/20 vision of hindsight' cuts both ways.").<br><br>To the extent Defendants contend this is relevant to Plaintiff's credibility, credibility determinations by a judge are inappropriate at the summary judgment stage. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge..."); *Nelson v. City of Davis*, 517 F.3d 924, 928-29 (9th Cir. 2009). |
| 5.    In the First 911 Call, in response to the Operator's question asking | **Objection**. Fed. R. Evid. 401, 402. Relevance. |

| Defendants' Allegedly Undisputed Fact and Evidence | Plaintiff's Objection(s) |
|---|---|
| Plaintiff if she knew the individual, Plaintiff said "no." <br><br> **EVIDENCE**: <br> • **EXH 1,** *Plaintiff's Depo* at pg:ln 11:9-11, 12:7-9 44:3-8 attached to *Cook Decl.* ¶1; <br> • **EXH. 4**, *RFA1* No. 4 at pg:ln 3:19-23 attached to Cook Decl. ¶4; <br> • **EXH. 6,** First 911 call audio attached to *Cook Decl.* ¶6. | This information was not known to Defendant Taylor Lapoint at the time of the shooting. Defendant Lapoint did not listen to the 911 call prior to the shooting. The only information Defendant Lapoint had prior to the shooting regarding the call was that a female caller had reported that a white male, wearing a white t-shirt and black pants, with a black backpack and armed with a handgun, had walked into her apartment. *See* DAUF # 23; PUF #69-72. <br><br><br> Information unknown to an officer at the time of his use of force – or information acquired after the incident by investigators or during discovery – cannot be considered in evaluating a Fourth Amendment claim of excessive force. *Glenn v. Washington Cnty.*, 673 F.3d 864, 873 n.8 (9th Cir. 2011) ("We cannot consider evidence of which the officers were unaware—the prohibition against evaluating officers' actions 'within 20/20 vision of hindsight' cuts both ways."). <br><br> To the extent Defendants contend this is relevant to Plaintiff's credibility, credibility determinations by a judge are inappropriate at the summary judgment stage. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the |

| Defendants' Allegedly Undisputed Fact and Evidence | Plaintiff's Objection(s) |
|---|---|
| | drawing of legitimate inferences from the facts are jury functions, not those of a judge..."); *Nelson v. City of Davis*, 517 F.3d 924, 928-29 (9th Cir. 2009). |
| 6.      Plaintiff lied when she told the Operator that she did not know the individual with a gun in her house.<br><br>**EVIDENCE**:<br>• **EXH 1,** *Plaintiff's Depo* at pg:ln 44:3-8 attached to *Cook Decl.* ¶1.<br>• **EXH. 4**, *RFA1* No. 22 at pg:ln 7:23-27 attached to Cook Decl. ¶4; | **Objection**. Fed. R. Evid. 401, 402. Relevance.<br><br>This information was not known to Defendant Taylor Lapoint at the time of the shooting. Defendant Lapoint did not listen to the 911 call prior to the shooting. The only information Defendant Lapoint had prior to the shooting regarding the call was that a female caller had reported that a white male, wearing a white t-shirt and black pants, with a black backpack and armed with a handgun, had walked into her apartment. *See* DAUF # 23; PUF #69-72.<br><br>Information unknown to an officer at the time of his use of force – or information acquired after the incident by investigators or during discovery – cannot be considered in evaluating a Fourth Amendment claim of excessive force. *Glenn v. Washington Cnty.*, 673 F.3d 864, 873 n.8 (9th Cir. 2011) ("We cannot consider evidence of which the officers were unaware—the prohibition against evaluating officers' actions 'within 20/20 vision of hindsight' cuts both ways."). |

| Defendants' Allegedly Undisputed Fact and Evidence | Plaintiff's Objection(s) |
|---|---|
| | To the extent Defendants contend this is relevant to Plaintiff's credibility, credibility determinations by a judge are inappropriate at the summary judgment stage. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge..."); *Nelson v. City of Davis*, 517 F.3d 924, 928-29 (9th Cir. 2009). |
| 7.  The boy in her house with a gun was Plaintiff's boyfriend, Resan Bingham.<br><br>**EVIDENCE**:<br>• **EXH 1,** *Plaintiff's Depo* at pg:ln 21:13-25 attached to *Cook Decl.* ¶1. | **<u>Objection</u>**. Fed. R. Evid. 401, 402. Relevance.<br><br>This information was not known to Defendant Taylor Lapoint at the time of the shooting. Defendant Lapoint did not listen to the 911 call prior to the shooting. The only information Defendant Lapoint had prior to the shooting regarding the call was that a female caller had reported that a white male, wearing a white t-shirt and black pants, with a black backpack and armed with a handgun, had walked into her apartment. *See* DAUF #23; PUF #69-72. Moreover, after the shooting, Officer Lapoint assumed that Mr. Bingham was not the suspect because he did not match the report of the suspect. *See* PUF # 107.<br><br>Information unknown to an officer at the time of his use of force – or information acquired after the incident |

| Defendants' Allegedly Undisputed Fact and Evidence | Plaintiff's Objection(s) |
|---|---|
| | by investigators or during discovery – cannot be considered in evaluating a Fourth Amendment claim of excessive force. *Glenn v. Washington Cnty.*, 673 F.3d 864, 873 n.8 (9th Cir. 2011) ("We cannot consider evidence of which the officers were unaware—the prohibition against evaluating officers' actions 'within 20/20 vision of hindsight' cuts both ways.").<br><br>To the extent Defendants contend this is relevant to Plaintiff's credibility, credibility determinations by a judge are inappropriate at the summary judgment stage. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge..."); *Nelson v. City of Davis*, 517 F.3d 924, 928-29 (9th Cir. 2009). |
| 8.      The Operator asked Plaintiff for "a description of him [Resan Bingham], White, black, Hispanic, Asian?"<br><br>**EVIDENCE**:<br>• **EXH 1,** *Plaintiff's Depo* at pg:ln 11:14-24 attached to *Cook Decl.* ¶1;<br>• **EXH. 4**, *RFA1* No. 6 at pg:ln 4:4- 11 attached to Cook Decl. ¶4;<br>• **EXH. 6,** First 911 call audio | **Objection**. Fed. R. Evid. 401, 402. Relevance.<br><br>This information was not known to Defendant Taylor Lapoint at the time of the shooting. Defendant Lapoint did not listen to the 911 call prior to the shooting. The only information Defendant Lapoint had prior to the shooting regarding the call was that a female caller had reported that a white male, wearing a white t-shirt and black pants, with a black backpack and armed |

| Defendants' Allegedly Undisputed Fact and Evidence | Plaintiff's Objection(s) |
|---|---|
| attached to *Cook Decl.* ¶6. | with a handgun, had walked into her apartment. *See* DAUF #23; PUF #69-72.<br><br>Information unknown to an officer at the time of his use of force – or information acquired after the incident by investigators or during discovery – cannot be considered in evaluating a Fourth Amendment claim of excessive force. *Glenn v. Washington Cnty.*, 673 F.3d 864, 873 n.8 (9th Cir. 2011) ("We cannot consider evidence of which the officers were unaware—the prohibition against evaluating officers' actions 'within 20/20 vision of hindsight' cuts both ways.").<br><br>To the extent Defendants contend this is relevant to Plaintiff's credibility, credibility determinations by a judge are inappropriate at the summary judgment stage. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge..."); *Nelson v. City of Davis*, 517 F.3d 924, 928-29 (9th Cir. 2009). |
| 9.       Plaintiff replied, "Uh, black. White shirt, black pants. Black socks, black shoes."<br><br>**EVIDENCE**:<br>• **EXH 1,** *Plaintiff's Depo* at | **Objection**. Fed. R. Evid. 401, 402. Relevance.<br><br>This information was not known to Defendant Taylor Lapoint at the time of the shooting. Defendant Lapoint did not |

| Defendants' Allegedly Undisputed Fact and Evidence | Plaintiff's Objection(s) |
|---|---|
| pg:ln 11:14-24 attached to *Cook Decl.* ¶1;<br>• **EXH. 4**, *RFA1* No. 6 at pg:ln 4:4- 11 attached to Cook Decl. ¶4;<br>• **EXH 5,** *ROGS1* No. 2 at pg:ln 4:6- 5:16 attached to *Cook Decl.* ¶5;<br>• **EXH. 6,** First 911 call audio attached to *Cook Decl.* ¶6. | listen to the 911 call prior to the shooting. The only information Defendant Lapoint had prior to the shooting regarding the call was that a female caller had reported that a white male, wearing a white t-shirt and black pants, with a black backpack and armed with a handgun, had walked into her apartment. *See* DAUF #23; PUF #69-72.<br><br>Information unknown to an officer at the time of his use of force – or information acquired after the incident by investigators or during discovery – cannot be considered in evaluating a Fourth Amendment claim of excessive force. *Glenn v. Washington Cnty.*, 673 F.3d 864, 873 n.8 (9th Cir. 2011) ("We cannot consider evidence of which the officers were unaware—the prohibition against evaluating officers' actions 'within 20/20 vision of hindsight' cuts both ways.").<br><br>To the extent Defendants contend this is relevant to Plaintiff's credibility, credibility determinations by a judge are inappropriate at the summary judgment stage. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of |

| Defendants' Allegedly Undisputed Fact and Evidence | Plaintiff's Objection(s) |
|---|---|
| | a judge..."); *Nelson v. City of Davis*, 517 F.3d 924, 928-29 (9th Cir. 2009). |
| 10.    The Operator followed up with the clarification question, "You said white male?"<br><br>**EVIDENCE**:<br>• **EXH 1,** *Plaintiff's Depo* at pg:ln 11:25-12:6; 54:2-18 attached to *Cook Decl.* ¶1;<br>• **EXH. 4**, *RFA1* No. 6 at pg:ln 4:4- 11 attached to Cook Decl. ¶4;<br>• **EXH. 6,** First 911 call audio attached to *Cook Decl.* ¶6. | **Objection**. Fed. R. Evid. 401, 402. Relevance.<br><br>This information was not known to Defendant Taylor Lapoint at the time of the shooting. Defendant Lapoint did not listen to the 911 call prior to the shooting. The only information Defendant Lapoint had prior to the shooting regarding the call was that a female caller had reported that a white male, wearing a white t-shirt and black pants, with a black backpack and armed with a handgun, had walked into her apartment. *See* DAUF #23; PUF #69-72.<br><br>Information unknown to an officer at the time of his use of force – or information acquired after the incident by investigators or during discovery – cannot be considered in evaluating a Fourth Amendment claim of excessive force. *Glenn v. Washington Cnty.*, 673 F.3d 864, 873 n.8 (9th Cir. 2011) ("We cannot consider evidence of which the officers were unaware—the prohibition against evaluating officers' actions 'within 20/20 vision of hindsight' cuts both ways.").<br><br>To the extent Defendants contend this is relevant to Plaintiff's credibility, credibility determinations by a judge |

| Defendants' Allegedly Undisputed Fact and Evidence | Plaintiff's Objection(s) |
|---|---|
| | are inappropriate at the summary judgment stage. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge..."); *Nelson v. City of Davis*, 517 F.3d 924, 928-29 (9th Cir. 2009). |
| 11.     Plaintiff clarified, "White."<br><br>**EVIDENCE**:<br>• **EXH 1,** *Plaintiff's Depo* at pg:ln 11:25-12:6; 54:2-18 attached to *Cook Decl.* ¶1;<br>• **EXH. 4**, *RFA1* No. 6 at pg:ln 4:4- 11 attached to Cook Decl. ¶4;<br>• **EXH. 6,** First 911 call audio attached to *Cook Decl.* ¶6. | **Objection**. Misstates the cited evidence. Plaintiff misunderstood what the 9-1-1 operator was saying when she answered back, "White." Ex. 1 to Cook Decl., Jones Dep. 54:2-55:7; Ex. 4 to Cook Decl., Plaintiff's Response to Request for Admission No. 6.<br><br>**Objection**. Fed. R. Evid. 401, 402. Relevance.<br><br>This information was not known to Defendant Taylor Lapoint at the time of the shooting. Defendant Lapoint did not listen to the 911 call prior to the shooting. The only information Defendant Lapoint had prior to the shooting regarding the call was that a female caller had reported that a white male, wearing a white t-shirt and black pants, with a black backpack and armed with a handgun, had walked into her apartment. *See* DAUF #23; PUF #69-72. |

| Defendants' Allegedly Undisputed Fact and Evidence | Plaintiff's Objection(s) |
|---|---|
| | Information unknown to an officer at the time of his use of force – or information acquired after the incident by investigators or during discovery – cannot be considered in evaluating a Fourth Amendment claim of excessive force. *Glenn v. Washington Cnty.*, 673 F.3d 864, 873 n.8 (9th Cir. 2011) ("We cannot consider evidence of which the officers were unaware—the prohibition against evaluating officers' actions 'within 20/20 vision of hindsight' cuts both ways.").<br><br>To the extent Defendants contend this is relevant to Plaintiff's credibility, credibility determinations by a judge are inappropriate at the summary judgment stage. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge..."); *Nelson v. City of Davis*, 517 F.3d 924, 928-29 (9th Cir. 2009). |
| 12.    Plaintiff lied when she told the Operator that the individual [Resan Bingham] was a white male.<br><br>**EVIDENCE**:<br>• **EXH 1,** *Plaintiff's Depo* at pg:ln 54:2-25 attached to *Cook Decl.* ¶1; | **Objection**. Misstates the cited evidence. Plaintiff misunderstood what the 9-1-1 operator was saying when she answered back, "White." Ex. 1 to Cook Decl., Jones Dep. 54:2-55:7.<br><br>**Objection**. Fed. R. Evid. 401, 402. Relevance. |

| Defendants' Allegedly Undisputed Fact and Evidence | Plaintiff's Objection(s) |
|---|---|
| | This information was not known to Defendant Taylor Lapoint at the time of the shooting. Defendant Lapoint did not listen to the 911 call prior to the shooting. The only information Defendant Lapoint had prior to the shooting regarding the call was that a female caller had reported that a white male, wearing a white t-shirt and black pants, with a black backpack and armed with a handgun, had walked into her apartment. *See* DAUF #23; PUF #69-72.

Information unknown to an officer at the time of his use of force – or information acquired after the incident by investigators or during discovery – cannot be considered in evaluating a Fourth Amendment claim of excessive force. *Glenn v. Washington Cnty.*, 673 F.3d 864, 873 n.8 (9th Cir. 2011) ("We cannot consider evidence of which the officers were unaware—the prohibition against evaluating officers' actions 'within 20/20 vision of hindsight' cuts both ways.").

To the extent Defendants contend this is relevant to Plaintiff's credibility, credibility determinations by a judge are inappropriate at the summary judgment stage. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of |

| Defendants' Allegedly Undisputed Fact and Evidence | Plaintiff's Objection(s) |
|---|---|
| | a judge..."); *Nelson v. City of Davis*, 517 F.3d 924, 928-29 (9th Cir. 2009). |
| 13.    The Operator asked Plaintiff "How old does he [Resan Bingham] look?"<br><br>**EVIDENCE**:<br>• **EXH 1,** *Plaintiff's Depo* at pg:ln 55:10-21 attached to *Cook Decl.* ¶1;<br>• **EXH. 4**, *RFA1* No. 7 at pg:ln 4:12-16 attached to Cook Decl. ¶4;<br>• **EXH. 6,** First 911 call audio attached to *Cook Decl*. ¶6. | **Objection**. Fed. R. Evid. 401, 402. Relevance.<br><br>This information was not known to Defendant Taylor Lapoint at the time of the shooting. Defendant Lapoint did not listen to the 911 call prior to the shooting. The only information Defendant Lapoint had prior to the shooting regarding the call was that a female caller had reported that a white male, wearing a white t-shirt and black pants, with a black backpack and armed with a handgun, had walked into her apartment. *See* DAUF #23; PUF #69-72. Moreover, Officer Lapoint did not have any information regarding the suspect's age before the shooting. *See* PUF #70.<br><br>Information unknown to an officer at the time of his use of force – or information acquired after the incident by investigators or during discovery – cannot be considered in evaluating a Fourth Amendment claim of excessive force. *Glenn v. Washington Cnty.*, 673 F.3d 864, 873 n.8 (9th Cir. 2011) ("We cannot consider evidence of which the officers were unaware—the prohibition against evaluating officers' actions 'within 20/20 vision of hindsight' cuts both ways."). |

| Defendants' Allegedly Undisputed Fact and Evidence | Plaintiff's Objection(s) |
|---|---|
| | To the extent Defendants contend this is relevant to Plaintiff's credibility, credibility determinations by a judge are inappropriate at the summary judgment stage. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge..."); *Nelson v. City of Davis*, 517 F.3d 924, 928-29 (9th Cir. 2009). |
| 14.    Plaintiff replied that he [Resan Bingham] looked "about 29."<br><br>**EVIDENCE**:<br>• **EXH 1,** *Plaintiff's Depo* at pg:ln 55:10-21 attached to *Cook Decl.* ¶1;<br>• **EXH. 4,** *RFA1* No. 7 at pg:ln 4:12-16 attached to Cook Decl. ¶4;<br>• **EXH 5,** *ROGS1* No. 2 at pg:ln 4:6- 5:16 attached to *Cook Decl.* ¶5;<br>• **EXH. 6,** First 911 call audio attached to *Cook Decl.* ¶6. | **Objection**. Fed. R. Evid. 401, 402. Relevance.<br><br>This information was not known to Defendant Taylor Lapoint at the time of the shooting. Defendant Lapoint did not listen to the 911 call prior to the shooting. The only information Defendant Lapoint had prior to the shooting regarding the call was that a female caller had reported that a white male, wearing a white t-shirt and black pants, with a black backpack and armed with a handgun, had walked into her apartment. *See* DAUF #23; PUF #69-72. Moreover, Officer Lapoint did not have any information regarding the suspect's age before the shooting. *See* PUF #70.<br><br>Information unknown to an officer at the time of his use of force – or information acquired after the incident by investigators or during discovery – |

| Defendants' Allegedly Undisputed Fact and Evidence | Plaintiff's Objection(s) |
|---|---|
| | cannot be considered in evaluating a Fourth Amendment claim of excessive force. *Glenn v. Washington Cnty.*, 673 F.3d 864, 873 n.8 (9th Cir. 2011) ("We cannot consider evidence of which the officers were unaware—the prohibition against evaluating officers' actions 'within 20/20 vision of hindsight' cuts both ways."). <br><br> To the extent Defendants contend this is relevant to Plaintiff's credibility, credibility determinations by a judge are inappropriate at the summary judgment stage. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge..."); *Nelson v. City of Davis*, 517 F.3d 924, 928-29 (9th Cir. 2009). |
| 15.    Plaintiff further described the man in her house [Resan Bingham] a wearing a white shirt and black shorts. <br><br> **EVIDENCE**: <br> • **EXH 1,** *Plaintiff's Depo* at pg:ln 56:21-58:19 attached to *Cook Decl.* ¶1; <br> • **EXH. 4**, *RFA1* No. 8 and 9 at pg:ln 4:17-26 attached to Cook Decl. ¶4 <br> • **EXH 5**, *ROGS1* No. 2 at pg:ln 4:6- 5:16 attached to *Cook Decl.* ¶5; | **Objection**. Fed. R. Evid. 401, 402. Relevance. <br><br> This information was not known to Defendant Taylor Lapoint at the time of the shooting. Defendant Lapoint did not listen to the 911 call prior to the shooting. The only information Defendant Lapoint had prior to the shooting regarding the call was that a female caller had reported that a white male, wearing a white t-shirt and black pants, with a black backpack and armed with a handgun, had walked into her |

| Defendants' Allegedly Undisputed Fact and Evidence | Plaintiff's Objection(s) |
|---|---|
| • **EXH. 6,** First 911 call audio attached to *Cook Decl.* ¶6. | apartment. *See* DAUF #23; PUF #69-72.<br><br>Information unknown to an officer at the time of his use of force – or information acquired after the incident by investigators or during discovery – cannot be considered in evaluating a Fourth Amendment claim of excessive force. *Glenn v. Washington Cnty.*, 673 F.3d 864, 873 n.8 (9th Cir. 2011) ("We cannot consider evidence of which the officers were unaware—the prohibition against evaluating officers' actions 'within 20/20 vision of hindsight' cuts both ways.").<br><br>To the extent Defendants contend this is relevant to Plaintiff's credibility, credibility determinations by a judge are inappropriate at the summary judgment stage. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge..."); *Nelson v. City of Davis*, 517 F.3d 924, 928-29 (9th Cir. 2009). |
| 16.     The Operator asked Plaintiff "What kind of gun was it?"<br><br>**EVIDENCE**:<br>• **EXH 1,** *Plaintiff's Depo* at pg:ln 59:4-11 attached to *Cook Decl.* ¶1; | <u>**Objection**</u>. Fed. R. Evid. 401, 402. Relevance.<br><br>This information was not known to Defendant Taylor Lapoint at the time of the shooting. Defendant Lapoint did not listen to the 911 call prior to the |

| Defendants' Allegedly Undisputed Fact and Evidence | Plaintiff's Objection(s) |
|---|---|
| • **EXH. 4**, *RFA1* No. 10 at pg:ln 5:1-7 attached to Cook Decl. ¶4; <br> • **EXH. 6,** First 911 call audio attached to *Cook Decl*. ¶6. | shooting. The only information Defendant Lapoint had prior to the shooting regarding the call was that a female caller had reported that a white male, wearing a white t-shirt and black pants, with a black backpack and armed with a handgun, had walked into her apartment. *See* DAUF #23; PUF #69-72. <br><br> Information unknown to an officer at the time of his use of force – or information acquired after the incident by investigators or during discovery – cannot be considered in evaluating a Fourth Amendment claim of excessive force. *Glenn v. Washington Cnty.*, 673 F.3d 864, 873 n.8 (9th Cir. 2011) ("We cannot consider evidence of which the officers were unaware—the prohibition against evaluating officers' actions 'within 20/20 vision of hindsight' cuts both ways."). <br><br> To the extent Defendants contend this is relevant to Plaintiff's credibility, credibility determinations by a judge are inappropriate at the summary judgment stage. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge..."); *Nelson v. City of Davis*, 517 F.3d 924, 928-29 (9th Cir. 2009). |

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' PROFFERED EVIDENCE

| Defendants' Allegedly Undisputed Fact and Evidence | Plaintiff's Objection(s) |
|---|---|
| 17.  Plaintiff responded "I'm not sure. I think it was like a handgun."<br><br>**EVIDENCE**:<br>• **EXH 1,** *Plaintiff's Depo* at pg:ln 59:4-11 attached to *Cook Decl.* ¶1;<br>• **EXH. 4**, *RFA1* No. 10 at pg:ln 5:1-7 attached to Cook Decl. ¶4;<br>• **EXH 5,** *ROGS1* No. 2 at pg:ln 4:6- 5:16 attached to *Cook Decl.* ¶5;<br>• **EXH. 6,** First 911 call audio attached to *Cook Decl*. ¶6. | **<u>Objection</u>**. Fed. R. Evid. 401, 402. Relevance.<br><br>This information was not known to Defendant Taylor Lapoint at the time of the shooting. Defendant Lapoint did not listen to the 911 call prior to the shooting. The only information Defendant Lapoint had prior to the shooting regarding the call was that a female caller had reported that a white male, wearing a white t-shirt and black pants, with a black backpack and armed with a handgun, had walked into her apartment. *See* DAUF #23; PUF #69-72.<br><br>Information unknown to an officer at the time of his use of force – or information acquired after the incident by investigators or during discovery – cannot be considered in evaluating a Fourth Amendment claim of excessive force. *Glenn v. Washington Cnty.*, 673 F.3d 864, 873 n.8 (9th Cir. 2011) ("We cannot consider evidence of which the officers were unaware—the prohibition against evaluating officers' actions 'within 20/20 vision of hindsight' cuts both ways.").<br><br>To the extent Defendants contend this is relevant to Plaintiff's credibility, credibility determinations by a judge are inappropriate at the summary judgment stage. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Credibility determinations, the |

| Defendants' Allegedly Undisputed Fact and Evidence | Plaintiff's Objection(s) |
|---|---|
| | weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge..."); *Nelson v. City of Davis*, 517 F.3d 924, 928-29 (9th Cir. 2009). |
| 18.    Plaintiff then told the Operator "I know he [Resan Bingham] has a black backpack."<br><br>**EVIDENCE**:<br>• **EXH 1,** *Plaintiff's Depo* at pg:ln 12:25-13:3; 62:6-11 attached to *Cook Decl.* ¶1;<br>• **EXH. 4**, *RFA1* No. 11 at pg:ln 5:8-12 attached to Cook Decl. ¶4;<br>• **EXH 5,** *ROGS1* No. 2 at pg:ln 4:6- 5:16 attached to *Cook Decl.* ¶5;<br>• **EXH. 6,** First 911 call audio attached to *Cook Decl.* ¶6. | **Objection**. Fed. R. Evid. 401, 402. Relevance.<br><br>This information was not known to Defendant Taylor Lapoint at the time of the shooting. Defendant Lapoint did not listen to the 911 call prior to the shooting. The only information Defendant Lapoint had prior to the shooting regarding the call was that a female caller had reported that a white male, wearing a white t-shirt and black pants, with a black backpack and armed with a handgun, had walked into her apartment. *See* DAUF #23; PUF #69-72.<br><br>Information unknown to an officer at the time of his use of force – or information acquired after the incident by investigators or during discovery – cannot be considered in evaluating a Fourth Amendment claim of excessive force. *Glenn v. Washington Cnty.*, 673 F.3d 864, 873 n.8 (9th Cir. 2011) ("We cannot consider evidence of which the officers were unaware—the prohibition against evaluating officers' actions 'within 20/20 vision of hindsight' cuts both ways."). |

| Defendants' Allegedly Undisputed Fact and Evidence | Plaintiff's Objection(s) |
|---|---|
|  | To the extent Defendants contend this is relevant to Plaintiff's credibility, credibility determinations by a judge are inappropriate at the summary judgment stage. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge..."); *Nelson v. City of Davis*, 517 F.3d 924, 928-29 (9th Cir. 2009). |
| 19.     Plaintiff intentionally disconnected the call at the demand of Resan Bingham.<br><br>**EVIDENCE**:<br>• **EXH 1,** *Plaintiff's Depo* at pg:ln 13:9-17 attached to *Cook Decl.* ¶1;<br>• **EXH. 4**, *RFA1* No. 15 and 16 at pg:ln 6:1-9 attached to Cook Decl. ¶4;<br>• **EXH 5,** *ROGS1* No. 2 at pg:ln 4:6- 5:16 attached to *Cook Decl.* ¶5;<br>• **EXH. 6,** First 911 call audio attached to *Cook Decl*. ¶6. | **Objection**. Vague and ambiguous as to "intentionally." Ms. Jones did not make the choice to disconnect the call.<br><br>**Objection**. Fed. R. Evid. 401, 402. Relevance.<br><br>This information was not known to Defendant Taylor Lapoint prior to the shooting. Defendant Taylor Lapoint did not know how the call was disconnected or why it was disconnected prior to the shooting. This information was not known to Defendant Taylor Lapoint at the time of the shooting. Defendant Lapoint did not listen to the 911 call prior to the shooting. The only information Defendant Lapoint had prior to the shooting regarding the call was that a female caller had reported that a white male, wearing a white t-shirt and black pants, with a black backpack and armed with a handgun, had walked into her apartment, and that |

| Defendants' Allegedly Undisputed Fact and Evidence | Plaintiff's Objection(s) |
|---|---|
| | dispatch was attempting to call the female caller back to get more information. *See* DAUF #23; PUF #69-72.<br><br>Information unknown to an officer at the time of his use of force – or information acquired after the incident by investigators or during discovery – cannot be considered in evaluating a Fourth Amendment claim of excessive force. *Glenn v. Washington Cnty.*, 673 F.3d 864, 873 n.8 (9th Cir. 2011) ("We cannot consider evidence of which the officers were unaware—the prohibition against evaluating officers' actions 'within 20/20 vision of hindsight' cuts both ways.").<br><br>To the extent Defendants contend this is relevant to Plaintiff's credibility, credibility determinations by a judge are inappropriate at the summary judgment stage. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge..."); *Nelson v. City of Davis*, 517 F.3d 924, 928-29 (9th Cir. 2009). |
| 20.    Shortly after Plaintiff disconnected the call, the Operator attempted to call Plaintiff back, but | **Objection**. Fed. R. Evid. 401, 402. Relevance.<br><br>This information was not known to Defendant Taylor Lapoint prior to the |

| Defendants' Allegedly Undisputed Fact and Evidence | Plaintiff's Objection(s) |
|---|---|
| Plaintiff did  not pick up under threat by Resan Bingham.<br><br>**EVIDENCE**:<br>• **EXH 1,** *Plaintiff's Depo* at pg:ln 13:8-14:1 attached to *Cook Decl.* ¶1. | shooting. Defendant Lapoint did not know why Plaintiff was not answering the operator's calls. The only information Defendant Lapoint had prior to the shooting regarding the call was that a female caller had reported that a white male, wearing a white t-shirt and black pants, with a black backpack and armed with a handgun, had walked into her apartment, and that dispatch was attempting to call the female caller back to get more information. *See* DAUF #23; PUF #69-72.<br><br>Information unknown to an officer at the time of his use of force – or information acquired after the incident by investigators or during discovery – cannot be considered in evaluating a Fourth Amendment claim of excessive force. *Glenn v. Washington Cnty.*, 673 F.3d 864, 873 n.8 (9th Cir. 2011) ("We cannot consider evidence of which the officers were unaware—the prohibition against evaluating officers' actions 'within 20/20 vision of hindsight' cuts both ways.").<br><br>To the extent Defendants contend this is relevant to Plaintiff's credibility, credibility determinations by a judge are inappropriate at the summary judgment stage. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from |

| Defendants' Allegedly Undisputed Fact and Evidence | Plaintiff's Objection(s) |
|---|---|
| | the facts are jury functions, not those of a judge..."); *Nelson v. City of Davis*, 517 F.3d 924, 928-29 (9th Cir. 2009). |
| 21.    RPD dispatched the call and marked it a high priority call.<br><br>**EVIDENCE**:<br>• **EXH 2,** January 6, 2023 *Deposition of Taylor Lapoint ("Lapoint Depo.")* at pg:ln 65:9- 66:6 attached to *Cook Decl.* ¶2; | |
| 22.    Defendant Taylor Lapoint ("Officer Lapoint") and Mike Smith ("Officer Smith") responded to the dispatch and arrived at Plaintiff's apartment complex within three minutes.<br><br>**EVIDENCE**:<br>• **EXH 1,** *Plaintiff's Depo* at pg:ln 88:25-89:19 attached to *Cook Decl.* ¶1.<br>• **EXH 2,** *Lapoint Depo.* at pg:ln 65:9-66:6 attached to *Cook Decl.* ¶2.<br>• **EXH 3,** January 6, 2023 *Deposition of Mike Smith ("Smith Depo.")* at pg:ln 20:6-21:2 attached to *Cook Decl.* ¶3;<br>• **EXH 7,** Officer Lapoint's body worn camera video footage attached to *Declaration of Taylor Lapoint ("Lapoint Decl.")* | <u>**Objection**</u>. Fed. R. Evid. 401, 402. Relevance.<br><br>The time Defendant Taylor Lapoint and Officer Mike Smith's arrival to Plaintiff's apartment complex is immaterial to the use of force inquiry. |

| Defendants' Allegedly Undisputed Fact and Evidence | Plaintiff's Objection(s) |
|---|---|
| ¶4;<br>• **EXH. 8,** Officer Smith's body worn camera video footage attached to *Declaration of Mike Smith* (*"Smith Decl."*) ¶4; | |
| 23.    The dispatch conveyed to the officers the following: "a subject with a gun, female caller, white male suspect wearing a white t- shirt, black pants, with a black backpack armed with a handgun had walked into her apartment."<br><br>**EVIDENCE**:<br>• **EXH 1,** *Plaintiff's Depo* at pg:ln 88:25-89:19 attached to *Cook Decl.* ¶1;<br>• **EXH 2,** *Lapoint Depo.* at pg:ln 65:9-66:6 attached to *Cook Decl.* ¶2;<br>• **EXH 3,** *Smith Depo.* at pg:ln 19:13-20:1 attached to *Cook Decl.* ¶3.<br>• **EXH. 6,** First 911 call audio attached to *Cook Decl.* ¶6. | |
| 24.    When Officer Lapoint received the dispatch, he assessed the risk level as very high because his previous experiences when males have been inside female's apartments, the outcome could be dire.<br><br>**EVIDENCE**: | **Objection**. Vague as to Officer Lapoint's "experience when males have been inside female's apartments" and "dire."<br><br>**Objection**. Fed. R. Evid. 401, 402. Relevance. |

| Defendants' Allegedly Undisputed Fact and Evidence | Plaintiff's Objection(s) |
|---|---|
| • **EXH 2,** *Officer LaPoint's Depo* at pg:ln 65:9-66:6 attached to *Cook Decl.* ¶2. | |
| 25.    Officer Lapoint previously encountered a female murdered by a male intruder and wanted to make sure Plaintiff was safe. Officer Lapoint assessed this fact as an elevated risk factor for danger.<br><br>**EVIDENCE**:<br>• **EXH 2,** *Officer LaPoint's Depo* at pg:ln 66:7-12 attached to *Cook Decl.* ¶2. | <u>**Objection**</u>. Vague as to Officer Lapoint's previous encounter of a female murdered by a male intruder.<br><br><u>**Objection**</u>. Fed. R. Evid. 401, 402. Relevance.<br><br>A prior unrelated incident that did not involve Plaintiff or the apartment complex in this incident has no bearing on the use of force analysis in this case.<br><br><u>**Objection**</u>. Compound. |
| 26.    Officers Lapoint and Smith received an update that Plaintiff's call disconnected and RPD Dispatch was attempting to call back. Officer Lapoint also assessed this fact as an elevated risk factor for danger.<br><br>**EVIDENCE**:<br>• **EXH 2,** *Lapoint Depo.* at pg:ln 66:7-12 attached to *Cook Decl.* ¶2;<br>• **EXH 3,** *Smith Depo.* at pg:ln 27:1- 12 attached to *Cook Decl.* ¶3. | <u>**Objection**</u>. Compound. |
| 27.    Officers Lapoint and Smith began their investigation to locate Plaintiff and her apartment residence. | |

| Defendants' Allegedly Undisputed Fact and Evidence | Plaintiff's Objection(s) |
|---|---|
| **EVIDENCE**:<br>• **EXH 2,** *Lapoint Depo.* at pg:ln 66:23-67:11 attached to *Cook Decl.* ¶2;<br>• **EXH 3,** *Smith Depo.* at pg:ln 27:1- 12 attached to *Cook Decl.* ¶3;<br>• **EXH 7,** Officer Lapoint's body worn camera video footage attached to *Lapoint Decl.* ¶4;<br>• **EXH. 8,** Officer Smith's body worn camera video footage attached to *Smith Decl.* ¶4. | |
| 28.     As Officers Lapoint and Smith swiftly made their way toward Plaintiff's apartment, they found a black backpack inside of a bush on the first floor outside Plaintiff's second floor apartment.<br><br>**EVIDENCE**:<br>• **EXH 1,** *Plaintiff's Depo* at pg:ln 92:9-13 attached to *Cook Decl.* ¶1;<br>• **EXH 2,** *Officer LaPoint's Depo* at pg:ln 15:19-16:19 attached to *Cook Decl.* ¶2;<br>• **EXH 3,** *Smith Depo.* at pg:ln 35:12-18 attached to *Cook Decl.* ¶3;<br>• **EXH 5,** *ROGS1* No. 2 at pg:ln 4:6- 5:16 attached to *Cook Decl.* ¶5;<br>• **EXH 7,** Officer Lapoint's | |

| Defendants' Allegedly Undisputed Fact and Evidence | Plaintiff's Objection(s) |
|---|---|
| body worn camera video footage attached to *Lapoint Decl.* ¶4;<br>• **EXH. 8,** Officer Smith's body worn camera video footage attached to *Smith Decl.* ¶4; | |
| 29.     Inside the black backpack was a gun. Officer Lapoint also assessed this fact as an elevated risk factor for danger.<br><br>**EVIDENCE**:<br>• **EXH 2,** *Officer LaPoint's Depo* at pg:ln 15:19-16:19 attached to *Cook Decl.* ¶2;<br>• **EXH 3,** *Smith Depo.* at pg:ln 25:4- 26:12 attached to *Cook Decl.* ¶3;<br>• **EXH 5,** *ROGS1* No. 2 at pg:ln 4:6- 5:16 attached to *Cook Decl.* ¶5;<br>• **EXH 7,** Officer Lapoint's body worn camera video footage attached to *Lapoint Decl.* ¶4;<br>• **EXH. 8,** Officer Smith's body worn camera video footage attached to *Smith Decl.* ¶4; | **Objection**. Compound.<br><br>**Objection**. Vague and ambiguous as to "danger." |
| 30.     After discovering the gun, Officer Lapoint assessed the risk level as further elevated because Plaintiff could have been already shot, | **Objection**. Vague as to "risk level." |

| Defendants' Allegedly Undisputed Fact and Evidence | Plaintiff's Objection(s) |
|---|---|
| potentially bleeding out, and the suspect ran off and dumped the gun.<br><br>**EVIDENCE**:<br>• **EXH 2,** *Officer LaPoint's Depo* at pg:ln 67:5-11 attached to *Cook Decl.* ¶2. | |
| 31.    Officer Lapoint told Officer Smith to grab the backpack and urgently find Plaintiff to assure she was safe.<br><br>**EVIDENCE**:<br>• **EXH 2,** *Officer LaPoint's Depo* at pg:ln 67:12-13 attached to *Cook Decl.* ¶2;<br>• **EXH 3,** *Smith Depo.* at pg:ln 25:4- 26:12 attached to *Cook Decl.* ¶3;<br>• **EXH 7,** Officer Lapoint's body worn camera video footage attached to *Lapoint Decl.* ¶4;<br>• **EXH. 8** Officer Smith's body worn camera video footage attached to *Smith Decl.* ¶4; | **Objection**. The evidence does not support the alleged fact. Neither Office Lapoint's deposition testimony nor the body worn camera videos of the officers support the allegation that Officer Lapoint told Officer Smith to "urgently" find Plaintiff. |
| 32.    As Officers Lapoint and Smith were urgently looking for Plaintiff's apartment, Officer Lapoint cleared the way from bystanders as he approached the unit.<br><br>**EVIDENCE**:<br>• **EXH 2,** *Officer LaPoint's Depo* at pg:ln 67:12-19 | **Objection**. The evidence does not support the alleged fact. Neither Office Lapoint's deposition testimony nor the body worn camera videos of the officers support the allegation that the officers were "urgently" looking for Plaintiff's apartment. |

| Defendants' Allegedly Undisputed Fact and Evidence | Plaintiff's Objection(s) |
|---|---|
| attached to *Cook Decl.* ¶2;<br>• **EXH 7,** Officer Lapoint's body worn camera video footage attached to *Lapoint Decl.* ¶4;<br>• **EXH. 8,** Officer Smith's body worn camera video footage attached to *Smith Decl.* ¶4. | |
| 33.    Plaintiff's apartment [214] residence is on the second floor of her building and at the end of a hallway.<br><br>**EVIDENCE**:<br>• **EXH 2,** *Officer LaPoint's Depo* at pg:ln 67:20-22 attached to *Cook Decl.* ¶2;<br>• **EXH 7,** Officer Lapoint's body worn camera video footage attached to *Lapoint Decl.* ¶4;<br>• **EXH. 8,** Officer Smith's body worn camera video footage attached to *Smith Decl.* ¶4; | |
| 34.    Officer Lapoint was in front of Officer Smith and made his way to Plaintiff's apartment quietly.<br><br>**EVIDENCE**:<br>• **EXH 2,** *Officer LaPoint's Depo* at pg:ln 67:20-24 attached to *Cook Decl.* ¶2;<br>• **EXH 7,** Officer Lapoint's body worn camera video footage attached to *Lapoint* | |

| Defendants' Allegedly Undisputed Fact and Evidence | Plaintiff's Objection(s) |
|---|---|
| *Decl.* ¶4;<br>• **EXH. 8,** Officer Smith's body worn camera video footage attached to *Smith Decl.* ¶4; | |
| 35.    Attempting to gather as much intelligence as possible, Officer Lapoint could not hear any screaming, yelling, or talking.<br><br>**EVIDENCE**:<br>• **EXH 2,** *Officer LaPoint's Depo* at pg:ln 67:21-68:4 attached to *Cook Decl.* ¶2;<br>• **EXH 3,** *Smith Depo.* at pg:ln 29:12-30:11 attached to *Cook Decl.* ¶3;<br>• **EXH 7,** Officer Lapoint's body worn camera video footage attached to *Lapoint Decl.* ¶4;<br>• **EXH. 8,** Officer Smith's body worn camera video footage attached to *Smith Decl.* ¶4; | |
| 36.    This fact raised concerns for Officer Lapoint because he did not know if the caller was dead or injured inside the apartment. Officer Lapoint assessed this fact as an elevated risk factor for danger.<br><br>**EVIDENCE**:<br>• **EXH 2,** *Officer LaPoint's Depo* at pg:ln 67:21-68:4 attached to *Cook Decl.* ¶2; | **Objection**. Compound.<br><br>**Objection**. Vague and ambiguous as to "danger." |

| Defendants' Allegedly Undisputed Fact and Evidence | Plaintiff's Objection(s) |
|---|---|
| • **EXH 3,** *Smith Depo.* at pg:ln 33:8- 34:21 attached to *Cook Decl.* ¶3. | |
| 37.    After not hearing anything, Officer Lapoint knocked on Plaintiff's apartment door, and announced his presence as the police for the first time commanded that the door be opened.<br><br>**EVIDENCE**:<br>• **EXH 1,** *Plaintiff's Depo* at pg:ln 21:9-18 attached to *Cook Decl.* ¶1;<br>• **EXH 2,** *Officer LaPoint's Depo* at pg:ln 26:15-21; 45:21-23; 68:11-15 attached to *Cook Decl.* ¶2;<br>• **EXH 3,** *Smith Depo.* at pg:ln 33:8- 34:21 attached to *Cook Decl.* ¶3.<br>• **EXH. 4,** *RFA1* No. 23 and 24 at pg:ln 8:1-12 attached to Cook Decl. ¶4;<br>• **EXH 5,** *ROGS1* No. 2 at pg:ln 4:6- 5:16 attached to *Cook Decl.* ¶5;<br>• **EXH 7,** Officer Lapoint's body worn camera video footage attached to *Lapoint Decl.* ¶4;<br>• **EXH. 8,** Officer Smith's body worn camera video footage attached to *Smith Decl.* ¶4;<br>• **EXH 9,** Critical Incident Video attached to | **Objection**. The cited evidence does not support the allegation that after the first knock, Officer Lapoint gave commands for the door to be opened.<br><br>**Objection**. Fed. R. Evid. 801, 802. Defendants' Exhibit 9, the Critical Incident Video contains hearsay to which no exception applies.<br><br>**Objection**. Fed. R. Evid. 1002. Defendants' Exhibit 9, the Critical Incident Video, is not the original recording of the incident and therefore, cannot be sued to prove its content. |

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' PROFFERED EVIDENCE

| Defendants' Allegedly Undisputed Fact and Evidence | Plaintiff's Objection(s) |
|---|---|
| *Declaration of Ryan Railsback ("Railsback Decl.") ¶3.* | |
| 38.    Officer Smith stood approximately four (4) to five (5) feet behind Officer Lapoint as backup and cover.<br><br>**EVIDENCE**:<br>• **EXH 2,** *Officer LaPoint's Depo* at pg:ln 28:21-29:9 attached to *Cook Decl.* ¶2;<br>• **EXH 3,** *Smith Depo.* at pg:ln 23:6- 17; 30:17-31:8 attached to *Cook Decl.* ¶3.<br>• **EXH 7,** Officer Lapoint's body worn camera video footage attached to *Lapoint Decl.* ¶4;<br>• **EXH. 8,** Officer Smith's body worn camera video footage attached to *Smith Decl.* ¶4;<br>• **EXH 9,** Critical Incident Video attached to *Railsback Decl.* ¶3. | **Objection**. Fed. R. Evid. 801, 802. Defendants' Exhibit 9, the Critical Incident Video contains hearsay to which no exception applies.<br><br>**Objection**. Fed. R. Evid. 1002. Defendants' Exhibit 9, the Critical Incident Video, is not the original recording of the incident and therefore, cannot be sued to prove its content. |
| 39.    Officer Lapoint placed himself in a point of concealment to the left of Plaintiff's apartment keeping the doorway clear.<br><br>**EVIDENCE**:<br>• **EXH 2,** *Officer LaPoint's Depo* at pg:ln 26:15-28:4; 68:11-15 attached to *Cook Decl.* ¶2; | **Objection**. Fed. R. Evid. 801, 802. Defendants' Exhibit 9, the Critical Incident Video contains hearsay to which no exception applies.<br><br>**Objection**. Fed. R. Evid. 1002. Defendants' Exhibit 9, the Critical Incident Video, is not the original |

| Defendants' Allegedly Undisputed Fact and Evidence | Plaintiff's Objection(s) |
|---|---|
| • **EXH 7,** Officer Lapoint's body worn camera video footage attached to *Lapoint Decl.* ¶4; <br> • **EXH. 8,** Officer Smith's body worn camera video footage attached to *Smith Decl.* ¶4; <br> • **EXH 9,** Critical Incident Video attached to *Railsback Decl.* ¶3. | recording of the incident and therefore, cannot be sued to prove its content. |
| 40.    From the point of concealment, Officer Lapoint heard what he believed to be a struggle coming from inside the apartment. <br><br> **EVIDENCE**: <br> • **EXH 2,** *Officer LaPoint's Depo* at pg:ln 26:15-28:4; 68:11-15 attached to *Cook Decl.* ¶2. <br> • **EXH 3,** *Smith Depo.* at pg:ln 29:12-30:11 attached to *Cook Decl.* ¶3. | |
| 41.    From Officer Lapoint's perspective, the struggle sounded violent like someone was being held against their will, potentially making a last dash to the door and rolling around on the ground. Officer Lapoint assessed this fact as an elevated risk factor for danger. <br><br> **EVIDENCE**: <br> • **EXH 2,** *Officer LaPoint's Depo* at pg:ln 26:15-28:4; | **Objection**. Vague and ambiguous as to "danger." |

| Defendants' Allegedly Undisputed Fact and Evidence | Plaintiff's Objection(s) |
|---|---|
| 68:11-15 attached to *Cook Decl.* ¶2. | |
| 42.    Plaintiff did not answer the door in response to Officer Lapoint's commands because she was being restricted and held down by Resan Bingham's bodyweight.<br><br>**EVIDENCE**:<br>• **EXH 1,** *Plaintiff's Depo* at pg:ln 23:23-24:11 attached to *Cook Decl.* ¶1.<br>• **EXH. 4**, *RFA1* No. 28 at pg:ln 9:22-26 attached to Cook Decl. ¶4;<br>• **EXH 5,** *ROGS1* No. 2 at pg:ln 4:6- 5:16 attached to *Cook Decl.* ¶5; | **Objection**. Vague as to time.<br><br>**Objection**. Fed. R. Evid. 401, 402. Relevance.<br><br>This information was not known to Defendant Taylor Lapoint at the time of the shooting.<br><br>Information unknown to an officer at the time of his use of force – or information acquired after the incident by investigators or during discovery – cannot be considered in evaluating a Fourth Amendment claim of excessive force. *Glenn v. Washington Cnty.*, 673 F.3d 864, 873 n.8 (9th Cir. 2011) ("We cannot consider evidence of which the officers were unaware—the prohibition against evaluating officers' actions 'within 20/20 vision of hindsight' cuts both ways.").<br><br>To the extent Defendants contend this is relevant to Plaintiff's credibility, credibility determinations by a judge are inappropriate at the summary judgment stage. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of |

| Defendants' Allegedly Undisputed Fact and Evidence | Plaintiff's Objection(s) |
|---|---|
| | a judge..."); *Nelson v. City of Davis*, 517 F.3d 924, 928-29 (9th Cir. 2009). |
| 43.      Hearing what he thought was a violent struggle, Officer Lapoint believed there was still a legitimate threat inside the apartment and that the life of the female caller inside the apartment was in jeopardy.<br><br>**EVIDENCE**:<br>• **EXH 2,** *Officer LaPoint's Depo* at pg:ln 26:15-28:4; 68:21-23 attached to *Cook Decl.* ¶2. | |
| 44.      Instead of responding to Officer Lapoint's commands, Plaintiff made a second 9-1-1 call (Second 911 Call) to cancel the emergency police response.<br><br>**EVIDENCE**:<br>• **EXH 1,** *Plaintiff's Depo* at pg:ln 109:5-110:8 attached to *Cook Decl.* ¶1;<br>• **EXH 5,** *ROGS1* No. 2 at pg:ln 4:6- 5:16 attached to *Cook Decl.* ¶5;<br>• **EXH. 10,** Second 911 call audio attached to *Cook Decl.* ¶10. | **Objection**. Vague as to "responding."<br><br>**Objection**. Fed. R. Evid. 401, 402. Relevance.<br><br>This information was not known to Defendant Taylor Lapoint at the time of the shooting. Defendant Lapoint did not listen to the second 911 call prior to the shooting. *See* City's Allegedly Undisputed Fact # 29.<br><br>Information unknown to an officer at the time of his use of force – or information acquired after the incident by investigators or during discovery – cannot be considered in evaluating a Fourth Amendment claim of excessive force. *Glenn v. Washington Cnty.*, 673 F.3d 864, 873 n.8 (9th Cir. 2011) ("We cannot consider evidence of which the officers were unaware—the prohibition |

| Defendants' Allegedly Undisputed Fact and Evidence | Plaintiff's Objection(s) |
|---|---|
| | against evaluating officers' actions 'within 20/20 vision of hindsight' cuts both ways."). |
| | To the extent Defendants contend this is relevant to Plaintiff's credibility, credibility determinations by a judge are inappropriate at the summary judgment stage. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge..."); *Nelson v. City of Davis*, 517 F.3d 924, 928-29 (9th Cir. 2009). |
| 45.     In the Second 911 Call, Plaintiff told the Operator "I made a report, and the person [Resan Bingham] isn't here anymore." <br><br> **EVIDENCE**: <br> • **EXH 1,** *Plaintiff's Depo* at pg:ln 72:13-76:25 attached to *Cook Decl.* ¶1; <br> • **EXH. 10,** Second 911 call audio attached to *Cook Decl.* ¶10. | **Objection**. Fed. R. Evid. 401, 402. Relevance. <br><br> This information was not known to Defendant Taylor Lapoint at the time of the shooting. Defendant Lapoint did not listen to the second 911 call prior to the shooting. *See* City's Allegedly Undisputed Fact # 29. <br><br> Information unknown to an officer at the time of his use of force – or information acquired after the incident by investigators or during discovery – cannot be considered in evaluating a Fourth Amendment claim of excessive force. *Glenn v. Washington Cnty.*, 673 F.3d 864, 873 n.8 (9th Cir. 2011) ("We cannot consider evidence of which the officers were unaware—the prohibition |

| Defendants' Allegedly Undisputed Fact and Evidence | Plaintiff's Objection(s) |
|---|---|
| | against evaluating officers' actions 'within 20/20 vision of hindsight' cuts both ways."). |
| | To the extent Defendants contend this is relevant to Plaintiff's credibility, credibility determinations by a judge are inappropriate at the summary judgment stage. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge..."); *Nelson v. City of Davis*, 517 F.3d 924, 928-29 (9th Cir. 2009). |
| 46.     Plaintiff lied to the Operator when she told her that Resan Bingham was no longer in her home.<br><br>**EVIDENCE**:<br>• **EXH 1,** *Plaintiff's Depo* at pg:ln 72:13-76:25 attached to *Cook Decl.* ¶1;<br>• **EXH. 4**, *RFA1* No. 12 at pg:ln 5:13-17 attached to Cook Decl. ¶4. | **Objection**. Fed. R. Evid. 401, 402. Relevance.<br><br>This information was not known to Defendant Taylor Lapoint at the time of the shooting. Defendant Lapoint did not listen to the second 911 call prior to the shooting. *See* City's Allegedly Undisputed Fact # 29.<br><br>Information unknown to an officer at the time of his use of force – or information acquired after the incident by investigators or during discovery – cannot be considered in evaluating a Fourth Amendment claim of excessive force. *Glenn v. Washington Cnty.*, 673 F.3d 864, 873 n.8 (9th Cir. 2011) ("We cannot consider evidence of which the officers were unaware—the prohibition |

| Defendants' Allegedly Undisputed Fact and Evidence | Plaintiff's Objection(s) |
|---|---|
| | against evaluating officers' actions 'within 20/20 vision of hindsight' cuts both ways."). |
| | To the extent Defendants contend this is relevant to Plaintiff's credibility, credibility determinations by a judge are inappropriate at the summary judgment stage. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge..."); *Nelson v. City of Davis*, 517 F.3d 924, 928-29 (9th Cir. 2009). |
| 47.      Even though Plaintiff told the Operator that Resan Bingham was no longer in her home, Plaintiff still wanted the Police to arrive and help her.<br><br>**EVIDENCE**:<br>• **EXH 1,** *Plaintiff's Depo* at pg:ln 72:13-76:25 attached to *Cook Decl.* ¶1. | **Objection**. Fed. R. Evid. 401, 402. Relevance.<br><br>This information was not known to Defendant Taylor Lapoint at the time of the shooting.<br><br>Information unknown to an officer at the time of his use of force – or information acquired after the incident by investigators or during discovery – cannot be considered in evaluating a Fourth Amendment claim of excessive force. *Glenn v. Washington Cnty.*, 673 F.3d 864, 873 n.8 (9th Cir. 2011) ("We cannot consider evidence of which the officers were unaware—the prohibition against evaluating officers' actions 'within 20/20 vision of hindsight' cuts both ways"). |

| Defendants' Allegedly Undisputed Fact and Evidence | Plaintiff's Objection(s) |
|---|---|
| | To the extent Defendants contend this is relevant to Plaintiff's credibility, credibility determinations by a judge are inappropriate at the summary judgment stage. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge..."); *Nelson v. City of Davis*, 517 F.3d 924, 928-29 (9th Cir. 2009). |
| 48.    The Second 911 Call audio depicts both Plaintiff and Resan Bingham scuffling.<br><br>**EVIDENCE**:<br>• **EXH 1,** *Plaintiff's Depo* at pg:ln 72:13-76:25 attached to *Cook Decl.* ¶1;<br>• **EXH. 10,** Second 911 call audio attached to *Cook Decl.* ¶10. | **Objection.** Vague as to "scuffling." |
| 49.    Plaintiff admitted that the scuffle depicted in the Second 911 Call audio was Resan Bingham threatening Plaintiff.<br><br>**EVIDENCE**:<br>• **EXH 1,** *Plaintiff's Depo* at pg:ln 72:13-76:25 attached to *Cook Decl.* ¶1;<br>• **EXH. 10,** Second 911 call audio attached to *Cook Decl.* ¶10. | **Objection.** Vague as to "scuffle" and "threatening." |

| Defendants' Allegedly Undisputed Fact and Evidence | Plaintiff's Objection(s) |
|---|---|
| 50.     Based on the totality of the circumstances and increasing levels of risk for danger, Officer Lapoint announced he wanted to kick in the door.<br><br>**EVIDENCE**:<br>• **EXH 2,** *Officer LaPoint's Depo* at pg:ln 26:15-27:13 attached to *Cook Decl.* ¶2;<br>• **EXH 3,** *Smith Depo.* at pg:ln 33:8- 34:21 attached to *Cook Decl.* ¶3;<br>• **EXH 7,** Officer Lapoint's body worn camera video footage attached to *Lapoint Decl.* ¶4;<br>• **EXH. 8,** Officer Smith's body worn camera video footage attached to *Smith Decl.* ¶4;<br>• **EXH 9,** Critical Incident Video attached to *Railsback Decl.* ¶3. | **Objection**. Vague as to time.<br><br>**Objection**. Vague as to "announced."<br><br>**Objection**. The cited evidence does not support the alleged fact. Officer Lapoint did not make an announcement to the occupants inside the apartment that he wanted to kick in the door after the first knock. After the first knock, Officer Lapoint told Officer Smith that he wanted "boot this door."<br><br>Lapoint BWC at 2:06-2:48.<br><br>**Objection**. Fed. R. Evid. 801, 802. Defendants' Exhibit 9, the Critical Incident Video contains hearsay to which no exception applies.<br><br>**Objection**. Fed. R. Evid. 1002. Defendants' Exhibit 9, the Critical Incident Video, is not the original recording of the incident and therefore, cannot be sued to prove its content. |
| 51.     Officer Lapoint gave a second verbal warning that he was going to kick down the door.<br><br>**EVIDENCE**:<br>• **EXH 2,** *Officer LaPoint's Depo* at pg:ln 63:21-64:13 attached to *Cook Decl.* ¶2;<br>• **EXH 3,** *Smith Depo.* at pg:ln 33:8- 34:21 attached to *Cook* | **Objection**. The cited evidence does not support the alleged fact. Officer Lapoint did not give two warnings to the occupants of the apartment that he was going to kick down the door. Officer Lapoint only gave one warning to the occupants of the apartment that he was going to kick down the door before kicking the door in. |

| Defendants' Allegedly Undisputed Fact and Evidence | Plaintiff's Objection(s) |
|---|---|
| *Decl.* ¶3;<br>• **EXH. 4,** *RFA1* No. 25 at pg:ln 8:13-23 attached to Cook Decl. ¶4;<br>• **EXH 5,** *ROGS1* No. 2 at pg:ln 4:6-5:16 attached to *Cook Decl.* ¶5;<br>• **EXH 7,** Officer Lapoint's body worn camera video footage attached to *Lapoint Decl.* ¶4;<br>• **EXH. 8,** Officer Smith's body worn camera video footage attached to *Smith Decl.* ¶4;<br>• **EXH 9,** Critical Incident Video attached to *Railsback Decl.* ¶3. | Ex. 2 to Cook Decl., Lapoint Dep. 63:21-64:13; Ex. 3 to Cook Decl., Smith Dep. 33:8-34:21; Ex. 7 to Cook Decl., Lapoint BWC at 2:06-3:05.<br><br>**Objection**. Fed. R. Evid. 801, 802. Defendants' Exhibit 9, the Critical Incident Video contains hearsay to which no exception applies.<br><br>**Objection**. Fed. R. Evid. 1002. Defendants' Exhibit 9, the Critical Incident Video, is not the original recording of the incident and therefore, cannot be sued to prove its content. |
| 52.     Officer Lapoint did not hear anyone call out, scream, or yell. At no point did anyone inside the apartment respond to Officer LaPoint's commands to open the door. Officer Lapoint could only hear the violent struggle.<br><br>**EVIDENCE**:<br>• **EXH 2,** *Officer LaPoint's Depo* at pg:ln 63:21-64:21; 68:23-69:3 attached to *Cook Decl.* ¶2.<br>• **EXH 3,** *Smith Depo.* at pg:ln 33:8- 34:21 attached to *Cook Decl.* ¶3; |  |

| Defendants' Allegedly Undisputed Fact and Evidence | Plaintiff's Objection(s) |
|---|---|
| 53.    Officer Lapoint gave a third warning by banging on the door, announcing police, and warning that he would kick the door open.<br><br>**EVIDENCE**:<br>• **EXH 2,** *Officer LaPoint's Depo* at pg:ln 26:15-27:13 attached to *Cook Decl.* ¶2;<br>• **EXH 3,** *Smith Depo.* at pg:ln 33:8- 34:21 attached to *Cook Decl.* ¶3;<br>• **EXH. 4,** *RFA1* No. 26 at pg:ln 8:24-9:8 attached to Cook Decl. ¶4;<br>• **EXH 5,** *ROGS1* No. 2 at pg:ln 4:6- 5:16 attached to *Cook Decl.* ¶5;<br>• **EXH 7,** Officer Lapoint's body worn camera video footage attached to *Lapoint Decl.* ¶4;<br>• **EXH. 8,** Officer Smith's body worn camera video footage attached to *Smith Decl.* ¶4;<br>• **EXH 9,** Critical Incident Video attached to *Railsback Decl.* ¶3. | **Objection**. Vague as to "gave a third warning."<br><br>**Objection**. The cited evidence does not support the alleged fact.<br><br>**Objection**. Fed. R. Evid. 801, 802. Defendants' Exhibit 9, the Critical Incident Video contains hearsay to which no exception applies.<br><br>**Objection**. Fed. R. Evid. 1002. Defendants' Exhibit 9, the Critical Incident Video, is not the original recording of the incident and therefore, cannot be sued to prove its content. |
| 54.    Officer Lapoint planned that once he breached the door he would position himself back to his point of concealment and reassess his surroundings.<br><br>**EVIDENCE**: | **Objection**. Fed. R. Evid. 401, 402. Relevance. |

Case No. 5:22-cv-01764-SSS-SP

| Defendants' Allegedly Undisputed Fact and Evidence | Plaintiff's Objection(s) |
|---|---|
| • **EXH 2,** *Officer LaPoint's Depo* at pg:ln 36:17-37:8 attached to *Cook Decl.* ¶2. | |
| 55.    Officer Lapoint was concerned that he would confront an armed or violent subject on the other side of the door.<br><br>**EVIDENCE**:<br>• **EXH 2,** *Officer LaPoint's Depo* at pg:ln 36:17-37:8; 47:5-21  attached to *Cook Decl.* ¶2. | **Objection**. Fed. R. Evid. 401, 402. Relevance.<br><br>An officer's subjective fear is not relevant to the reasonableness of the use of force analysis. Claims under the Fourth Amendment for excessive force are evaluated under the "objective reasonableness" standard. *See Graham v. Connor*, 490 U.S. 386, 388 (1989). |
| 56.    Sometime after third knock and the announcement, "Ma'am please come to the door, I'm gonna kick it down," Mr. Bingham released Plaintiff and allowed Plaintiff to get up from the couch and make her way to the front door.<br><br>**EVIDENCE**:<br>• **EXH 1,** *Plaintiff's Depo* at pg:ln 37:12-19 attached to *Cook Decl.* ¶1;<br>• **EXH 5,** *ROGS1* No. 2 at pg:ln 4:6- 5:16 attached to *Cook Decl.* ¶5; | **Objection**. Fed. R. Evid. 401, 402. Relevance.<br><br>The information that Mr. Bingham was holding Ms. Jones down and then released her and allowed her to go answer the door was not known to Officer Lapoint at the time of the shooting.<br><br>Information unknown to an officer at the time of his use of force – or information acquired after the incident by investigators or during discovery – cannot be considered in evaluating a Fourth Amendment claim of excessive force. *Glenn v. Washington Cnty.*, 673 F.3d 864, 873 n.8 (9th Cir. 2011) ("We cannot consider evidence of which the officers were unaware—the prohibition against evaluating officers' actions |

| Defendants' Allegedly Undisputed Fact and Evidence | Plaintiff's Objection(s) |
|---|---|
| | 'within 20/20 vision of hindsight' cuts both ways."). |
| 57.    During Plaintiff's Second 911 Call, after a minute of warnings, Officer Lapoint kicked open the door and the door propped open about a quarter of the way.<br><br>**EVIDENCE**:<br>• **EXH 2,** *Officer LaPoint's Depo* at pg:ln 51:23-52-6 attached to *Cook Decl.* ¶2;<br>• **EXH 7,** Officer Lapoint's body worn camera video footage attached to *Lapoint Decl.* ¶4;<br>• **EXH. 8,** Officer Smith's body worn camera video footage attached to *Smith Decl.* ¶4;<br>• **EXH 9,** Critical Incident Video attached to *Railsback Decl.* ¶3. | **Objection**. Fed. R. Evid. 401, 402. Relevance.<br><br>This information was not known to Defendant Taylor Lapoint at the time of the shooting. Defendant Lapoint did not listen to the second 911 call prior to the shooting. *See* City's Allegedly Undisputed Fact # 29.<br><br>Information unknown to an officer at the time of his use of force – or information acquired after the incident by investigators or during discovery – cannot be considered in evaluating a Fourth Amendment claim of excessive force. *Glenn v. Washington Cnty.*, 673 F.3d 864, 873 n.8 (9th Cir. 2011) ("We cannot consider evidence of which the officers were unaware—the prohibition against evaluating officers' actions 'within 20/20 vision of hindsight' cuts both ways.").<br><br>**Objection**. Fed. R. Evid. 801, 802. Defendants' Exhibit 9, the Critical Incident Video contains hearsay to which no exception applies.<br><br>**Objection**. Fed. R. Evid. 1002. Defendants' Exhibit 9, the Critical Incident Video, is not the original |

| Defendants' Allegedly Undisputed Fact and Evidence | Plaintiff's Objection(s) |
|---|---|
| | recording of the incident and therefore, cannot be sued to prove its content. |
| 58.    As Plaintiff was walking to the door, the Operator on the Second 911 Call asked Plaintiff, "Where did the person go."<br><br>**EVIDENCE**:<br>• **EXH 1,** *Plaintiff's Depo* at pg:ln 72:13-76:25 attached to *Cook Decl.* ¶1;<br>• **EXH. 10,** Second 911 call audio attached to *Cook Decl*. ¶10. | **Objection**. Fed. R. Evid. 401, 402. Relevance.<br><br>This information was not known to Defendant Taylor Lapoint at the time of the shooting. Defendant Lapoint did not listen to the second 911 call prior to the shooting. *See* City's Allegedly Undisputed Fact # 29.<br><br>Information unknown to an officer at the time of his use of force – or information acquired after the incident by investigators or during discovery – cannot be considered in evaluating a Fourth Amendment claim of excessive force. *Glenn v. Washington Cnty.*, 673 F.3d 864, 873 n.8 (9th Cir. 2011) ("We cannot consider evidence of which the officers were unaware—the prohibition against evaluating officers' actions 'within 20/20 vision of hindsight' cuts both ways."). |
| 59.    Immediately after the Operator asked Plaintiff, "Where did the person go," Plaintiff said, "He shot me."<br><br>**EVIDENCE**:<br>• **EXH 1,** *Plaintiff's Depo* at pg:ln 72:13-76:25 attached to *Cook Decl.* ¶1;<br>• **EXH. 10,** Second 911 call audio | **Objection**. Fed. R. Evid. 401, 402. Relevance.<br><br>This information was not known to Defendant Taylor Lapoint at the time of the shooting. Defendant Lapoint did not listen to the second 911 call prior to the shooting. *See* City's Allegedly Undisputed Fact # 29. |

| Defendants' Allegedly Undisputed Fact and Evidence | Plaintiff's Objection(s) |
|---|---|
| attached to *Cook Decl.* ¶10. | Information unknown to an officer at the time of his use of force – or information acquired after the incident by investigators or during discovery – cannot be considered in evaluating a Fourth Amendment claim of excessive force. *Glenn v. Washington Cnty.*, 673 F.3d 864, 873 n.8 (9th Cir. 2011) ("We cannot consider evidence of which the officers were unaware—the prohibition against evaluating officers' actions 'within 20/20 vision of hindsight' cuts both ways."). |
| 60.     In that quarter opening of the door, immediately after Officer Lapoint kicked the door open, it appeared to him that an unknown person was unexpectedly standing approximately two (2) to three (3) feet in front of him inside of the doorway with their arms outstretched in a shooting stance and he was unexpectedly startled.<br><br>**EVIDENCE**:<br> • **EXH 2,** *Officer LaPoint's Depo* at pg:ln 32:15-33:1; 35:25-36:3; 36:17-37:8; attached to *Cook Decl.* ¶2;<br> • **EXH 7,** Officer Lapoint's body worn camera video footage attached to *Lapoint Decl.* ¶4;<br> • **EXH. 8,** Officer Smith's body worn camera video footage attached to *Smith* | **Objection**. Fed. R. Evid. 801, 802. Defendants' Exhibit 9, the Critical Incident Video, is hearsay to which no exception applies.<br><br>**Objection**. Fed. R. Evid. 1002. Defendants' Exhibit 9, the Critical Incident Video, is not the original recording of the incident and therefore, cannot be sued to prove its content. |

| Defendants' Allegedly Undisputed Fact and Evidence | Plaintiff's Objection(s) |
|---|---|
| *Decl.* ¶4;<br>• **EXH 9,** Critical Incident Video attached to *Railsback Decl.* ¶3. | |
| 61.    There was some light in the hallway directly over Officer Lapoint standing outside the apartment. It was dark inside the apartment.<br><br>**EVIDENCE**:<br>• **EXH 2,** *Officer LaPoint's Depo* at pg:ln 32:15-33:1; 35:15-17 attached to *Cook Decl.* ¶2;<br>• **EXH 3,** *Smith Depo.* at pg:ln 30:17-31:8 attached to *Cook Decl.* ¶3;<br>• **EXH 7,** Officer Lapoint's body worn camera video footage attached to *Lapoint Decl.* ¶4;<br>• **EXH. 8,** Officer Smith's body worn camera video footage attached to *Smith Decl.* ¶4;<br>• **EXH 9,** Critical Incident Video attached to *Railsback Decl.* ¶3. | **Objection**. Fed. R. Evid. 801, 802. Defendants' Exhibit 9, the Critical Incident Video, is hearsay to which no exception applies.<br><br>**Objection**. Fed. R. Evid. 1002. Defendants' Exhibit 9, the Critical Incident Video, is not the original recording of the incident and therefore, cannot be sued to prove its content. |
| 62.    Officer Lapoint could not see the full body of the unknown person on the other side of the door and could not determine the unknown person's race or gender.<br><br>**EVIDENCE**: | |

| Defendants' Allegedly Undisputed Fact and Evidence | Plaintiff's Objection(s) |
|---|---|
| • **EXH 2,** *Officer LaPoint's Depo* at pg:ln 52:7-18; attached to *Cook Decl.* ¶2. | |
| 63.      Officer Lapoint observed  what appeared to be an unknown person with their two (2) forearms outstretched towards him. Officer Lapoint was startled and he fired his duty weapon within a second of kicking in the door.<br><br>**EVIDENCE**:<br>• **EXH 2,** *Officer LaPoint's Depo* at pg:ln 69:15-22; attached to *Cook Decl.* ¶2;<br>• **EXH 7,** Officer Lapoint's body worn camera video footage attached to *Lapoint Decl.* ¶4;<br>• **EXH. 8,** Officer Smith's body worn camera video footage attached to *Smith Decl.* ¶4; | <u>**Objection**</u>. Compound. |
| 64.      Officers then immediately offered medical assistance to Plaintiff.<br><br>**EVIDENCE**:<br>• **EXH 2,** *Officer LaPoint's Depo* at pg:ln 57:20-24 attached to *Cook Decl.* ¶2;<br>• **EXH 3,** *Smith Depo.* at pg:ln 51:10-52:11 attached to *Cook Decl.* ¶3;<br>• **EXH 7,** Officer Lapoint's body worn camera video footage attached to *Lapoint* | <u>**Objection**</u>. Fed. R. Evid. 801, 802. Defendants' Exhibit 9, the Critical Incident Video, is hearsay to which no exception applies.<br><br><u>**Objection**</u>. Fed. R. Evid. 1002. Defendants' Exhibit 9, the Critical Incident Video, is not the original recording of the incident and therefore, cannot be sued to prove its content. |

| Defendants' Allegedly Undisputed Fact and Evidence | Plaintiff's Objection(s) |
|---|---|
| *Decl.* ¶4;<br>• **EXH. 8,** Officer Smith's body worn camera video footage attached to *Smith Decl.* ¶4;<br>• **EXH 9,** Critical Incident Video attached to *Railsback Decl.* ¶3. | |
| 65.    At no time did Officer Lapoint threaten Plaintiff in any way.<br><br>EVIDENCE:<br>• **EXH 1,** *Plaintiff's Depo* at pg:ln 124:8-125:3 attached to *Cook Decl.* ¶1.<br>• **EXH 5,** *ROGS1* No. 2 at pg:ln 8:23-10:6 attached to *Cook Decl.* ¶5. | <u>**Objection**</u>. Vague as to "threaten." |
| 66.    At no time did Officer Lapoint intimidate Plaintiff in any way.<br><br>EVIDENCE:<br>• **EXH 1,** *Plaintiff's Depo* at pg:ln 124:8-125:3 attached to *Cook Decl.* ¶1.<br>• **EXH 5,** *ROGS1* No. 2 at pg:ln 8:23-10:6 attached to *Cook Decl.* ¶5. | <u>**Objection**</u>. Vague as to "intimidate." |
| 67.    At no time did Officer Lapoint coerce Plaintiff in any way.<br><br>EVIDENCE:<br>• **EXH 1,** *Plaintiff's Depo* at pg:ln 124:8-125:3 attached to *Cook Decl.* ¶1. | <u>**Objection**</u>. Vague as to "coerce." |

| Defendants' Allegedly Undisputed Fact and Evidence | Plaintiff's Objection(s) |
|---|---|
| • **EXH 5,** *ROGS1* No. 2 at pg:ln 8:23-10:6 attached to *Cook Decl.* ¶5. | |
| 68.    At no time did Officer Lapoint treat Plaintiff inappropriately because of her racial status.<br><br>**EVIDENCE**:<br>• **EXH 1,** *Plaintiff's Depo* at pg:ln 124:8-125:3 attached to *Cook Decl.* ¶1.<br>• **EXH 5,** *ROGS1* No. 2 at pg:ln 8:23-10:6 attached to *Cook Decl.* ¶5. | <u>**Objection**</u>. Fed. R. Evid. 401, 402. Relevance.<br><br>This fact is not relevant to any of the claims Defendants are moving on. |